1
2
3
4

**ROSMAN & GERMAIN LLP**
DANIEL L. GERMAIN (Cal. Bar #143334)
  germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

5

*Proposed Liaison Counsel for the Class*

6
7
8
9
10
11
12
13

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
  namjed@ktmc.com
RYAN T. DEGNAN
  rdegnan@ktmc.com
MELISSA L. TROUTNER
  mtroutner@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Tom DiBiase and
Proposed Lead Counsel for the Class*

14
15

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

16
17
18
19
20
21
22
23
24
25
26
27

| | |
|---|---|
| JAMES ERICKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SNAP INC., EVAN SPIEGEL, and ANDREW VOLLERO,<br><br>                    Defendants. | No. 2:17-cv-03679-SVW-AGR<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          August 14, 2017<br>Time:          1:30 p.m.<br>Courtroom:  10A<br>Judge:        Hon. Stephen V. Wilson<br><br>ORAL ARGUMENT REQUESTED |

28

NOTICE OF MOTION AND MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-cv-03679, *ET AL*.

| | |
|---|---|
| SHINU GUPTA, Individually and on behalf of all others similarly situated, | No. 2:17-cv-05054-MWF-AS |
| Plaintiff, | |
| v. | |
| SNAP INC., EVAN SPIEGEL, ANDREW VOLLERO, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS, & CO., J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, BTIG, LLC, C.L. KING & ASSOCIATES, INC., CITIGROUP GLOBAL MARKETS INC., CONNAUGHT (UK) LIMITED, COWEN AND COMPANY, LLC, EVERCORE GROUP, LLC, JEFFERIES LLC, JMP SECURITIES LLC, LIONTREE ADVISORS LLC, LUMA SECURITIES LLC, MISCHLER FINANCIAL GROUP, INC., OPPENHEIMER & CO., INC., RBC CAPITAL MARKETS, LLC, SAMUEL A. RAMIREZ & CO., INC., STIFEL FINANCIAL CORP., SUNTRUST ROBINSON HUMPHREY, INC., THE WILLIAMS CAPITAL GROUP, L.P., UBS SECURITIES LLC, and WILLIAM BLAIR & COMPANY, L.L.C., | |
| Defendants. | |

1

## **TABLE OF CONTENTS**

2   NOTICE OF MOTION AND MOTION ........................................................................ 1

3   MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

4      I.    PRELIMINARY STATEMENT .......................................................... 2

5      II.   FACTUAL BACKGROUND ............................................................... 4

6      III.  ARGUMENT ........................................................................................ 6

7          A.   The Related Actions Should Be Consolidated ............................. 6

8          B.   Mr. DiBiase Is the Most Adequate Plaintiff ............................... 7

9              1.   Mr. DiBiase's Motion Is Timely ...................................... 8

10             2.   Mr. DiBiase Has the Largest Financial Interest

11                 in the Relief Sought by the Class ....................................... 9

12             3.   Mr. DiBiase Satisfies the Relevant

13                 Requirements of Rule 23 ................................................... 9

14                 a.   Mr. DiBiase Is Typical .......................................... 10

15                 b.   Mr. DiBiase Is Adequate ....................................... 10

16         C.   Mr. DiBiase's Selection of Counsel Should Be

17             Approved .......................................................................... 11

18     IV.  CONCLUSION .................................................................................. 13

19

20

21

22

23

24

25

26

27

28

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Andrade v. American Apparel, Inc.*,
    No. 10-06352 MMM (PJWx),

5

    2011 WL 13130706 (C.D. Cal. Mar. 15, 2015) ......................................6, 8, 9, 10

6

*Bhojwani v. Pistiolis*,
    No. 06 Civ. 13761(CM) (KNF),

7

    2007 WL 2197836 (S.D.N.Y. June 26, 2007) ....................................................2, 6

8

9

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002)...................................................................*passim*

10

11

*In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ...............................................................................11

12

13

**Statutes**

14

15 U.S.C. § 78u-4(a) ..................................................................................*passim*

15

**Other Authorities**

16

Fed. R. Civ. P. 23 ...............................................................................1, 3, 9-10

17

Fed. R. Civ. P. 42(a) ....................................................................................3, 6

18

19

20

21

22

23

24

25

26

27

28

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-cv-03679, *ET AL.*

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on or about August 14, 2017, at 1:30 p.m., before the Honorable Stephen V. Wilson, at the United States District Court for the Central District of California, located at Courtroom 10A of the First Street Courthouse, 350 W. 1st Street, Los Angeles, California, Lead Plaintiff movant Tom DiBiase ("Mr. DiBiase") will respectfully move this Court for entry of an Order, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating the above-captioned related actions; (2) appointing Mr. DiBiase as Lead Plaintiff; (3) approving Mr. DiBiase's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the class and Rosman & Germain LLP ("Rosman & Germain") to serve as Liaison Counsel for the class; and (4) granting any such further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Mr. DiBiase timely filed this Motion and is the "most adequate plaintiff" under the PSLRA. Specifically, Mr. DiBiase believes that he has the "largest financial interest" in the relief sought by the class in this litigation and also satisfies the applicable requirements of Federal Rule of Civil

---

[1]    This Motion has been filed pursuant to Section 27(a)(3)(B) of the Securities Act, and Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA. Section 27(a)(3)(B) and Section 21D(a)(3)(B) provide that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not that proposed class member has previously filed a complaint in the underlying action. Consequently, counsel for Mr. DiBiase cannot determine who the competing lead plaintiff candidates are at this time. As a result, counsel for Mr. DiBiase has been unable to confer with opposing counsel as prescribed in Local Rule 7-3, and respectfully requests that the conference requirement of Local Rule 7-3 be waived for this Motion.

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

1

Procedure 23 because his claims are typical of other class members' claims and because he will fairly and adequately represent the interests of the class.

The Motion is made based upon the attached Memorandum of Points and Authorities in Support Thereof, the Declaration of Daniel L. Germain (the "Germain Decl.") filed concurrently herewith, the pleadings and other filings in this litigation, and such other written or oral argument as may be permitted by the Court. Mr. DiBiase respectfully requests oral argument.

WHEREFORE, Mr. DiBiase respectfully requests that the Court enter an order: (1) consolidating the above-captioned related actions; (2) appointing Mr. DiBiase as Lead Plaintiff pursuant to the PSLRA; (3) approving Mr. DiBiase's selection of Kessler Topaz as Lead Counsel for the class and Rosman & Germain as Liaison Counsel for the class; and (4) granting such further relief as the Court may deem just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Two class actions ("the Related Actions") brought on behalf of all persons who purchased or otherwise acquired Snap, Inc. ("Snap" or the "Company") securities: (1) pursuant and/or traceable to Snap's false and misleading Registration Statement and Prospectus, issued in connection with the Company's initial public offering on or about March 2, 2017 (the "IPO" or the "Offering"); and/or (2) on the open market between March 2, 2017 and June 6, 2017, both dates inclusive (the "Class Period")[2] are currently pending in this District.  The Related Actions seek to

---

[2] For purposes of appointing a lead plaintiff, the longest, most inclusive class period governs.  *See, e.g.*, *Bhojwani v. Pistiolis*, No. 06 Civ. 13761 (CM) (KNF), 2007 WL 2197836, at *3 (S.D.N.Y. July 31, 2007), *report and recommendation adopted*, No. 06 Civ. 13761 (CM) (NKF), 2007 WL 9228588 (S.D.N.Y. July 31, 2007) (applying more inclusive class period for purposes of lead plaintiff appointment).  As such, the class period alleged in *Gupta v. Snap, Inc., et al.*, No. 2:17-cv-05054 (C.D. Cal. filed July 10, 2017), is relied upon for this Motion.

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

2

recover damages from Snap, certain of its current and former officers and/or directors (the "Individual Defendants"), and certain of its underwriters (the ("Underwriter Defendants") (collectively, "Defendants") for violations of the Securities Act and/or the Exchange Act.  As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").  *See* § III.A., *infra*.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. DiBiase respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Mr. DiBiase has timely moved for lead plaintiff appointment.  To the best of Mr. DiBiase's knowledge, his loss of approximately **$309,000** on a last-in, first-out ("LIFO") basis in connection with his transactions in Snap securities during the Class Period represents the largest known financial interest in the relief sought by the class.  *See* Germain Decl., Exs. A-B.  In addition to asserting the largest financial interest, Mr. DiBiase easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

3

1    Lastly, Mr. DiBiase has retained experienced and competent counsel to
2 represent the class.  As the "most adequate plaintiff" under the PSLRA, Mr.
3 DiBiase's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as
4 Liaison Counsel for the class should be approved.  *See* 15 U.S.C. § 78u-
5 4(a)(3)(B)(v);  *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice
6 of class counsel in the hands of the lead plaintiff").

7    **II.    FACTUAL BACKGROUND**

8    Snap, a Delaware corporation with its principal executive officers in Venice,
9 California, is a camera company whose primary product is a free mobile chatting
10 application, Snapchat.  Snap, traded on the New York Stock Exchange as "SNAP,"
11 generates revenue by growing user engagement of Snapchat and delivering
12 advertisements to Snapchat users.

13    On March 2, 2017, Snap commenced its IPO and raised approximately $3.91
14 billion.  The Related Actions allege that, at the time of the Company's IPO, Snap
15 was experiencing a slowdown in the growth of Snapchat's key user engagement
16 metrics, including the number of Snapchat users who open the application at least
17 once a day or Daily Active Users ("DAUs").  Despite this slowdown, Snap's
18 Registration Statement—filed with multiple amendments in February 2017—stated
19 that Snap analyzed its growth trends by "regularly review[ing]" key performance
20 indicators ("KPIs") such as the number of Snapchat's DAUs and promised "rapid"
21 growth of Snap's advertising business.  The Related Actions allege that Snap and the
22 Individual Defendants made materially false and misleading statements and omitted
23 material adverse facts about the Company's business, operations, and compliance
24 policies in Snap's Registration Statement, including its Prospectus, and during the
25 Class Period, including: (1) Snap's calculations of its user engagement metrics,
26 including Snapchat's DAUs; and (2) Snap's reported growth of its user engagement

Motion of Tom DiBiase for Consolidation of Related Actions, Appointment as Lead
Plaintiff, and Approval of His Selection of Counsel
Case Nos.: 2:17-cv-03679, *et al.*

4

metrics, including Snapchat's DAUs.   It is also alleged that the Underwriter Defendants had access to confidential information concerning Snap's user metrics during their due diligence investigation and caused the Registration Statement containing the false and misleading statements to be filed with the SEC and declared effective.

The truth began to emerge on May 10, 2017, when Snap announced its financial results for the first financial quarter of 2017, including DAU growth of only 5% for the first quarter of 2017 and a net income loss of $2.21 billion.

On this news, Snap's share price declined $4.93 per share, or approximately 21%, from a closing price of $22.98 on May 10, 2017, to close at $18.05 per share on May 11, 2017.

As alleged in the Related Actions, additional details of Snap's misconduct emerged on May 16, 2017, when it was reported that a former Snap employee, Anthony Pompliano, filed a whistleblower lawsuit alleging that the Company falsely represented its engagement metrics, including Snapchat's DAUs, and recklessly calculated user metrics.   In the lawsuit, Mr. Pompliano alleged that he was fired when he alerted the Company about the issues.   On June 7, 2017, Nomura Instinet reported that worldwide downloads of Snapchat for the months of April and May 2017 were down 22% from the year prior, confirming that Snap was overstating DAU growth and reporting user metrics in a misleading manner.

On this news, Snap's share price fell $0.80 per share, or approximately 4%, from a closing price of $20.36 on June 6, 2017, to close at $19.56 per share on June 7, 2017.

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

5

### III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also id.* § 77z-1(a)(3)(B)(i) (providing for consolidation of actions asserting claims under the Securities Act).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| **Case Caption** | **Date Filed** | **Claims/Class Period** |
|---|---|---|
| *Erickson v. Snap, Inc., et al.*, No. 2:17-cv-03679-SVW-AGR | May 16, 2017 | Sections 11 and 15 of the Securities Act; Sections 10(b) and 20(a) of the Exchange Act; March 2, 2017, through May 15, 2017 |
| *Gupta v. Snap, Inc., et al.*, No. 2:17-cv-05054-MWF-AS | July 10, 2017 | Sections 11 and 15 of the Securities Act; Sections 10(b) and 20(a) of the Exchange Act; March 2, 2017, through June 6, 2017 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact.  *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) (quoting Rule 42(a)).  Here, the Related Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Snap securities at artificially inflated prices across overlapping class periods.

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-cv-03679, *ET AL.*

6

Accordingly, consolidation is appropriate. *See id.* (citing prior order consolidating four related actions asserting claims under the federal securities laws).[3]

## B.   Mr. DiBiase Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of the publication of the notice. 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 77z-1(a)(3)(A)-(B), 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall

---

[3]     Further, the slight variations in class periods and parties among the Related Actions do not render consolidation inappropriate where, as here, the Related Actions assert identical claims based on similar factual allegations against overlapping Defendants. *See id.* ("The existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar.") (citation omitted).

Motion of Tom DiBiase for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel
Case Nos.: 2:17-cv-03679, *et al.*

7

adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is:

> the person or group of persons that –
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

Here, Mr. DiBiase is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.* §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

### 1.     Mr. DiBiase's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action has been filed. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II), 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the first-filed action, *Erickson v. Snap, Inc., et al.*, No. 2:17-cv-03679, notice was published on May 16, 2017 in *Globe NewsWire*. *See* Germain Decl., Ex. C. Accordingly, the deadline to seek appointment as lead plaintiff is July 17, 2017. Therefore, Mr. DiBiase's Motion is timely.

---

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

8

### 2. Mr. DiBiase Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32. Here, Mr. DiBiase suffered losses of approximately **$309,000** on a LIFO basis in connection with his Class Period transactions in Snap securities. *See* Germain Decl., Exs. A-B; *see also Andrade*, 2011 WL 13130706, at *5, 14 (appointing as lead plaintiff individual investor who sustained largest losses). To the best of Mr. DiBiase's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.

### 3. Mr. DiBiase Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).

Rule 23(a) provides that a party may serve as a class representative if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. However, at this stage of litigation, a movant need only make "a prima facie showing that he satisfies the [typicality and adequacy] requirements of Rule 23." *Andrade*, 2011 WL 13130706, at *5 (citation omitted); *see also Cavanaugh*, 306 F.3d at 729-31.

---

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

9

### a.   Mr. DiBiase Is Typical

The typicality requirement is satisfied where the movant's claims "arise[] from the same . . . practice or course of conduct that gives rise to the claims of the other class members and . . . [are] based on the same legal theory." *Andrade*, 2011 WL 13130706, at *6 (citation and internal quotations omitted).  Moreover, "claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* (citation omitted).  Mr. DiBiase satisfies the typicality requirement because, just like all other proposed class members, Mr. DiBiase seeks recovery for the losses on his investments in Snap securities that he incurred as a result of Defendants' misrepresentations and omissions.  Thus, Mr. DiBiase's claims arise from the same conduct as those of the other class members.  Accordingly, Mr. DiBiase is typical. *See id.*

### b.   Mr. DiBiase Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class."  Rule 23(a)(4).  Thus, the adequacy element is satisfied where:  (1) the movant has "a sufficient interest in the outcome of the case to ensure vigorous advocacy"; (2) the movant's "interests are not antagonistic to the interests of absent class members"; and (3) the movant's proposed "counsel for the class is qualified and competent." *Andrade*, 2011 WL 13130706, at *7.

Here, Mr. DiBiase is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements.  There is no antagonism or potential conflict between Mr. DiBiase's interests and those of the other members of the class, and Mr. DiBiase is fully committed to vigorously pursuing the claims on behalf of the class.  Further, Mr. DiBiase has

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

10

demonstrated his adequacy through his selection of Kessler Topaz to serve as Lead Counsel and Rosman & Germain as Liaison Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner. Similarly, Rosman & Germain is well qualified to represent the class as Liaison Counsel.

### C.   Mr. DiBiase's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. §§§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff"). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, Mr. DiBiase has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Germain Decl., Ex. D. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including, among others: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-PB (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

11

1   recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523

2   (LAK) (S.D.N.Y.) ($615 million recovery).

3     Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in

4   several high-profile securities class actions throughout the country and in this

5   District, including: *Basile v. Valeant Pharmaceutical International, Inc.*, No. 14-cv-

6   2004 (DOC) (KES) (C.D. Cal.); *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-

7   2129 (MMA) (KSC) (S.D. Cal.); and *In re Ocwen Financial Corporation Securities*

8   *Litigation*, No. 14-cv-81057 (WPD) (LSS) (S.D. Fla.).

9     Kessler Topaz's commitment to zealous representation is also evident from its

10  trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict

11  in the class's favor after a week-long trial held before the Honorable Shira A.

12  Scheindlin in 2014 in *In re Longtop Financial Technologies Ltd. Securities*

13  *Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class

14  actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-

15  enactment conduct).  The firm also obtained the largest damage award in Delaware

16  Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In*

17  *re Southern Peru Copper Corp. S'holder Derivative Litig.*, C.A. No. 961-CS (Del.

18  Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012)

19  (affirming final judgment, with interest, of $2 billion).

20    Finally, Rosman & Germain has substantial experience litigating complex

21  actions and is well qualified to represent the class as Liaison Counsel.  *See* Germain

22  Decl., Ex. E.

23    Thus, the Court can be assured that the class will receive the highest caliber of

24  legal representation should it approve Mr. DiBiase's selection of Kessler Topaz as

25  Lead Counsel and Rosman & Germain as Liaison Counsel for the class.

26

27

28

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-cv-03679, *ET AL.*

## IV.   CONCLUSION

For the reasons set forth above, Mr. DiBiase respectfully requests that the Court:  (1) consolidate the above-captioned Related Actions; (2) appoint Mr. DiBiase as Lead Plaintiff; (3) approve Mr. DiBiase's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: July 17, 2017

Respectfully submitted,

**ROSMAN & GERMAIN LLP**

*/s/ Daniel L. Germain*
DANIEL L. GERMAIN (Bar # 143334)
   germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**
NAUMON A. AMJED
   namjed@ktmc.com
RYAN T. DEGNAN
   rdegnan@ktmc.com
MELISSA L. TROUTNER
   mtroutner@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Tom DiBiase and
Proposed Lead Counsel for the Class*

MOTION OF TOM DIBIASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL
CASE NOS.: 2:17-CV-03679, *ET AL.*

13