Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com
*- additional counsel on signature page –*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERICKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL, and ANDREW VOLLERO,<br><br>Defendants. | No.  2:17-cv-03679<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE SNAP INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**<br><br>DATE:  August 14, 2017<br>TIME:  1:30 pm<br>JUDGE:  Stephen V. Wilson<br>CTRM:  10A – 10th Floor |
| SHINU GUPTA, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN SPIEGEL, ANDREW VOLLERO, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS, & CO., J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, BTIG, LLC, C.L. KING & ASSOCIATES, INC., CITIGROUP GLOBAL MARKETS INC., CONNAUGHT (UK) LIMITED, COWEN AND COMPANY, LLC, EVERCORE GROUP, LLC, JEFFERIES LLC, JMP SECURITIES LLC, LIONTREE ADVISORS LLC, LUMA SECURITIES LLC, MISCHLER FINANCIAL GROUP, INC., OPPENHEIMER & CO., INC., RBC CAPITAL MARKETS, LLC, SAMUEL A. RAMIREZ & CO., INC., | No.  2:17-cv-05054 |

1    STIFEL FINANCIAL CORP.,
     SUNTRUST ROBINSON
2    HUMPHREY, INC., THE WILLIAMS
     CAPITAL GROUP, L.P., UBS
3    SECURITIES LLC, and WILLIAM
     BLAIR & COMPANY, L.L.C.,
4
5                                 Defendants.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................1

II.     STATEMENT OF FACTS ....................................................................2

III.    ARGUMENT ........................................................................................3

   A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
       ALL PURPOSES .............................................................................3

   B.     THE SNAP INVESTOR GROUP SHOULD BE APPOINTED
       LEAD PLAINTIFF ........................................................................4

      1.   The Snap Investor Group is Willing to Serve as Class
          Representative ........................................................................5

      2.   The Snap Investor Group Has the "Largest Financial Interest" ..........6

      3.   The Snap Investor Group Otherwise Satisfies the Requirements
          of Rule 23 of the Federal Rules of Civil Procedure ...........................7

      4.   The Snap Investor Group Will Fairly and Adequately Represent
          the Interests of the Class and is Not Subject to Unique Defenses ......9

   C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
       APPROVED ...................................................................................9

IV.     CONCLUSION ..................................................................................10

1

## **TABLE OF AUTHORITIES**

2

Page(s)

3

**Cases**

4

*A.F.I.K. Holding SPRL v. Fass*,
5    216 F.R.D. 567 (D.N.J. 2003) .......................................................................... 6

6
*Amchem Prods., Inc. v. Windsor*,
7    521 U.S. 591 (1997) ......................................................................................... 8

8
*Baby Neal v. Casey*,
9    43 F.3d 48 (3d Cir. 1994) ................................................................................ 8

10
*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) .................................................................... 4
11
*Beck v. Maximus, Inc.*,
12    457 F.3d 291 (3d Cir. 2006) ............................................................................ 8

13
*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
14    252 F.R.D. 188 (S.D.N.Y. 2008) .................................................................... 4

15
*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999) ...................................................................... 8
16
*Fischler v. Amsouth Bancorporation*,
17    176 F.R.D. 583 (M.D. Fla. 1997) ................................................................... 7

18
*Gluck v. Cellstar Corp.*,
19    976 F. Supp. 542 (N.D. Tex. 1997) ................................................................ 7

20
*Greebel v. FTP Software*,
21    939 F. Supp. 57 (D. Mass. 1996) .................................................................... 7

22
*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) .................................. 6
23
*In re Comverse Tech., Inc., Sec. Litig.*,
24    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ............................... 6

25
*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
26    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ............................... 4

27
*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) .............................................................. 6, 7
28

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................... 7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................. 4

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) .................................................................. 6

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ............................ 6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ..................................................................... 4

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................. 6

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ...................................................................... 3

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................ 9

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) .................................................................. 8

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ..................................................... *passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ............................................ *passim*

Federal Rules of Civil Procedure Rule 42 .............................................. 1, 3

Movants Howard Weisman, Irland James Stewart, Wu Chen Yueh Chiao and Sanzhar Khussainov (collectively, the "Snap Investor Group"), respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions; (2) appointing the Snap Investor Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Snap, Inc. ("Snap" or the "Company") in connection with the Company's initial public offering on or about March 2, 2017 (the "IPO" or the "Offering"); and/or (2) on the open market between March 2, 2017 and June 6, 2017, both dates inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.   PRELIMINARY STATEMENT

The Related Actions are on behalf of all persons and entities that purchased or otherwise acquired Snap securities during the Class Period.  Each of the Related Actions raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.  Accordingly, consolidation of the Related Actions is appropriate.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Snap Investor Group, with losses of approximately $373,476 in connection with its transactions in Snap securities on the open market during the Class Period and losses of approximately $331 in connection with its purchases of Snap securities pursuant and/or traceable to Snap's IPO, has the largest financial interest in

the relief sought in this action.   The Snap Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members.   Accordingly, the Snap Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

Snap Inc. is a camera company that provides technology and social media services. The Company develops mobile camera application products and services that allow users to send and receive photos, drawings, text, and videos. Snap serves customers worldwide.

Founded in 2010, the Company was formerly known as "Snapchat, Inc." and changed its name to Snap Inc. in September 2016. Snap is headquartered in Venice, California. Snap's stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "SNAP."

On or about March 3, 2017, the Company completed its IPO, issuing 200,000,000 shares and raising net proceeds of approximately $3.91 billion.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Snap's reported user growth was materially false and misleading; and (ii) as a result, Snap's public statements were materially false and misleading at all relevant times.

On May 10, 2017, post-market, Snap issued its first quarterly report as a public company, disclosing disappointing user growth at the Company's Snapchat messaging platform. For the quarter, Snap reported 166 million daily users, only 8 million more than in the previous period and only 44 million more than the same period in the prior year—Snapchat's slowest year-to-year growth rate in at least two years.

On this news, Snap's share price fell $4.93, or 21.45%, to close at $18.05 on May 11, 2017.

On May 16, 2017, *Bloomberg* reported that a former Snap employee, Anthony Pompliano, had filed a lawsuit against Snap, "claim[ing] he was fired after three weeks on the job for raising questions about allegedly false growth metrics [and] seeking whistleblower protection against retaliation by [the] company."

On this news, Snap's share price fell $0.02, or 0.1%, to close at $20.72 on May 16, 2017.

On June 7, 2017, Nomura Instinet revealed that worldwide downloads of Snapchat for the months of April and May 2017 were down 22% from the year prior, confirming that DAU growth was overstated or misleadingly described.

On this news, Snap's share price fell $0.80, or approximately 4%, from the previous trading day's closing price of $20.36, to close at $19.56 on June 7, 2017.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995

F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Snap's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.   THE SNAP INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Snap Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead

plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Snap Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The Snap Investor Group is Willing to Serve as Class Representative

On May 16, 2017, counsel for plaintiff in the first of the related actions to be filed caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Snap securities that they had until July 17, 2017 to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jennifer Pafiti in Support of Motion of the Snap Investor Group for Consolidation,

Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Pafiti Decl."), Ex. A.

The Snap Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, the Snap Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Snap Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Snap Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, the Snap Investor Group (1) purchased 65,054 shares of Snap securities; (2) expended $1,797,175 on its purchases of Snap securities; (3) retained

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

33,054 of its Snap shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $373,476 in connection with its purchases of Snap securities on the open market and a loss of $331 in connection with its purchases of Snap securities pursuant and/or traceable to the Company's IPO. *See* Pafiti Decl., Ex. C. Because the Snap Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Snap Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Snap Investor Group are typical of those of the Class. The Snap Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Snap, or omitted to state material facts necessary to make the statements they did make not misleading. The Snap Investor Group, as did all members of the Class, purchased Snap securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Snap Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Snap Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Snap Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

4.   **The Snap Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing The Snap Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Snap Investor Group to fairly and adequately represent the Class has been discussed above. The Snap Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Snap Investor Group should be appointed Lead Plaintiff for the Class.

C.   **LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Snap Investor Group has selected the Pomerantz law firm as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Pafiti Decl., Ex. D. As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Related Actions, the Snap Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Snap Investor Group, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, the Snap Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Snap Investor Group as Lead Plaintiff for the Class; (3) approving Pomerantz as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: July 17, 2017

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movants*

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                              */s/    Jennifer Pafiti*
                              Jennifer Pafiti