Barbara A. Rohr SBN 273353
Email: brohr@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885

Richard W. Gonnello (*pro hac vice* forthcoming)
Email: rgonnello@faruqilaw.com
Sherief Morsy (*pro hac vice* forthcoming)
Email: smorsy@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Proposed Lead Plaintiff Shinu Gupta*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERICKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>SNAP INC., EVAN SPIEGEL, and ANDREW VOLLERO,<br><br>                Defendants | No. 2:17-cv-03679-SVW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHINU GUPTA'S MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF LEAD COUNSEL**<br><br>**<u>CLASS ACTION</u>**<br><br>Judge: Hon. Stephen V. Wilson<br>Hearing Date: August 14, 2017<br>Time: 1:30 p.m.<br>Courtroom: 10A, 10th Floor |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 3

ARGUMENT ..................................................................................................................... 4

I.  GUPTA SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ................................................................................................................. 4

    A.  The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff .............................................................................................. 4

    B.  Under The PSLRA, Gupta Should Be Appointed Lead Plaintiff ......... 5

        1.  Gupta Filed a Timely Motion ..................................................... 5

        2.  Gupta Has the Largest Financial Interest in the Relief Sought by the Class .............................................................................. 6

        3.  Gupta Meets Rule 23's Typicality and Adequacy Requirements ................................................................................................. 7

II. GUPTA'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ..................................................................................... 10

CONCLUSION ................................................................................................................ 12

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHINU GUPTA'S MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF LEAD COUNSEL**
**2:17-cv-03679-SVW-AGR**

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Andrade v. Am. Apparel*, Inc.,
   No. 10-06352 MMM (PJWx),
   2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011) ................................ 7, 8

*Apple v. LJ Int'l, Inc.*,
   No. CV 07-6076 GAF (JWJx),
   2008 U.S. Dist. LEXIS 12618 (C.D. Cal. Feb. 8, 2008) ..................................... 9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................... 2, 4, 5, 7

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
   No. 14-CV-4471 (KMW),
   2014 U.S. Dist. LEXIS 163135 (S.D.N.Y. Nov. 20, 2014) (Wood, J.) ............. 10

*In re Countrywide Fin. Corp. Sec. Litig.*,
   273 F.R.D. 586 (C.D. Cal. 2009) ........................................................................ 9

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................ 8

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP (PJWx),
   2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) .................................... 9

*In re Herbalife, Ltd. Sec. Litig.*,
   No. CV 14-2850 DSF (JCGx),
   2014 U.S. Dist. LEXIS 194678 (C.D. Cal. July 30, 2014) ................................. 6

*In re Heritage Bond Litig.*,
   No. 02-ML-1475 DT,
   2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004) ................................... 8

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF),
   2011 U.S. Dist. LEXIS 54939 (S.D.N.Y. May 19, 2011) ................................... 9

*Pace v. Quintanilla*,
   No. SACV 14-2067-DOC (RNBx),
   2014 U.S. Dist. LEXIS 116925 (C.D. Cal. Aug. 19, 2014) ................................ 7

*Richardson v. TVIA, Inc.*,
   No. C-06-06304 RMW,
   2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ................................ 6, 7

*Romero v. Growlife, Inc.*,
   No. 14-cv-3015-CAS(JEMx),
   2014 U.S. Dist. LEXIS 102875 (C.D. Cal. July 23, 2014) ................................... 8

*Schriver v. Impac Mortg. Holdings, Inc.*,
   No. SACV 06-31 CJC (RNBx),
   2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ...................................... 5

*Takara Trust v. Molex, Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005) ........................................................................... 7

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) ......................................................................... 4

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW,
   2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) .................................... 8

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ............................................................................. 11

**Statutes**

15 U.S.C. §§ 78u-4 .......................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) .......................................................................................... 9

Shinu Gupta ("Gupta")[1] respectfully submits this memorandum of points and authorities pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an order (1) appointing Gupta as Lead Plaintiff for the Action (defined below) and (2) approving Gupta's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action (the "Action")[2] brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired the securities of Snap, Inc. ("Snap" or the "Company") (1) pursuant and/or traceable to Snap's false and misleading Registration Statement, issued in connection with the Company's initial public offering on or about March 2, 2017 (the "IPO"); and/or (2) on the open market between March 2, 2017 and May 15, 2017, inclusive (the "Class Period"[3]), seeking to recover damages caused by defendants' violations of the Securities Act of 1933 and the Exchange Act.

---

[1] All internal citations and quotations are omitted and all emphases are added unless otherwise noted.

[2] The Action is captioned *Erickson v. Snap, Inc., et al.*, No. 2:17-cv-03679-SVW-AGR (the "*Erickson* Action"), and was commenced on May 16, 2017. As well, on July 10, 2017 Gupta filed another action, currently before another judge in this District, captioned *Gupta v. Snap, Inc., et al.*, No. 2:17-cv-05054-MWF (ASx) (the "*Gupta* Action"). Per Local Rule 83-1.3, Gupta filed a Notice of Related Cases concurrently with his complaint listing the *Erickson* Action as related to the *Gupta* Action. *See Gupta* Action, ECF No. 4.

[3] The *Erickson* and *Gupta* Actions assert different class periods. Although both of the Actions' class periods commence on March 2, 2017, the *Gupta* Action's class period ends on June 6, 2017 instead of the May 15, 2017 end date in the *Erickson* Action. Thus, to calculate his financial interest for his motion, Gupta adopts the class period asserted in the complaint filed in the *Gupta* Action.

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHINU GUPTA'S MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF LEAD COUNSEL**
**2:17-cv-03679-SVW-AGR**

With respect to the appointment of a Lead Plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the Lead Plaintiff for the action "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the largest financial interest in the litigation and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

With total losses of $1,017,273.01, Gupta, to the best of counsels' knowledge, has the largest financial interest in the litigation of any movant. Gupta also satisfies Rule 23's typicality and adequacy requirements. Gupta's claims are typical of the Class's claims because he suffered losses on his Snap investments as a result of the defendants' false and misleading statements. Further, Gupta has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his filing of the *Gupta* Action, submission of the requisite certification, and selection of experienced class counsel. Accordingly, Gupta is the presumptive Lead Plaintiff.

If appointed Lead Plaintiff, Gupta is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Gupta has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial class action experience.

For the reasons summarized above and those explained more fully below, Gupta's motion should be granted in its entirety.

# FACTUAL BACKGROUND

Snap is a self-described camera company, whose principal product is a free mobile chatting application dubbed "Snapchat." *Erickson* Action, ECF No. 1 at ¶¶2, 20. Snap generates revenue from Snapchat through advertising, which requires user engagement of the Snapchat application. *See id*. at ¶6. One of the critical metrics Snap uses to measure user engagement is the "Daily Active User" ("DAU") metric. *See id*. at ¶29.

On or around March 2, 2017, Snap conducted its IPO pursuant to its registration statement—declared effective by the SEC on March 1, 2017—with Snap shares trading on the NYSE under the "SNAP" symbol. *Id*. at ¶¶1, 23-24. Through the IPO, Snap raised proceeds of approximately $3.91 billion. *Id*. at ¶4.

The complaint in the Action alleges that Snap made false and/or misleading statements and/or failed to disclose the following material facts: (1) Snap's reported user growth was materially false and misleading; and (2) as a result, Snap's public statements were materially false and misleading at all relevant times. *Id*. at ¶27.

The truth began to emerge on May 10, 2017, when Snap issued a press release and filed a Form 10-Q with the SEC announcing, *inter alia*, a net loss of $2.21 billion and a mere 5% DAU growth for the first financial quarter of 2017. *Id*. at ¶¶28-30. On this news, Snap's share price fell $4.93, or 21.45%, to close at $18.05 on May 11, 2017. *Id*. at ¶31.

Then, on May 16, 2017, *Bloomberg* reported that Anthony Pompliano, a former Snap employee who was allegedly hired by Snap to run Snapchat's user growth and engagement team, filed a lawsuit against Snap. *Id*. at ¶32. Mr. Pompliano's lawsuit alleges that Snap fired him for raising questions about allegedly false growth metrics with Snap's executives. *Id.* On this news, Snap's share price fell $0.02, or 0.1%, to close at $20.72 on May 16, 2017. *Id.* at ¶33.

1  Then, on June 7, 2017, Nomura Instinet reported an analysis of Snapchat's
2  download data which pointed to a 22% year-over-year deterioration in Snapchat
3  download trends, thus confirming that defendants' statements regarding DAU growth
4  were overstated and described in a misleading manner. *Gupta* Action, ECF No. 1 at
5  ¶¶64, 68. On this news, Snap's share price fell $0.80, or approximately 4%, from the
6  previous trading day's closing price of $20.36, to close at $19.56 on June 7, 2017. *Id.*
7  at ¶65.

8  Through the Action, Gupta seeks to recover for himself and absent Class
9  members the substantial losses that were suffered as a result of defendants' false and
10 misleading statements.

## ARGUMENT

### I. GUPTA SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

#### A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), (3). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of publication, for appointment as Lead Plaintiff. *See Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 664 (C.D. Cal. 2005) (same).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the court is then to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court

4

determines to be "most capable of adequately representing the interests of class members." Thus, step two involves establishing a rebuttable presumption that the "most adequate plaintiff" is the person who (1) has filed the complaint or made a timely motion for lead plaintiff, (2) possesses the largest financial interest in the litigation, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's competitive process for determining the "most adequate plaintiff"); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *8-10 (C.D. Cal. May 1, 2006).

Once it is determined who among the movants seeking appointment as Lead Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *8 (same).

### B. Under The PSLRA, Gupta Should Be Appointed Lead Plaintiff

As discussed below, Gupta should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Gupta holds the largest financial interest of any movant, and he otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. Gupta Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint was required to publish notice of the complaint within twenty (20) days of its filing. James Erickson filed the first Action on May 16, 2017, and his counsel published

notice of the lead plaintiff deadline via *Globe Newswire* that same day.  *See* Ex. A;[4] *In re Herbalife, Ltd. Sec. Litig.*, No. CV 14-2850 DSF (JCGx), 2014 U.S. Dist. LEXIS 194678, at *3 (C.D. Cal. July 30, 2014) (considering publication in *Globe Newswire* to be sufficient to satisfy the PSLRA's notice requirement).  Consequently, any member of the proposed Class was required to seek to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before July 17, 2017).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, Gupta's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Gupta timely signed and submitted the requisite certification, identifying all of the relevant transactions in Snap securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff in this case.  *See* Ex. B.  Therefore, the PSLRA's procedural requirements have been met.

### 2. Gupta Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit and nationwide typically look to four factors in the inquiry: "(1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate

---

[4] All Exhibits referenced herein are annexed to the Declaration of Barbara A. Rohr, filed herewith.

losses suffered by the movant." *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. Apr. 16, 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 U.S. Dist. LEXIS 116925, at *5 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *13-14 ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Overall, during the Class Period, Gupta acquired 254,000 net shares and 354,000 total shares of Snap common stock, expended $5,408,842.29 in net funds, and suffered losses of $1,017,273.01 when calculated using a last in, first out methodology. *See* Ex. C. Gupta is unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Gupta Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *Andrade v. Am. Apparel*, Inc., No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *19 (C.D. Cal. Mar. 15, 2011) ("Some inquiry as to whether the presumptively most

adequate plaintiff is adequate and has claims that are typical is nonetheless necessary under Rule 23 to determine whether there is reason to believe that he has interests at odds with the remainder of the class.").

When assessing a movant's typicality, courts in the Ninth Circuit consider whether other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Woburn Ret. Sys. v. Omnivision Techs., Inc.,* No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *17 (N.D. Cal. Feb. 21, 2012). A movant's "claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . is based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004). That said, the Lead Plaintiff's claims need not be identical to the Class's claims to satisfy the typicality requirement. *See Romero v. Growlife, Inc.*, No. 14-cv-3015-CAS(JEMx), 2014 U.S. Dist. LEXIS 102875, at *9 (C.D. Cal. July 23, 2014) ("Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Gupta's claims are clearly typical of the Class's claims. Gupta acquired Snap common stock during the Class Period, suffered damages as a result of the false and misleading statements contained in the Company's registration statement, and possesses claims against the defendants under the federal securities laws. Because the factual and legal bases of Gupta's claims are similar to those of the Class's

claims, he necessarily satisfies the typicality requirements. *See Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF (JWJx), 2008 U.S. Dist. LEXIS 12618, at *17 (C.D. Cal. Feb. 8, 2008) (finding movant's claims typical of the class where movant purchased stock during the class period when the value was inflated due to defendants' alleged misrepresentations).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represents the Lead Plaintiff, and the Lead Plaintiff has no fundamental conflicts of interest with the interests of the class as a whole. *See Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (The adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class."); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

As evidenced by the representations in Gupta's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939, at *4 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff).

Gupta has also filed a complaint against Snap, and selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex.

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHINU GUPTA'S MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF LEAD COUNSEL**
**2:17-cv-03679-SVW-AGR**

D. Consequently, Gupta is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Gupta respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II. GUPTA'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Gupta has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, No. 14-CV-4471 (KMW), 2014 U.S. Dist. LEXIS 163135, at *27 (S.D.N.Y. Nov. 20, 2014) (Wood, J.) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole Lead Counsel, the Faruqi Firm obtained preliminary approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole Lead Counsel, the Faruqi Firm obtained preliminary approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole Lead Counsel, the Faruqi Firm obtained final approval of a $4.5 million

settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole Lead Counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597 (4th Cir. 2015), and recently obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig*., No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole Lead Counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc*., No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig*., Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig*., No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Bielousov v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (appointed sole Lead Counsel for the class); *Loftus v. Primero Mining Corp.*, No. 16-

01034-BRO (RAOx) (C.D. Cal) (same); *Markette v. XOMA Corporation*, No. 3:15-cv-03425-HSG (N.D. Cal.) (same); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal.) (same).

## CONCLUSION

For the foregoing reasons, Gupta respectfully requests that the Court (1) appoint Gupta as Lead Plaintiff for the Action; (2) approve his selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: July 17, 2017

Respectfully submitted,

By: /s/ *Barbara A. Rohr*
Barbara A. Rohr

**FARUQI & FARUQI, LLP**
Barbara A. Rohr
SBN 273353
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimilie: 424-256-2885
Email: brohr@faruqilaw.com

Richard W. Gonnello (*pro hac vice* forthcoming)
Sherief Morsy (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com
smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Shinu Gupta and [Proposed] Lead Counsel for the Class*