1  Jennifer Pafiti (SBN 282790)
   **POMERANTZ LLP**
2  468 North Camden Drive
   Beverly Hills, CA 90210
3  Telephone:  (818) 532-6499
   E-mail: jpafiti@pomlaw.com
4  *- additional counsel on signature page –*

5

6  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**

7  JAMES ERICKSON, Individually and on      No.  2:17-cv-03679
   Behalf of All Others Similarly Situated,
8
                                             **MEMORANDUM OF POINTS AND**
9                                Plaintiff,  **AUTHORITIES IN FURTHER SUPPORT**
                                             **OF MOTION OF THE SNAP INVESTOR**
10              v.                           **GROUP FOR CONSOLIDATION,**
                                             **APPOINTMENT AS LEAD PLAINTIFF**
11 SNAP INC., EVAN SPIEGEL, and              **AND APPROVAL OF COUNSEL, AND IN**
   ANDREW VOLLERO,                           **OPPOSITION TO COMPETING**
12                                           **MOTIONS**
                                Defendants.
13                                           DATE:  August 14, 2017
                                             TIME:  1:30 pm
14                                           JUDGE:  Stephen V. Wilson
                                             CTRM:  10A – 10th Floor
15
   _____
16 SHINU GUPTA, Individually and on          No.  2:17-cv-05054
   Behalf of All Others Similarly Situated,
17                               Plaintiff,
18              v.
19 SNAP INC., EVAN SPIEGEL,
   ANDREW VOLLERO, MORGAN
20 STANLEY & CO. LLC, GOLDMAN,
   SACHS, & CO., J.P. MORGAN
21 SECURITIES LLC, DEUTSCHE
   BANK SECURITIES, INC.,
22 BARCLAYS CAPITAL INC.,
   CREDIT SUISSE SECURITIES
23 (USA) LLC, ALLEN & COMPANY
   LLC, BTIG, LLC, C.L. KING &
24 ASSOCIATES, INC., CITIGROUP
   GLOBAL MARKETS INC.,
25 CONNAUGHT (UK) LIMITED,
   COWEN AND COMPANY, LLC,
26 EVERCORE GROUP, LLC,
   JEFFERIES LLC, JMP SECURITIES
27 LLC, LIONTREE ADVISORS LLC,
   LUMA SECURITIES LLC,
28 MISCHLER FINANCIAL GROUP,
   INC., OPPENHEIMER & CO., INC.,

RBC CAPITAL MARKETS, LLC,
SAMUEL A. RAMIREZ & CO., INC.,
STIFEL FINANCIAL CORP.,
SUNTRUST ROBINSON
HUMPHREY, INC., THE WILLIAMS
CAPITAL GROUP, L.P., UBS
SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                                    Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................... 1

ARGUMENT ............................................................................................... 2

    I.     The Snap Investor Group Should Be Appointed Lead Plaintiff .................. 2

            A.    Gupta Has Not Made A Preliminary Showing Of Adequacy And Typicality Pursuant To Rule 23 ........................................................... 2

            B.    The Snap Investor Group Has The Largest Financial Interest In The Relief Sought By The Class Of Movants Who Satisfy The Requirements Of Rule 23 ................................................................. 3

            C.    The Snap Investor Group Is An Appropriate Group ........................... 4

            D.    The Snap Investor Group Satisfies The Requirements Of Rule 23 ..... 5

    II.    The Snap Investor Group' Selection Of Counsel Should Be Approved ........ 6

CONCLUSION ............................................................................................ 7

CERTIFICATE OF SERVICE ..................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)...................................................................................3

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) ...........................................................................3

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ................................................................5

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) ...................................................................2, 3

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999).................................................................2

*Dollens v. Zionts*,
    No. 01-CV-2826, 2001 U.S. Dist. LEXIS 19966 (N.D. Ill. Dec. 4, 2001) .................5

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................3

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .......................................................................2

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2,
    2007) ...........................................................................................................3

*In re Comverse Technology, Inc. Securities Litigation*,
    No. 06-CV-1825 (E.D.N.Y.).......................................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ...................................................................6

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.)......................................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 421 (E.D. Pa. 2005) ................................................................. 3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004) ................................................................. 1

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................... 5

*Riordan v. Smith Barney*,
113 F.R.D. 60 (N.D. Ill. 1986) ................................................................... 3

*Takara Trust v. Molex, Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ............................................................ 4, 5

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................... 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................. *passim*

The Snap Investor Group[1] respectfully submits this Memorandum of Law (i) in further support of its motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 21); and (ii) in opposition to the competing motions (Dkt. Nos. 11, 15, 19 and 25).

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Snap and certain of the Company's officers.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action ***and*** who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Snap Investor Group, with losses of approximately $373,476 in connection with its transactions in Snap securities on the open market during the Class Period and losses of approximately $331 in connection with its purchases of Snap securities pursuant and/or traceable to Snap's IPO.  *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (finding the amount of the financial loss "the most significant" factor in determining financial interest).  Although one competing movant, Shinu Gupta ("Gupta"), alleges a greater loss of approximately $1,017,273, Gupta has failed to make the requisite *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  Accordingly, the Snap Investor Group, as the movant with the greatest financial interest in the litigation who ***does*** satisfy the requirements of Rule 23, is the presumptive Lead Plaintiff of the Class.

Unlike Gupta, the Snap Investor Group satisfies the adequacy and typicality requirements of Rule 23.  The Snap Investor Group, like all members of the Class, purchased Snap securities at prices artificially inflated by defendants' misrepresentations

---

[1] All capitalized terms herein are defined in the Snap Investor Group's moving brief, unless otherwise indicated.  *See* Dkt. No. 20.

or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).

For the reasons set forth herein, the Snap Investor Group respectfully submits that its motion should be granted in its entirety.

**ARGUMENT**

**I.    The Snap Investor Group Should Be Appointed Lead Plaintiff**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (finding that at this stage the Rule 23 inquiry "need not be extensive."). Once this presumption is triggered, it can only be rebutted upon ***"proof"*** that the presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another movant might somehow better protect the interests of the Class is irrelevant. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representative is the Snap Investor Group.

**A.    Gupta Has Not Made A Preliminary Showing Of Adequacy And Typicality Pursuant To Rule 23**

Although Gupta has alleged the greatest loss in the litigation, he has failed to make the requisite preliminary showing of adequacy and typicality within the meaning of Rule 23. The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *USN Communs., Inc.*, 189 F.R.D. at 395. In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus,*

*Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Here, Gupta has failed to make the requisite *prima facie* showing of typicality and adequacy within the meaning of Rule 23. As such, irrespective of his financial interest in the litigation, he cannot serve as Lead Plaintiff for the Class.

### B. The Snap Investor Group Has The Largest Financial Interest In The Relief Sought By The Class Of Movants Who Satisfy The Requirements Of Rule 23

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest", courts around the country recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors, the approximate loss suffered by the movant"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 U.S. Dist. LEXIS 14878,

at *8 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, the Snap Investor Group clearly possesses the largest financial interest in the litigation after Gupta—who, as discussed above, cannot serve as Lead Plaintiff due to his failure to make the requisite *prima facie* showing of typicality and adequacy. The following chart compares the Snap Investor Group to the competing movants:

| Movant(s) | Estimated Loss |
|---|---|
| Shinu Gupta | $1,017,273 |
| The Snap Investor Group | $373,476 (IPO: $331) |
| Tom DiBiase | $309,000 |
| Sharmilli Ghosh | $252,387 |
| Ariadna Adijashvili; Mary Tam | $70,845 |

As shown above, the Snap Investor Group suffered a loss of approximately $373,476 in connection with its transactions in Snap securities on the open market during the Class Period and losses of approximately $331 in connection with its purchases of Snap securities pursuant and/or traceable to Snap's IPO. As such, within the meaning of the PSLRA, the Snap Investor Group has the largest financial interest of any stockholder in this litigation who satisfies the typicality and adequacy requirements of Rule 23.

## C.  The Snap Investor Group Is An Appropriate Group

The Snap Investor Group is an appropriate group, and as such the Court should consider the Group's aggregate financial interest in this litigation in determining the

most adequate plaintiff for the Class.  The majority of courts throughout the country have made clear that a group of investors—such as the Snap Investor Group—is an appropriate Lead Plaintiff under the express terms of the PSLRA.  *See*, *e.g.*, *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (appointing two institutional investors with greatest financial interest in the litigation as co-lead plaintiffs); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (holding that the PSLRA permits appointment of a "person or group of persons" and appointing a group with the largest financial interest as lead plaintiff); *Dollens v. Zionts*, No. 01-CV-2826, 2001 U.S. Dist. LEXIS 19966, at *18 n.7 (N.D. Ill. Dec. 4, 2001) (explaining that appointment of a lead plaintiff group is appropriate under the PSLRA provided that the group will "fairly and adequately protect the interests of the class.").  Here, the group is a small, cohesive partnership of four investors, all of whom incurred significant losses in connection with their purchases of Snap securities.  *See* Dkt. Nos. 21-2 and 21-3.  The group's appointment as Lead Plaintiff in this action would enable these investors to jointly shoulder the responsibilities of Lead Plaintiff, to the benefit of the Class.

### D.    The Snap Investor Group Satisfies The Requirements Of Rule 23

The Snap Investor Group also satisfies the typicality and adequacy requirements of Rule 23.  To overcome the strong presumption entitling the Snap Investor Group to appointment as Lead Plaintiff on behalf of preferred stockholders, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

The Snap Investor Group has further demonstrated its adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class. Accordingly, because the Snap Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint it as Lead Plaintiff.

## II.  The Snap Investor Group' Selection Of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Here, the Snap Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  The firm currently serves as lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), a group of consolidated class actions against the Brazilian energy giant Petrobras concerning a sprawling kickback scheme that resulted in over $19 billion in asset impairment and charges.  Pomerantz also served as Lead Counsel in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in which a $225 million recovery was achieved for investors.

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the instant action, the Snap Investor Group's counsel has the skill and knowledge which will enable them to prosecute this action effectively and

expeditiously. Thus, the Court may be assured that by approving the selection of counsel by the Snap Investor Group, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, The Snap Investor Group respectfully requests that the Court grant its motion in its entirety.

Dated: July 24, 2017

**POMERANTZ  LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165

Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movants*

### CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti