MATTHEW W. CLOSE (S.B. #188570)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

JONATHAN ROSENBERG (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Morgan Stanley & Co. LLC; Goldman Sachs & Co. LLC; J.P. Morgan Securities LLC; Deutsche Bank Securities Inc.; Barclays Capital Inc.; Credit Suisse Securities (USA) LLC; Allen & Company LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR <br><br> **CLASS ACTION** <br><br> **UNDERWRITERS' NOTICE OF JOINDER AND JOINDER IN SNAP DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** <br><br> Date: August 13, 2018 <br> Time: 1:30 p.m. <br> Courtroom: 10A <br> Judge: Hon. Stephen V. Wilson |

This Document Relates to: All Actions.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**[1]

PLEASE TAKE NOTICE that on August 13, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Stephen V. Wilson, United States District Judge for the Central District of California, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 10A, Los Angeles, California, 90012, the Underwriters will and hereby do join in the Snap Defendants' Motion for Certification of an Interlocutory Appeal under 28 U.S.C. § 1292(b), and incorporate the papers filed and arguments made by the Snap Defendants. The Underwriters' joinder is based on this notice, the papers filed in connection with the Snap Defendants' motion to dismiss, this Court's June 7, 2018 order denying defendants' motions to dismiss, the Certification Motion, all pleadings and papers on file in this action, and such other further written and oral argument as may be presented to the Court at the hearing on the Certification Motion or before the Court's decision.

As explained in the Snap Brief, certification is warranted because (i) the damages issue is a controlling question of law; (ii) there are substantial grounds for the parties' difference of opinion; and (iii) an appellate ruling has the potential to terminate claims. (Snap Br. at 4.) The Section 11 damages question is controlling because an appellate ruling in Snap's favor would require dismissal of the Section 11 claim for lack of damages and would materially affect the outcome and scope of the litigation in the district court. (*Id.* at 4 ("[I]f the Ninth Circuit reverses and holds that Plaintiffs lack damages under § 11, that holding will require dismissal of Plaintiffs' [§ 11] claim.").) This significant narrowing of the case satisfies the

---

[1] The "Underwriters" submitting this joinder are Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC. For the Court's convenience, we use in this joinder the capitalized terms listed in the Table of Abbreviations on page iv of the Memorandum of Points and Authorities in Support of Snap Defendants' Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) (the "Snap Brief"), and refer to the Snap Defendants' motion as the "Certification Motion."

"material[] advance[ment]" prong of § 1292(b).  (*See* Snap Br. at 11 (citing *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012))); *see also Scott v. Ruston La. Hosp. Co., LLC*, 2017 WL 1364219 (W.D. La. Apr. 12, 2017) (certifying for appeal issue of applicability of damages cap because resolution of issue could potentially advance termination of litigation).

Aside from meeting all three of § 1292(b)'s requirements for certification, the damages issue should also be certified because an appellate ruling would provide clarity in an ever-growing field of litigation.  *See Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) (noting "added benefits" of certification on potential third-party discovery and potential collateral litigation). Section 11 cases in California federal and state court have ballooned in recent years, with 37 new complaints in 2015, and 34 in 2016, up from 26 in 2010. Cornerstone Research, *Securities Class Action Filings: 2017 Year in Review*, at 21, available at https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Filings-2017-YIR.  Providing clarity on what the "value" of a security is for Section 11 purposes, or the controlling filing date in a consolidated litigation, would assist increasing numbers of litigants and courts that will often face the same or similar questions.  *See Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566, at *7 (S.D.N.Y. Aug. 8, 1997) (explaining that issue that could have "precedential value for a large number of cases" may constitute controlling question of law for § 1292(b) purposes).

Because an interlocutory appeal could resolve the controlling issue of damages and potentially terminate Plaintiffs' Section 11 claim, certification under 28 U.S.C. § 1292(b) is appropriate.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: June 28, 2018 | O'MELVENY & MYERS LLP |
| | By: /s/ Jonathan Rosenberg |
| | Jonathan Rosenberg |
| | *Attorneys for Defendants Morgan Stanley & Co. LLC; Goldman Sachs & Co. LLC; J.P. Morgan Securities LLC; Deutsche Bank Securities Inc.; Barclays Capital Inc.; Credit Suisse Securities (USA) LLC; and Allen & Company LLC* |

- 3 -

UNDERWRITERS' NOTICE OF JOINDER AND JOINDER TO CERTIFICATION MOTION
2:17-CV-03679-SVW-AGR