UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03679-SVW-AGR | Date | August 8, 2018 |
| Title | *In Re Snap Inc. Securities Litigation* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING MOTION TO CERTIFY AN INTERLOCUTORY APPEAL [94]

### I. Factual and Procedural Background

The facts of this case have been discussed in-depth in previous orders. *See, e.g.*, Dkt. 92. On June 7, 2018, the Court denied Defendants' motion to dismiss in its entirety. Defendants now ask the Court to certify the Order pursuant to 28 U.S.C. § 1292(b). Defendants seek certification with regard to two questions: (i) whether "value" as used in subparts (1) and (3) of Section 11(e) refers to "the price of the defendant's security had the security been sold rather than held, as the Snap Defendants contend," or "the true worth of the security had the price not been inflated by alleged falsehood, as Plaintiffs contend and as this Court held," and, only to the extent the Ninth Circuit resolves the first question in Defendants' favor (ii) whether "the time such suit was brought" is always the date of the first-filed complaint, regardless of any deficiency that existed as to such complaint or whether it included claims against all Defendants. As the Defendants have not met the heavy burden required for certification of an interlocutory appeal, the Court denies this motion.

### II. Legal Standard

Ordinarily, "parties may appeal only from orders which end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Couch*, 611 F.3d at 632; 28 U.S.C. § 1291. Section 1292(b) provides a "narrow exception" to this rule where the district court finds that an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03679-SVW-AGR | Date | August 8, 2018 |
|---|---|---|---|
| Title | *In Re Snap Inc. Securities Litigation* | | |

interlocutory order: (i) "involves a controlling question of law"; (ii) "as to which there is substantial ground for difference of opinion"; and (iii) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Couch*, 611 F.3d at 633; 28 U.S.C. §1292(b). Section 1292(b) "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002), and used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement*, 673 F.2d at 1026. The party pursuing the interlocutory appeal "has a heavy burden to show that 'exceptional circumstances'" warrant immediate appellate review. *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). "Moreover, district court judges have unfettered discretion to deny certification even when all [three statutory criteria] are satisfied." *linkLine Commc'ns, Inc. v. SBC Cal., Inc.*, No. 2:03-cv-05265-SVW, slip op. at 28 (C.D. Cal. Apr. 1, 2005).

**III.** **Argument**
  **a. The Motion Does Not Implicate Any Controlling Questions of Law That Would Speedily Terminate Litigation**

The touchstone of the analysis under Section 1292(b) is whether there is a controlling legal question the resolution of which "would more speedily terminate the litigation." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1044 (C.D. Cal. 2013) (interlocutory review is only appropriate if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense."). This does not apply here. This litigation will proceed in substantially the same form and scope whether or not Plaintiffs' Section 11 claims are litigated. This is because the Court has sustained Securities Act claims (Sections 12(a)(2), and 15(a)) and Exchange Act claims (Sections 10(b) and 20(a)) and the facts for these causes of action are predicated on largely the very same facts as Plaintiffs' Section 11 claims. Indeed, this is precisely why courts have consistently rejected interlocutory review where the legal question presented for review is "relevant to only one of several causes of action alleged." *U.S. Rubber Co.*, 359 F.2d at 785; see, e.g., *Carrillo v. Schneider Logistics Trans-Loading and Distribution, Inc.*, 2014 WL 1155403, at *4 (C.D. Cal. Mar. 21, 2014) (holding that where plaintiff had multiple alternative theories of liability, non-dispositive legal question was "not a controlling question").

Second, given the substantial overlap between claims, discovery will be almost identical across

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03679-SVW-AGR | Date | August 8, 2018 |
|---|---|---|---|
| Title | *In Re Snap Inc. Securities Litigation* | | |

all claims. All claims require Plaintiffs to establish that the Registration Statement contained materially false and misleading statements and omissions of material fact—the same false statements and omissions that serve as the basis for Plaintiffs' Section 11 claims. Accordingly, not only does interlocutory review not advance the ultimate termination of the litigation, it does not alter in any meaningful way the evidence that will be developed for trial. *Countrywide*, 966 F. Supp. 2d at 1046 (standard for certification not met where "discovery would proceed in largely the same fashion" regardless of resolution of issue on appeal). Defendants claim that eliminating some claims would still materially advance this case; however, the cases on which Defendants rely are not analogous to the facts before this Court, where one similar claim with similar discovery would continue regardless.[1]

Furthermore, neither question for which Defendants seek interlocutory review involves "a controlling question of law." As the Court recognized, Plaintiffs have adequately pled Section 11 damages under either interpretation of "value" as used in Section 11(e). For Defendants to succeed in this interlocutory appeal, the Ninth Circuit would need to resolve both questions in Defendants' favor.[2]

    **b. Defendants Have Not Established The Necessary Substantial Ground for Difference of Opinion**

The fact that a question of law is merely "uncertain" is insufficient to justify immediate appellate review. *U. S. Rubber Co.*, 359 F.2d at 785.

With regard to whether a security's value must always be its price, Defendants cannot establish a dispute between the Circuits. As this Court noted in its order denying the motion to dismiss, the overwhelming majority of the courts in this and other Circuits analyzing the issue, including the only Court of Appeals to directly address the question, have held that "value" and "price" are not always identical. *See, e.g., NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 165-66 (2d Cir. 2012) ("under § 11, the key is not . . . market price; the key is value"); *Campton v. Ignite*

---

[1] While Defendants are correct that seven Director Defendants might be eliminated, Defendants would have to succeed on both questions for that to occur and there is not a difference of opinion on those questions. See infra, Section III.b.

[2] Plaintiffs correctly note that even if the Ninth Circuit did reach the secondary question of whether the initial complaint date is always determinative of Section 11 damages, it would also have to resolve the additional dispute as to whether the initial complaint in this Action—which under Defendants' view, was deficient for lack of standing—could also bind Plaintiffs and the Class. As the Court has not decided this question (because there was no need), it would create more inefficiency to certify this appeal.

                                                                                                                  :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03679-SVW-AGR | Date | August 8, 2018 |
|---|---|---|---|
| Title | *In Re Snap Inc. Securities Litigation* | | |

*Rest. Grp. Inc.*, 2014 WL 61199, at *5 (S.D. Tex. Jan. 7, 2014) ("Congress' use of the term 'value,' as distinguished from the terms 'amount paid' and 'price' indicates that, under certain circumstances, the market price may not adequately reflect the security's value."); *see also* P. Supp. at 7-9; P. Supp. Reply at 1-3; Order at 15-16.

      Defendants claim that there is a circuit split because of the Ninth Circuit's opinion in *In re Broderbund/Learning Co. Securities Litigation*, 294 F.3d 1201, 1204 (9th Cir. 2002). But *Broderbund* did not resolve the question of Section 11(e)'s use of "price" and "value." The relevant portion of the Ninth Circuit's opinion in *Broderbund* reveals only a passing reference to Section 11(e)(1) without any analysis or consideration of the "value" versus "price" issue. 294 F.3d at 1204. As Plaintiffs noted in briefing before the Court, the only two Ninth Circuit opinions touching on Section 11(e)'s use of "value" versus "price," *Broderbund* and *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1421 (9th Cir. 1994), each found that plaintiffs had failed to prove loss for reasons entirely unrelated to whether Section 11 damages were measured by stock price or some alternative value, and stated that damages can be measured by stock price on the day suit is filed only in passing.

      Furthermore, the plain language of Section 11 provides support for the Court's reasoning. Section 11's statutory text makes a clear distinction between the "price" of a security and the "value" of a security. 15 U.S.C. §77k(e). Defendants claim that "value is the term applied by [§11(e)(1)] to a security that is held, while price is the term applied by [§11(e)(2) and (3)] to a security that is sold." Dkt. 94 at 7-8. But such an interpretation does not have any basis in the statutory text or in any caselaw the Court can find. This further shows that Defendants lack evidence of a "substantial ground for difference of opinion." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 4892391, at *3 (N.D. Cal. Oct. 12, 2012).

      With regard to Defendants' second question, whether the "time such suit is brought" is the date of the first-filed complaint, Defendants fail to show a substantial ground for difference of opinion. Plaintiff correctly notes that the case before the Court is quite different from all of the cases Defendants rely upon in arguing this issue. Defendants cases fail to address the critical questions relevant to the facts of this case: (i) whether an initial complaint that is deficient for a lack of standing provide the operative date for the calculation of Section 11 damages; and (ii) whether the initial complaint date controls for subsequently added defendants. "It is well settled that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Couch*, 611 F.3d at 634. Contrary to Defendants' assertions, holdings that a first-

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | |
|  |  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03679-SVW-AGR | Date | August 8, 2018 |
|---|---|---|---|
| Title | *In Re Snap Inc. Securities Litigation* | | |

filed complaint controls even for subsequently-added defendants are not squarely at odds with this case. Those holdings present entirely different factual scenarios. Furthermore, the Court does not even reach that question in the order that Defendants attempt to appeal.

IV. **Conclusion**

For the reasons set forth above, the Defendants have not met their heavy burden of showing a difference of opinion or controlling question of law, which—if addressed—would avoid protracted and expensive litigation.[3] Defendants' motion for an interlocutory appeal is DENIED.

---

[3] *See U. S. Rubber Co.*, 359 F.2d at 785 (holding that section 1292 "was not intended merely to provide review of difficult rulings in hard cases" and should "be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation").

:

Initials of Preparer

PMC