COURTESY COPY

1　BORIS FELDMAN, State Bar No. 128838
2　Email: boris.feldman@wsgr.com
　　IGNACIO E. SALCEDA, State Bar No. 164017
3　Email: isalceda@wsgr.com
　　WILSON SONSINI GOODRICH & ROSATI
4　Professional Corporation
5　650 Page Mill Road
　　Palo Alto, CA 94304-1050
6　Telephone:　(650) 493-9300
7　Facsimile:　(650) 565-5100

8　*Attorneys for Defendants Snap Inc.,*
9　*Evan Spiegel, Robert Murphy,*
　　*Andrew Vollero, Imran Khan, Joanna*
10　*Coles, A.G. Lafley, Mitchell Lasky,*
11　*Michael Lynton, Stanley Meresman,*
　　*Scott D. Miller, and Christopher*
12　*Young*

13

14

15　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　CENTRAL DISTRICT OF CALIFORNIA
16

17

18　IN RE SNAP INC.　　　　　　　Case No. 2:17-cv-03679-SVW-AGR
　　SECURITIES LITIGATION
19　　　　　　　　　　　　　　　　**CLASS ACTION**

20　　　　　　　　　　　　　　　　**STIPULATED PROTECTIVE**
21　　　　　　　　　　　　　　　　**ORDER GOVERNING THE**
　　　　　　　　　　　　　　　　**PRODUCTION, EXCHANGE,**
22　　　　　　　　　　　　　　　　**AND FILING OF**
23　　　　　　　　　　　　　　　　**CONFIDENTIAL MATERIAL**

24　　　　　　　　　　　　　　　　Honorable Stephen V. Wilson
25

26　This Document Relates To: All Actions
27

28　　　　　　　　　　　　　　　　By Fax

Stipulated Protective Order
No. 2:17-cv-03679-SVW-AGR

IT IS SO ORDERED.
DATED: 8/30/2018
*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action (as defined below) is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, Lead Plaintiff Thomas DiBiase and named Plaintiff David Steinberg (collectively "Plaintiffs") and Defendants Snap Inc. ("Snap"), Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, Christopher Young, Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Allen & Company LLC (collectively, "Defendants") (together with Plaintiffs, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. The Parties further acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT**

Defendants believe that their (or their agents') production of Disclosure or Discovery Materials in this action is likely to involve trade secrets and other

1 | valuable research, development, commercial, financial, technical and/or proprietary
2 | information for which special protection from public disclosure and from use for
3 | any purpose other than prosecution of this action is warranted. Such confidential
4 | and proprietary materials and information consist of, among other things,
5 | confidential business or financial information, information regarding confidential
6 | business practices, or other confidential research, development, or commercial
7 | information (including information implicating privacy rights of third parties),
8 | information otherwise generally unavailable to the public, or which may be
9 | privileged or otherwise protected from disclosure under state or federal statutes,
10 | court rules, case decisions, or common law. Plaintiffs believe that their (or their
11 | agents') production of Disclosure or Discovery Material in this Action is likely to
12 | involve production of confidential, proprietary, or private information for which
13 | special protection from public disclosure and from use for any purpose other than
14 | prosecution of this action is warranted.

15 |       Accordingly, a protective order for such information is justified in this matter
16 | to: (1) expedite the flow of information, (2) facilitate the prompt resolution of
17 | disputes over confidentiality of discovery materials, (3) adequately protect
18 | information the parties are entitled to keep confidential, (4) ensure that the parties
19 | are permitted reasonable necessary uses of such material in preparation for and in
20 | the conduct of trial, (5) address their handling at the end of the litigation, and (6)
21 | serve the ends of justice. It is the intent of the Parties that information will not be
22 | designated as confidential for tactical reasons and that nothing be so designated
23 | without a good faith belief that it has been maintained in a confidential, non-public
24 | manner, and there is good cause why it should not be part of the public record of this
25 | case.

26 | **3.    DEFINITIONS**

27 |       3.1   <u>Action</u>: *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-
28 | SVW-AGR.

3.2 <u>Challenging Party</u>: a Party or Non-Party who challenges the designation as "CONFIDENTIAL" of information or items under this Order.

3.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.4 <u>Counsel</u>: (1) attorneys who have been retained to represent or advise a Party to this Action, including support staff; and/or (2) attorneys who are employees of a Party to this Action.

3.5 <u>Designating Party</u>: a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

3.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.9 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, retained Experts (and their support staffs), and Counsel. For the avoidance of doubt, no putative class member other than a named plaintiff, the Lead Plaintiff, or class representative in the above-captioned litigation constitutes a Party to this Action, and no putative class member other than a named plaintiff, the Lead Plaintiff, or class representative may be given access to Protected Material.

1    3.10 <u>Producing Party</u>: a Party or Non-Party who produces Disclosure or
2 Discovery Material in this Action.

3    3.11 <u>Professional Vendors</u>: persons or entities who provide litigation support
4 services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
5 demonstrations, and organizing, storing, or retrieving data in any form or medium)
6 and their employees and subcontractors.

7    3.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is
8 designated as "CONFIDENTIAL."

9    3.13 <u>Receiving Party</u>: a Party who receives Disclosure or Discovery
10 Material from a Producing Party.

11 **4.   SCOPE**

12    The protections conferred by this Order cover not only Protected Material (as
13 defined above), but also: (1) any information copied or extracted from Protected
14 Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;
15 and (3) any testimony, conversations, or presentations by Parties or their Counsel
16 that might reveal Protected Material.  The protections conferred by this Order,
17 however, do not cover any information: (a) known to the Receiving Party before the
18 disclosure or obtained by the Receiving Party after the disclosure from a source who
19 obtained the information lawfully and under no contractual or legal obligation of
20 confidentiality to the Designating Party; and (b) that is in the public domain at the
21 time of disclosure to a Receiving Party or becomes part of the public domain after
22 its disclosure to a Receiving Party as a result of publication not involving a violation
23 of this Order, including becoming part of the public record through trial or
24 otherwise.

25    Any use of Protected Material at trial shall be governed by the orders of the
26 trial judge. This Order does not govern the use of Protected Material at trial.

27 **5.   DURATION**

28    Even after final disposition of this Action, the confidentiality obligations

1   imposed by this Order shall remain in effect until a Designating Party agrees
2   otherwise in writing or a court order otherwise directs.  Final disposition shall be
3   deemed to be the later of: (1) dismissal of all claims and defenses in this Action,
4   with or without prejudice; and (2) final judgment herein after the completion and
5   exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action,
6   including the time limits for filing any motions or applications for extension of time
7   pursuant to applicable law.

8   **6.    DESIGNATING PROTECTED MATERIAL**

9       6.1    Exercise of Restraint and Care in Designating Material for Protection

10      Each Party or Non-Party who designates information or items for protection
11  under this Order must take care to limit any such designation to specific material
12  that qualifies under the appropriate standards.   The Designating Party must
13  designate for protection only those parts of material, documents, items, or oral or
14  written communications that qualify so that other portions of the material,
15  documents, items, or communications for which protection is not warranted are not
16  swept unjustifiably within the ambit of this Order.

17      Mass, indiscriminate, or routinized designations are prohibited.  Designations
18  that are shown to be clearly unjustified or that have been made for an improper
19  purpose (*e.g.*, to unnecessarily encumber the case development process or to impose
20  unnecessary expenses and burdens on the Receiving Party) may expose the
21  Designating Party to sanctions.

22      If it comes to a Designating Party's attention that information or items that it
23  designated for protection do not qualify for protection, that Designating Party must
24  promptly notify all other Parties that it is withdrawing the inapplicable designation.

25      6.2    Manner and Timing of Designations

26      Except as otherwise provided in this Order (*see, e.g.*, Section 6.2(b) below),
27  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies
28  for protection under this Order must be clearly designated before the material is

1 disclosed or produced.

2      Designation in conformity with this Order requires:

3          a)    For information in documentary form (*e.g.*, paper or electronic

4 documents, but excluding transcripts of depositions or other pretrial or trial

5 proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

6 page that contains protected material in a manner that will not interfere with the

7 legibility of the document. In the case of electronic documents produced in native

8 format, the Producing Party must produce a one-page tagged image file format or

9 TIFF image affixing the word "CONFIDENTIAL" and, if the Producing Party so

10 desires, including the word "CONFIDENTIAL" in the file name.

11          b)    A Party or Non-Party who makes original documents available

12 for inspection need not designate them for protection until after the inspecting Party

13 has indicated which documents it would like copied and produced. During the

14 inspection and before the designation, all of the material made available for

15 inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

16 identified the documents it wants copied and produced, the Producing Party must

17 determine which documents, or portions thereof, qualify for protection under this

18 Order. Then, before producing the specified documents, the Producing Party must

19 affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

20 If only a portion or portions of the material on a page qualifies for protection, the

21 Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making

22 appropriate markings in the margins).

23          c)    For testimony given in depositions, the Designating Party may

24 designate testimony as "CONFIDENTIAL" on the record, before the close of the

25 deposition. In addition, any Party (or any Non-Party that sponsors, offers, or gives

26 deposition testimony) has up to thirty (30) days after the receipt of the final written

27 transcript to serve a Notice of Designation to all parties identifying specific portions

28 of the testimony as to which "CONFIDENTIAL" protection is sought. The entire

1 transcript of any deposition will be treated as if designated "CONFIDENTIAL"
2 until this thirty (30) day period has elapsed. Only those portions of the testimony
3 that are properly designated for protection within thirty (30) days shall be covered
4 by the provisions of this Order. If a Notice of Designation is timely served pursuant
5 to this provision, the court reporter shall mark the designated portions of such
6 deposition transcript(s) with the legend "CONFIDENTIAL." The use of a
7 document as an exhibit at a deposition shall not in any way affect its designation as
8 Protected Material.

9         d)    For information produced in some form other than documentary
10 and for any other tangible items, the Producing Party must affix in a prominent
11 place on the exterior of the container or containers in which the information is stored
12 the legend "CONFIDENTIAL." If only a portion or portions of the information
13 warrants protection, the Producing Party, to the extent practicable, shall identify the
14 protected portion(s).

15         6.3    Inadvertent Failures to Designate

16         An inadvertent failure to designate qualified information or items as
17 "CONFIDENTIAL" does not, standing alone, waive or forfeit the right to so
18 designate, subject to the Receiving Party's right to challenge claims of inadvertence.
19 If a Producing Party inadvertently fails to designate a Disclosure or Discovery
20 Material as "CONFIDENTIAL" that Producing Party may subsequently do so in
21 writing promptly upon discovery of the inadvertent failure to designate, and that
22 material shall be deemed "CONFIDENTIAL" from the date of such designation.
23 Upon correction of a designation, any Receiving Party shall use commercially
24 reasonable efforts to assure that the material is treated in accordance with the
25 provisions of this Order. The Receiving Party shall also use commercially
26 reasonable efforts to ensure that any derivative work generated by or on behalf of
27 the Receiving Party, including analyses, memoranda, or notes that were generated
28 based upon such material before redesignation, shall immediately be treated in

1  conformity with any such redesignation.

2  **7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3  7.1    Timing of Challenges.    Any Party or Non-Party may challenge a
4  designation of confidentiality at any time that is consistent with the Court's
5  Scheduling Order.

6  7.2    Meet and Confer.    The Challenging Party shall initiate the dispute
7  resolution process under Local Rule 37-1 *et seq*.

8  7.3    The burden of persuasion in any such challenge proceeding shall be on
9  the Designating Party.  While a challenge is pending, unless the Designating Party
10  has waived or withdrawn the confidentiality designation, all Parties shall continue to
11  treat the material in question as Protected Material under this Order until the Court
12  rules on the challenge.

13  **8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

14  8.1    Basic Principles

15  A Receiving Party may use Protected Material that is disclosed or produced
16  by another Party or by a Non-Party in connection with this Action only for
17  prosecuting, defending, or attempting to settle this Action.  Such Protected Material
18  may be disclosed only to the categories of persons and under the conditions
19  described in this Order.  When the Action has been terminated, a Receiving Party
20  must comply with the provisions of Section 14 below.

21  8.2    Disclosure of "CONFIDENTIAL" Information or Items

22  Unless otherwise ordered by the Court or permitted in writing by the
23  Designating Party, a Receiving Party may disclose any information or item
24  designated "CONFIDENTIAL" only to:

25  a)     the Parties' Counsel in this Action, as well as employees of said
26  Counsel;

27  b)     the Parties in the Action, as well as the officers, directors, and
28  employees (including in-house counsel) of the Parties;

      c)    the counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

      d)    Experts (as defined in this Order) of who are assisting Counsel for a Party, provided that they have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A and provided that no Discovery Material designated as "CONFIDENTIAL" may be disclosed to any expert or consultant who is currently or was employed or retained on or after September 1, 2017 by Facebook (including Instagram and WhatsApp), Apple, Google (including YouTube), Twitter, Kakao, Naver (including LINE and Snow), and Tencent, except by written agreement of the parties or by order of the Court and any appellate court, and their personnel;

      e)    court reporters and videographers and their staff;

      f)    professional jury or trial consultants (and their staff), mock jurors, and Professional Vendors who are assisting Counsel for a Party, provided that they have signed Exhibit A;

      g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h)    witnesses, noticed or subpoenaed deponents, and their counsel provided that Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any witness or deponent (excluding Parties or current employees of a Party) unless such witness or deponent first signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise ordered by the Court. Those witnesses or deponents who are shown Discovery Material designated as "CONFIDENTIAL" shall not be allowed to retain copies; and

      i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

1    Prior to the use of any Protected Material designed "CONFIDENTIAL" at a
2  hearing to be held in open court, Counsel who desires to use such Protected Material
3  shall take reasonable steps to afford Counsel for the Designating Party a reasonable
4  opportunity to object to the disclosure in open court of such Protected Material.

5  **9.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED
   PRODUCED IN OTHER LITIGATION**

6
7    If a person receiving documents protected by this Order (the "Subpoenaed
8  Person") is served with a subpoena, document demand, or other similar legal
9  process, or a court order issued in another proceeding (including any proceeding
10  before any other court, arbitration panel, regulatory agency, law enforcement or
11  administrative body) that seeks or compels disclosure of any information or items
12  designated in this Action as Protected Material by a Designating Party other than the
13  Subpoenaed Person, that Subpoenaed Person must: (a) promptly notify in writing
14  the Designating Party and provide a copy of the subpoena, document demand, or
15  court order; (b) promptly notify in writing the party who caused the subpoena,
16  document demand, or order to issue in the other proceeding that some or all of the
17  material covered by the subpoena, document demand, or order is subject to this
18  Order, providing a copy of this Order; and (c) refrain from producing any material
19  that has been designated "CONFIDENTIAL" in response to such a subpoena or
20  document demand until the earlier of (x) receipt of written notice from the
21  Designating Party that such party does not object to production of the designated
22  material in question or (y) resolution of any objection asserted by the Designating
23  Party either by agreement or by order of a court with jurisdiction over the objection
24  of the Designating Party.  Notwithstanding the foregoing, unless the Designating
25  Party submits a timely objection seeking an order that the subpoena need not be
26  complied with, and serves such objection upon the Subpoenaed Person prior to the
27  production date required pursuant to the subpoena, the Subpoenaed Person shall be
28  permitted to produce documents responsive to the subpoena on the subpoena

response date.

The Designating Party shall bear its own burden and expense of seeking protection in that court of its confidential material. Compliance by the Subpoenaed Person with any order directing production pursuant to the subpoena of any material designated as Confidential shall not constitute a violation of this Order, provided that the notice required by this Paragraph has been satisfied, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Even if a Non-Party does not designate information it is producing as Protected Material, a Party may so designate the information as "CONFIDENTIAL" if such designation would be proper under the terms of this Order had that information been produced by that Party. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

1           b)     promptly provide the Non-Party with a copy of this Order, the

2  relevant discovery request(s), and a reasonably specific description of the

3  information requested; and

4           c)     make the information requested available for inspection by the

5  Non-Party, if requested.

6       If the Non-Party fails to seek a protective order from this court within 14 days

7  of receiving the notice and accompanying information, the Receiving Party may

8  produce the Non-Party's confidential information responsive to the discovery

9  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

10  not produce any information in its possession or control that is subject to the

11  confidentiality agreement with the Non-Party before a determination by the court.

12  Absent a court order to the contrary, the Non-Party shall bear the burden and

13  expense of seeking protection in this court of its Protected Material.

14  **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Order, the Receiving Party must immediately (a) notify in writing the Designating

18  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

19  unauthorized copies of the Protected Material, (c) inform the person or persons to

20  whom unauthorized disclosures were made of all the terms of this Order, and (d)

21  request such person or persons to execute the "Acknowledgment and Agreement to

22  Be Bound" (Exhibit A).

23  **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
        **PROTECTED MATERIAL**

24

25       In the event that a Producing Party believes in good faith that Discovery

26  Materials subject to a valid claim of attorney-client privilege or work product

27  protection has been produced inadvertently, the Producing Party shall notify the

28  Receiving Party in writing within five (5) business days after so learning or

1    discovering that such production has been made and the basis for claiming such
2    disclosure was inadvertent.    Within seven (7) days of the written notice, the
3    Producing Party also must provide a detailed privilege log that sets forth the
4    information required under Rule 26 and the Local Rules, including a description of
5    the nature of the privilege, to enable the Receiving Party to assess the Producing
6    Party's claim of privilege.

7         When a Producing Party gives notice to Receiving Parties that certain
8    inadvertently produced Disclosure or Discovery Material is subject to a claim of
9    privilege or other protection, the obligations of the Receiving Parties are those set
10   forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11        The disclosure or production of documents protected by the attorney-client
12   privilege, work-product protection, or other privileges or protections, whether
13   inadvertent or otherwise, shall not be a waiver of the privilege or protection from
14   discovery in this Action or in any other federal or state proceeding. This Order shall
15   be interpreted to provide the maximum protection allowed by Federal Rule of
16   Evidence 502(d).   Nothing contained herein is intended to or shall serve to limit a
17   party's right to conduct a review of documents for relevance, responsiveness and/or
18   segregation of privileged and/or protected information before production.   Nothing
19   is intended to or shall serve to limit the right of a party to challenge the privilege or
20   protection asserted on any document.

21        Where it is reasonably apparent to a Receiving Party that the documents or
22   information was inadvertently sent or produced, and the Receiving Party knows or
23   reasonably should know that the documents or information is privileged or subject
24   to the work product doctrine, the Receiving Party shall: (a) refrain from examining
25   the documents or information any more than is necessary to determine that they are
26   privileged or subject to the work product doctrine, (b) promptly notify the Producing
27   Party, and (c) and otherwise treat the information in compliance with Federal Rule
28   of Civil Procedure 26(b)(5)(B).

1     If, during a deposition, the Producing Party asserts for the first time that the

2  information contained in a marked exhibit was inadvertently produced and is

3  privileged or protected work product and the Receiving Party disputes the assertion,

4  the Parties shall cooperate in good faith to reasonably resolve the dispute.  If the

5  dispute cannot be resolved by agreement of the parties, it may be presented to the

6  Court.

7  **13.   MISCELLANEOUS**

8     13.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

9  person to seek its modification by the Court in the future.

10     13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

11  Order no Party waives any right it otherwise would have to object to disclosing or

12  producing any information or item on any ground not addressed in this Order.

13  Similarly, no Party waives any right to object on any ground to use in evidence of

14  any of the material covered by this Order.

15     13.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

16  Protected Material must comply with Local Rule 79-5.  If a Receiving Party's

17  request to file Protected Material under seal pursuant to Local Rule 79-5.2.2(b)(i) is

18  denied by the Court, then the Receiving Party may file the information the public

19  record pursuant to Local Rule 79-5.2.2(b)(ii) unless otherwise instructed by the

20  Court.  Applications for leave to file a document under seal shall be considered

21  timely if filed on or by the date on which such documents would otherwise be due.

22     13.4  <u>Party's Own Use</u>.  This Order has no effect upon, and shall not apply

23  to, the Parties' use of their own documents for any purpose.  Nothing herein shall

24  impose any restrictions on the use or disclosure by a Party of documents, materials

25  or information designated as Protected Material that has been generated or obtained

26  lawfully by that Party independently of these proceedings.

27     13.5  <u>Control of Documents</u>.  Counsel for the Parties shall make reasonable

28  efforts to prevent unauthorized or inadvertent disclosure of Protected Material,

1  including storing and maintaining Protected Material at a location and in a
2  reasonably secure manner so that access is limited to the persons authorized under
3  this Order.  Counsel shall maintain the originals of the forms signed by persons
4  acknowledging their obligations under this Order for a period of one year after final
5  disposition of these proceedings.

6       13.6  <u>All Protected Material to be used only for this Action</u>.  All Protected
7  Material must be used by the Receiving Party solely for the purpose of this Action.
8  Protected Material produced to a Party or Parties, or their Counsel, shall not be used
9  by any Party, or their Counsel, in any other litigation, or for any purpose other than
10 the prosecution or defense of this Action.

11 **14.   FINAL DISPOSITION**

12      Within 60 days after the final disposition of this Action, as defined in Section
13 5, each Receiving Party must use commercially reasonable efforts to return all
14 Protected Material to the Producing Party or destroy such material.  As used in this
15 subdivision, "all Protected Material" includes all copies, abstracts, compilations,
16 summaries, and any other format reproducing or capturing any of the Protected
17 Material.  If requested by a Producing Party in writing within 90 days of final
18 disposition of this Action, each Receiving Party must submit a written confirmation
19 to that Producing Party stating that the Receiving Party has complied with this
20 paragraph by the later of the 60-day deadline set forth above or 7 days after
21 receiving the Producing Party's written request.  Notwithstanding this provision,
22 Counsel are entitled to retain archival copies of all pleadings, motion papers, trial,
23 deposition, and hearing transcripts, legal memoranda, correspondence, deposition
24 and trial exhibits, expert reports, attorney work product, and consultant and expert
25 work product, even if such materials contain Protected Material.  Any such archival
26 copies that contain or constitute Protected Material remain subject to this Order as
27 set forth in Section 5 above.  Additionally, outside counsel may use work product
28 from this Action in subsequent litigation, provided that counsel does not use or

1   disclose another Party's Protected Material.

2       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4   Dated: August 28, 2018           **WILSON SONSINI**
                         **GOODRICH & ROSATI, PC**

5

6                        By: /s/ Ignacio E. Salceda

7                           Ignacio E. Salceda

8                        BORIS FELDMAN (Bar #128838)
                       boris.feldman@wsgr.com

9                        IGNACIO E. SALCEDA (Bar #164017)

10                     isalceda@wsgr.com
                       650 Page Mill Road

11                     Palo Alto, CA 94304

12                     Telephone: (650) 493-9300

13                     Facsimile: (650) 493-6811

14                      *Attorneys for Defendants Snap Inc.,*

15                     *Evan Spiegel, and Andrew Vollero,*
                     *Imran Khan, Joanna Coles, A.G. Lafley,*

16                     *Mitchell Lasky, Michael Lynton, Stanley*

17                     *Meresman, Scott D. Miller, and*
                     *Christopher Young*

18

19   Dated: August 28, 2018           **O'MELVENY & MYERS LLP**

20                        By: /s/ Matthew W. Close

21                         Matthew W. Close

22                      MATTHEW W. CLOSE (Bar #188570)

23                     mclose@omm.com

24                     400 South Hope Street, 18th Floor
                     Los Angeles, CA 90071

25                     Telephone:  (213) 430-6000

26                     Facsimile:  (213) 430-6407

27                     JONATHAN ROSENBERG (*Pro Hac*

28                     *Vice*)

jrosenberg@omm.com
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Morgan Stanley & Co. LLC; Goldman Sachs & Co. LLC; J.P. Morgan Securities LLC; Deutsche Bank Securities Inc.; Barclays Capital Inc.; Credit Suisse Securities (USA) LLC; Allen & Company LLC*

| | |
|---|---|
| 1 | Dated: August 28, 2018 |
| 2 | |

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

By: /s/ Jennifer L. Joost

Jennifer L. Joost

SHARAN NIRMUL (*Pro Hac Vice*)
snirmul@ktmc.com
NATHAN HASIUK (*Pro Hac Vice*)
nhasiuk@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

JENNIFER L. JOOST (Bar #296164)
jjoost@ktmc.com
STACEY M. KAPLAN (Bar #241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Attorneys for Lead Plaintiff Thomas DiBiase and named Plaintiff David Steinberg, and Lead Counsel for the Putative Class*

**ROSMAN & GERMAIN LLP**
DANIEL L. GERMAIN (Bar #143334)
germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Liaison Counsel for the Putative Class*

1

## <u>ATTESTATION OF FILING</u>

2       Pursuant to Local Rule 5-4.3.4 regarding signatures, I, Ignacio E. Salceda,

3   hereby attest that the other signatories listed above, on whose behalf this filing is

4   submitted, concur in the filing's content and have authorized the filing.

5

6   Dated:  August 28, 2018         By:     /s/ Ignacio E. Salceda

7                                  Ignacio E. Salceda

8                        WILSON SONSINI GOODRICH & ROSATI, P.C.

9                        650 Page Mill Road
                     Palo Alto, CA 94304

10                       Telephone: (650) 493-9300
                     Facsimile: (650) 493-6811

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3  DATED:_____

4

5  _____

6  Honorable Alicia G. Rosenberg
7  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  <u>EXHIBIT A</u>

2  *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR

3  <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

4

5  I, _____ [print or type full name], of _____

6  [print or type full address], declare under penalty of perjury that I have read in its

7  entirety and understand the Stipulated Protective Order that was issued by the

8  United States District Court for the Central District of California on _____ in

9  this case.  I agree to comply with and to be bound by all the terms of this Stipulated

10 Protective Order and submit to the jurisdiction of the United States District Court

11 for the Central District of California for enforcement of such terms.  I solemnly

12 promise that I will not disclose in any manner any information or item that is subject

13 to this Stipulated Protective Order to any person or entity except in strict compliance

14 with the provisions of this Order.

15

16

17 Date:_____

18 City and State where sworn and signed:_____

19

20 Printed name:_____

21

22 Signature:_____

23

24

25

26

27

28