BORIS FELDMAN, State Bar No. 128838
Email: boris.feldman@wsgr.com
IGNACIO E. SALCEDA, State Bar No. 164017
Email: isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendants Snap Inc.,*
*Evan Spiegel, Robert Murphy,*
*Andrew Vollero, and Imran Khan*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | Case No. 2:17-cv-03679-SVW-AGR<br><br>**CLASS ACTION**<br><br>**STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER GOVERNING MATERIALS PRODUCED AS "ATTORNEYS' EYES ONLY"**<br><br>The Hon. Stephen V. Wilson |

Pursuant to the Court's Order of October 17, 2018, ECF. No. 137, Lead Plaintiff Thomas DiBiase ("Mr. DiBiase"), proposed named plaintiffs and class representatives Donald R. Allen ("Mr. Allen") and Shawn B. Dandridge ("Mr. Dandridge"), named plaintiff David Steinberg, Lead Counsel and counsel for Messrs. Steinberg, Allen, and Dandridge, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), and Liaison Counsel Rosman & Germain LLP (together, "Plaintiff's Counsel"), and Defendants Snap Inc., Evan Spiegel, Robert Murphy, Andrew Vollero, and Imran Khan ("Defendants"), enter into and respectfully submit for the Court's approval the following Stipulation and Supplemental Protective Order Governing Materials Produced as "Attorneys' Eyes Only" ("Supplemental Protective Order").

**STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER**

1. This Supplemental Protective Order shall govern the Defendants' production of documents until either: (i) the Court adjudicates the lead plaintiff arguments that Defendants have raised in connection with Lead Plaintiff's motion for class certification and Rule 21 motion, and state court plaintiff Iuso's motion to intervene (*see* Minute Order on Motion for Order re Discovery Matters (ECF No. 137)); or (ii) the Court appoints Mr. Allen or Mr. Dandridge as class representative(s) and appoints Kessler Topaz as class counsel.

2. The existing Stipulated Protective Order Governing the Production, Exchange, and Filing of Confidential Material entered on August 30, 2018 (ECF No. 113) (the "Protective Order"), is hereby incorporated by reference.

3. Discovery Material subject to this Supplemental Protective Order shall be stamped "Attorneys' Eyes Only," shall be produced to Plaintiff's Counsel only, and shall be treated as if designated CONFIDENTIAL under the terms of the Protective Order, except that Plaintiff's Counsel may disclose any information or item designed "Attorneys' Eyes Only" only to:

a. Plaintiff's Counsel and Defendants' Counsel in this Action, as well as employees of said Counsel;

b. The counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

c. Experts (as defined in the Protective Order) who are assisting Plaintiff's Counsel, provided that they have signed the "Acknowledgment and Agreement to Be Bound" attached to the Protective Order as Exhibit A and provided that no Discovery Material designated as "Attorneys' Eyes Only" may be disclosed to any expert or consultant who is currently or was employed or retained on or after September 1, 2017 by Facebook (including Instagram and WhatsApp), Apple, Google (including YouTube), Twitter, Kakao, Naver (including LINE and Snow), and Tencent, except by written agreement of the parties or by order of the Court and any appellate court, and their personnel;

d. Court reporters and videographers and their staff serving in this Action;

e. Professional jury or trial consultants (and their staff), mock jurors, and Professional Vendors who are assisting Plaintiff's Counsel, provided that they have signed Exhibit A;

f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g. Witnesses, noticed or subpoenaed deponents, and their counsel provided that Discovery Material designated as "Attorneys' Eyes Only" shall not be disclosed to any witness or deponent (excluding Defendants or current employees of Defendants) unless such

witness or deponent first signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise ordered by the Court. Those witnesses or deponents who are shown Discovery Material designated as "Attorneys' Eyes Only" shall not be allowed to retain copies;

  h. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

 4. For the avoidance of doubt, if a person or entity has previously executed Exhibit A pursuant to the Protective Order, that person or entity need not re-execute Exhibit A before Plaintiff's Counsel may disclose Discovery Material designated as "Attorneys' Eyes Only" pursuant to this Supplemental Protective Order.

 5. For the avoidance of doubt, Section 14 of the existing Protective Order shall govern the final disposition of all copies of Discovery Material designated as "Attorneys' Eyes Only," by any recipient thereof, including, but not limited to, Plaintiff's Counsel.

 6. All Court filings and submissions to the mediator (both draft and final) may be disclosed to Mr. DiBiase, regardless of whether they contain information or items designated by Defendants as "Attorneys' Eyes Only." Moreover, nothing in this Stipulation shall be construed to prevent Plaintiff's Counsel from discussing the strengths and weaknesses of this action with Mr. DiBiase.

 7. If the Court adds Mr. Allen or Mr. Dandridge (or both) as named plaintiff(s), all filings and submissions to the mediator (both draft and final) may be disclosed to such named plaintiff(s) in his capacity as an individual plaintiff, regardless of whether they contain information or items designated by Defendants as "Attorneys' Eyes Only." Moreover, nothing in this Stipulation shall be construed to

Stipulation and Supplemental Protective Order
No. 2:17-cv-03679-SVW-AGR

3

prevent Plaintiffs' Counsel from discussing the strengths and weaknesses of this action with such named plaintiff in his capacity as an individual plaintiff. Mr. Allen and Mr. Dandridge each agree that they are bound by the terms of the Protective Order, as amended by this Supplemental Protective Order.

8. Mr. DiBiase, Mr. Allen, Mr. Dandridge, and Plaintiff's Counsel shall be estopped from using the fact of Defendants' continuing production of documents as a basis to argue that they should be selected as lead plaintiff, named plaintiff, class representative, lead counsel, or class counsel.

9. Defendants shall be estopped from using Mr. DiBiase's, Mr. Allen's, or Mr. Dandridge's lack of access, or Plaintiff's Counsel access to Discovery Material designated by Defendants as "Attorneys' Eyes Only" as a basis to argue that Mr. DiBiase, Mr. Allen, Mr. Dandridge, and Plaintiff's Counsel should not be selected as lead plaintiff, named plaintiff, class representative, lead counsel, or class counsel.

10. In the event that Mr. Allen or Mr. Dandridge (or both) are appointed as class representative(s) and Kessler Topaz appointed as class counsel by the Court, Defendants shall, for all Discovery Material designated as "Attorneys' Eyes Only" pursuant to this Supplemental Protective Order, produce replacements pursuant to the terms of the Protective Order on a reasonably practicable schedule.

IT IS SO STIPULATED.

Dated: October 24, 2018

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

By: /s/ Ignacio E. Salceda
    Ignacio E. Salceda

BORIS FELDMAN (Bar #128838)
boris.feldman@wsgr.com
IGNACIO E. SALCEDA (Bar #164017)
isalceda@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304

|   |   |   |
|---|---|---|
| 1 |  | Telephone: (650) 493-9300 |
| 2 |  | Facsimile: (650) 493-6811 |

*Attorneys for Defendants Snap Inc., Evan Spiegel, Andrew Vollero, and Imran Khan*

Dated: October 24, 2018

**KESSLER TOPAZ MELTZER & CHECK, LLP**

By: /s/ Jennifer L. Joost
     Jennifer L. Joost

SHARAN NIRMUL (*Pro Hac Vice*)
snirmul@ktmc.com
ETHAN J. BARLIEB (*Pro Hac Vice*)
Ebarlieb@ktmc.com
NATHAN HASIUK (*Pro Hac Vice*)
nhasiuk@ktmc.com
JONATHAN F. NEUMANN (*Pro Hac Vice*)

jneumann@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

JENNIFER L. JOOST (Bar #296164)
jjoost@ktmc.com
STACEY M. KAPLAN (Bar #241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Attorneys for Lead Plaintiff Thomas DiBiase, Named Plaintiff David Steinberg, Proposed Named Plaintiffs Donald R. Allen*

*and Shawn B. Dandridge, and Lead Counsel for the Putative Class*

**ROSMAN & GERMAIN LLP**
DANIEL L. GERMAIN (Bar #143334)
germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Liaison Counsel for the Putative Class*

### ATTESTATION OF FILING

Pursuant to Local Rule 5-4.3.4 regarding signatures, I, Ignacio E. Salceda, hereby attest that the other signatories listed above, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 24, 2018      By:   /s/ Ignacio E. Salceda
                                          Ignacio E. Salceda

WILSON SONSINI GOODRICH & ROSATI, P.C.
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 25, 2018

_Alicia G. Rosenberg_
The Honorable Alicia G. Rosenberg
United States Magistrate Judge