**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
jjoost@ktmc.com
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for the Putative Class and*
*Attorneys for Lead Plaintiff Movants*
*the Snap Shareholder Group*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR |
| | **CLASS ACTION** |
| | **DECLARATION OF SHARAN NIRMUL IN SUPPORT OF THE MOTION OF THE SNAP SHAREHOLDER GROUP FOR APPOINTMENT AS LEAD PLAINTIFF** |
| | Date: March 4, 2019 |
| | Time: 1:30 p.m. |
| | Courtroom: 10A |
| | Judge: Hon. Stephen V. Wilson |
| This Document Relates To: All Actions | |

DECLARATION OF SHARAN NIRMUL IN SUPPORT OF THE MOTION OF THE SNAP
SHAREHOLDER GROUP FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 2:17-CV-03679-SVW-AGR

1

I, Sharan Nirmul, declare as follows:

1.    I am a partner with the law firm of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), Lead Counsel for the class and counsel for the Snap Shareholder Group, and I am admitted to practice *pro hac vice* before this Court.  I am also counsel to the Court-appointed Lead Plaintiff Thomas DiBiase ("DiBiase"), and proposed class representatives Donald R. Allen ("Allen") and Shawn B. Dandridge ("Dandridge").  I submit this Declaration in support of the Motion of the Snap Shareholder Group for Appointment as Lead Plaintiff.

2.    Prior to the filing of the Amended Complaint, at my direction, Kessler Topaz's lawyers, investigators, and other employees conducted an extensive investigation of the allegations alleged therein.  In addition to extensive factual research based on SEC filings, analyst reports, industry sources, and consultation with experts, the investigation also included numerous interviews with former Snap employees, including two former employees who are quoted extensively throughout the Amended Complaint.

3.    On June 7, 2018, the Court denied Defendants' motions to dismiss and, consequently, the PSLRA discovery stay was lifted.  Since then, DiBiase and Kessler Topaz, as well as Allen and Dandridge, have engaged in substantial, expedited discovery efforts.  The Court's June 7, 2018 opinion required Plaintiffs to file their motion for class certification by no later than September 5, 2018.  Thereafter, the Court set a trial date of March 12, 2019, which triggered expert disclosures by December 12, 2018, and a pre-trial order by February 14, 2019.

4.    Recognizing the need to streamline the case given the Court's pre-trial schedule, we immediately developed a comprehensive discovery plan that sought to complete all fact discovery by mid-January 2019, and expert discovery by February 4, 2019.  In addition, we expedited class certification by entering into a stipulation with Defendants that provided for a hearing on November 19, 2018, and briefing to be

completed by November 5, 2018.  The parties further agreed to expedite document production and produce DiBiase, Allen, and Dandridge on an expedited basis. Plaintiffs filed their class certification motion on August 30, 2018, a week ahead of the Court's deadline.

5.      Plaintiffs also streamlined the litigation in preparation for trial by entering into tolling agreements and discovery cooperation agreements with the Underwriter Defendants and the Director Defendants in exchange for voluntarily dismissing claims against those defendants without prejudice.  These defendants were fully indemnified by Snap.

6.      On June 29, 2018, DiBiase and Kessler Topaz served forty-nine unique document requests on Snap and the Individual Officer and Director Defendants.  At the same time, DiBiase and Kessler Topaz served thirty-six unique document requests on the Underwriter Defendants.  Since that time, the parties have met and conferred extensively regarding Defendants' document production.  DiBiase and Kessler Topaz also served interrogatories on Defendants, and DiBiase, Allen, and Dandridge have responded to Defendants' interrogatories.

7.      The parties appeared before Magistrate Judge Rosenberg, either in person or via telephonic conference, for three discovery hearings.  Kessler Topaz anticipates raising additional issues related to Defendants' document production with Magistrate Judge Rosenberg should the Snap Shareholder Group be appointed Lead Plaintiff.

8.      DiBiase and Kessler Topaz also served fifteen document subpoenas and four deposition subpoenas on third parties, including Ernst & Young, Jared Leto, PriceWaterhouseCoopers, Oath, Sensor Tower, Anthony Pompliano, and numerous other former Snap employees.  Kessler Topaz has met and conferred extensively with these third parties regarding their respective subpoenas and negotiations remain incomplete on account of the partial stay of this litigation.

9.     In response to these document requests and subpoenas, Kessler Topaz has received the following productions to date: (i) more than 1.5 million pages from Defendants; (ii) more than 26,000 pages from Snap's underwriters; and (iii) more than 1,800 pages from six additional third parties.  Third party production was halted in light of the motion docketed as ECF No. 168 and we anticipate substantial productions from third parties in response to our subpoenas once the partial stay is lifted.

10.     Defendants had represented that they expected to substantially complete document production by no later than mid-January 2019, although the stay of the litigation and the instant dispute has suspended the parties' efforts to meet and confer on any outstanding deficiencies.   Kessler Topaz anticipates receiving additional documents from third parties, from whom production had been ongoing, once the stay is lifted.

11.     At my direction, a substantial portion of the documents that have been produced, including documents identified as most likely to contain relevant information through technology assisted review, have been reviewed by staff and contract attorneys and synthesized for the litigation team.  The litigation team has met weekly with the document review team to discuss key documents identified during the review, the import of these documents to the claims at issue, the relevance for experts, and importance to our trial proof.  Key documents have been built into our deposition kits and proof.

12.     In the course of discovery, the litigation team has identified over twenty-five potential depositions, and honed in on fifteen for which deposition kits have been developed.  To date, we have noticed four depositions of current and former Snap employees, as well as served a comprehensive notice of deposition on Snap under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)").

13.     The parties met and conferred extensively on the topics on which Snap would designate a Rule 30(b)(6) witness, and had reached substantial agreement on the

scope of these depositions.  All previously noticed depositions were set to begin at the end of November, with depositions of three former Snap employees and four Rule 30(b)(6) corporate designees previously confirmed.  While these depositions were taken off calendar because of the partial stay, Kessler Topaz intends to take all such depositions, and notice the remainder of the contemplated depositions, if the Snap Shareholder Group is appointed Lead Plaintiff.

14.    In anticipation of expert disclosures—which were previously due on December 12, 2018 (*see* ECF No. 177)—DiBiase and Kessler Topaz retained two merits experts and one damages expert.  The litigation team has met extensively with our experts, in person and telephonically, in preparation for expert disclosures which were due on December 12, 2018.  Each expert has done substantial work reviewing case materials and preparing for that disclosure deadline.

15.    DiBiase and Kessler Topaz also retained a trial consultant, who has similarly engaged in substantial efforts to assist Kessler Topaz in preparing this case for trial, which was previously set for March 2019.

16.    DiBiase, Allen, and Dandridge have each engaged in substantial discovery efforts as well.  In addition to responding to interrogatories and producing documents in response to Defendants' document requests, Allen and Dandridge were deposed on September 19, 2018, and September 20, 2018, respectively.

17.    As Defendants previously disclosed to the Court, the parties had engaged a mediator and were preparing to mediate this case in accordance with the Court's January 4, 2019 deadline for mediation when the issues concerning the Lead Plaintiff arose.

18.    Kessler Topaz, Allen, and Dandridge are aware of the substance of ECF No. 168, and participated in the negotiation of ECF No. 179.

19.    Kessler Topaz remains committed to aggressively litigating this case on an expedited basis.

1    20.    To date, Kessler Topaz has expended more than 20,000 attorney hours (or

2  more than $7.5 million in lodestar) and hundreds of thousands of dollars in expenses

3  to advancing the interests of the class in this litigation.

4    21.    True and correct copies of the following exhibits are attached:

5           Exhibit A:   The Snap Shareholder Group's sworn certifications pursuant

6                        to the Private Securities Litigation Reform Act of 1995.

7           Exhibit B:   Chart of the Snap Shareholder Group's transaction and losses

8                        in Snap Inc. securities during the Class Period.

9           Exhibit C:   Joint Declaration in Support of the Motion of the Snap

10                       Shareholder Group for Appointment as Lead Plaintiff.

11          Exhibit D:   Firm résumé of Kessler Topaz Meltzer & Check, LLP.

12    I declare under penalty of perjury that the foregoing is true and correct to the

13  best of my knowledge.

14    Executed this 31st day of January 2019.

15

16

17                         Sharan Nirmul

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SHARAN NIRMUL IN SUPPORT OF THE MOTION OF THE SNAP
SHAREHOLDER GROUP FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 2:17-CV-03679-SVW-AGR      5