**PANISH SHEA & BOYLE LLP**
KEVIN R. BOYLE, State Bar No. 192718
boyle@psblaw.com
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
THOMAS A. DUBBS
tdubbs@labaton.com
CAROL C. VILLEGAS
cvillegas@labaton.com
LOUIS GOTTLIEB
lgottlieb@labaton.com
MICHAEL P. CANTY
mcanty@labaton.com
FRANCIS P. MCCONVILLE
fmcconville@labaton.com
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for the State of New Mexico on behalf of the New Mexico State Investment Council and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679- SVW-AGR <br><br> **CLASS ACTION** <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> Date: March 4, 2019 <br> Time: 1:30 p.m. <br> Courtroom: 10A – 10th Floor <br> Judge: Honorable Stephen V. Wilson |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT ........................................................................................................... 1

I. NEW MEXICO SIC SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................................... 1

II. THE COMPETING MOVANTS HAVE FAILED TO REBUT NEW MEXICO SIC'S PRESUMPTIVE LEAD PLAINTIFF STATUS ........................................................................................................ 2

    A. New Mexico SIC's Trading Pattern Does Not Affect Its Adequacy or Typicality .............................................................. 2

    B. New Mexico SIC Timely Filed Its Motion and Is Not Subject to any Statute of Limitations Defenses ....................... 4

        1. New Mexico SIC's Motion Is Timely ............................... 5

        2. *China Agritech* Does Not Apply ...................................... 6

    C. New Mexico SIC Has Standing to Bring Claims on Behalf of the Funds It Manages ........................................................... 8

III. GUPTA REMAINS ATYPICAL AND UNFIT TO SERVE AS LEAD PLAINTIFF ............................................................................................... 10

IV. ALL REMAINING MOTIONS SHOULD BE DENIED ............................ 11

V. SSG'S CO-LEAD REQUEST SHOULD BE DENIED ............................... 11

CONCLUSION ..................................................................................................... 12

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asberry v. Money Store*,
 No. 2:18-CV-01291-ODW (PLAx), 2018 WL 3807806 (C.D. Cal.
 Aug. 8, 2018), *reconsideration denied*, 2018 WL 6834309
 (C.D. Cal. Dec. 27, 2018) .................................................................................7

*Banks v. Pyramid Consulting, Inc.*,
 No. 3:18-CV-00078-H-JLB, 2018 WL 3570239
 (S.D. Cal. July 25, 2018).....................................................................................7

*Bodri v. Gopro, Inc.*,
 No. 16-cv-00232-JST, 2016 WL 1718217
 (N.D. Cal. Apr. 28, 2016) ...................................................................................4

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002)................................................................... 1, 2, 12

*China Agritech, Inc. v. Resh*,
 138 S. Ct. 1800 (2018) ........................................................................... 4, 6, 7, 8

*In re Comput. Scis. Corp. Sec. Litig.*,
 288 F.R.D. 112 (E.D. Va. 2012)..........................................................................4

*Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*,
 No. 13 C 2111, 2013 WL 3934243 (N.D. Ill. July 30, 2013)..............................3

*Doshi v. Gen. Cable*,
 No. 2:17-025, 2017 WL 5178673 (E.D. Ky. Nov. 7, 2017)................................3

*Endress v. Gentiva Health Servs., Inc.*,
 278 F.R.D. 78 (E.D.N.Y. 2011) ..........................................................................6

*Fort Worth Empls.' Ret. Fund v. J.P. Morgan Chase & Co.*,
 862 F. Supp. 2d 322 (S.D.N.Y. 2012) ................................................................5

*Hart v. BHH, LLC*,
 No. 15CV4804, 2018 WL 5729294 (S.D.N.Y. Nov. 2, 2018) ...........................7

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

ii

*Hom v. Vale, S.A.*,
  No. 1:15-cv-9539-GHW, 2016 WL 880201
  (S.D.N.Y. Mar. 7, 2016) ........................................................................................3

*In re IMAX Sec. Litig.*,
  272 F.R.D. 138. (S.D.N.Y. 2010)..........................................................................3

*In re Impax Labs. Inc. Sec. Litig.*,
  No. C 04–04802 JW, 2008 WL 1766943
  (N.D. Cal. Apr. 17, 2008 ) .....................................................................................3

*Juliar v. SunOpta, Inc.*,
  No. 08 Civ. 933 (PAC), 2009 WL 1955237
  (S.D.N.Y. Jan. 30, 2009).........................................................................................3

*Kinney v. Capstone Turbine Corp.*,
  No. CV 15-8914 DMG, 2016 WL 5341948
  (C.D. Cal. Feb. 29, 2016) ....................................................................................11

*In re Leapfrog Enters., Inc. Sec. Litig.*,
  No. C-03-05421 RMW, 2005 WL 3801587
  (C.D. Cal. Nov. 23, 2005) ..............................................................................4, 12

*Lindblom v. Santander Consumer USA, Inc*,
  No. 1:15-CV-00990-BAM, 2018 WL 3219381
  (E.D. Cal. June 29, 2018).......................................................................................7

*Maiman v. Talbott*,
  No. SACV090012AGANx, 2009 WL 10675075
  (C.D. Cal. Sept. 14, 2009)...................................................................................2, 3

*In re Neopharm, Inc. Sec. Litig.*,
  No. 02 C 2976, 2004 WL 742084 (N.D. Ill. Apr. 7, 2004) ..................................5

*NMSIC v. Weinstein*,
  382 P.3d 923 (N.M. Ct. App. 2016) .....................................................................9

*Old Person v. Brown*,
  312 F.3d 1036 (9th Cir. 2002)...............................................................................5

*Pepper v. United States*,
  562 U.S. 476 (2011)..............................................................................................10

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

iii

*Phuong Ho v. NQ Mobile, Inc.*,
   No. 13 CIV. 8125 WHP, 2014 WL 1389636
   (S.D.N.Y. Apr. 9, 2014) ................................................................................. 9

*Piven, v. Sykes Enters. Inc.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000) ....................................................... 10

*Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*,
   No. 14 C 2032, 2018 WL 3659349 (N.D. Ill. Aug. 2, 2018) ......................... 8

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ................... 9

*Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*,
   902 F.3d 735 (7th Cir. 2018) ......................................................................... 7

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) .................................................................. 4

*Turocy v. El Pollo Loco Holdings, Inc.*,
   No. SA CV 15-1343-DOC, 2018 WL 3343493
   (C.D. Cal. July 3, 2018) .............................................................................. 11

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod.
   Liab. Litig.*,
   349 F. Supp. 3d 881 (N.D. Cal. 2018) .......................................................... 7

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
   549 F.3d 100 (2d Cir. 2008) .......................................................................... 9

*Walker v. Life Ins. Co. of Sw.*,
   No. CV10-09198-JVS(RNBX), 2018 WL 3816716
   (C.D. Cal. July 31, 2018) .............................................................................. 7

*Wetnzer v. Sanofi Pasteur Inc.*,
   909 F.3d 604 (3d Cir. 2018) .......................................................................... 8

*In re Williams Sec. Litig. WMB Subclass WCG Subclass*,
   No. 02-CV-72-H (M), 2004 WL 7333536 (N.D. Okla. Nov. 17,
   2004), *report and recommendation adopted sub nom. In re
   Williams Sec. Litig.,* No. 02-CV-72-H(M), 2005 WL 8159599
   (N.D. Okla. Jan. 18, 2005) ............................................................................ 5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

iv

**Rules & Statutes**

Fed. R. Civ. P. 23 ..................................................................................................1, 7

15 U.S.C. § 78u-4 *et seq.* ......................................................................................*passim*

N.M. STAT. ANN. 46A-8-811 ...................................................................................9

N.M. STAT. ANN. § 6-8-4 .....................................................................................8, 9

N.M. STAT. ANN. § 6-8-7(G) ................................................................................9, 10

**Docketed Cases**

*Smyth v. Yu Chang*,
 No. 13-cv-03008-RGK-PJW (C.D. Cal.) ..........................................................7

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
 No. 10-cv-302-MRP-MAN, slip op. (C.D. Cal. May 14, 2010) .......................12

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

v

Presumptive Lead Plaintiff New Mexico SIC respectfully submits this reply memorandum in further support of its motion for appointment as lead plaintiff, and in opposition to the competing motions.[1]

## ARGUMENT

### I. NEW MEXICO SIC SHOULD BE APPOINTED LEAD PLAINTIFF

New Mexico SIC is the only movant to satisfy the lead plaintiff criteria set forth under the PSLRA and Ninth Circuit precedent. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-32 (9th Cir. 2002). Unlike all other movants in this case, New Mexico SIC—a large, sophisticated institutional investor—is precisely the type of investor Congress sought to empower to lead securities class actions as reflected in the legislative history of the PSLRA. In addition to indisputably possessing the largest financial interest of any eligible movant,[2] New Mexico SIC also readily satisfies the requirements under Rule 23, thereby mandating appointment as Lead Plaintiff in this litigation.

In light of the record to date, New Mexico SIC also respectfully submits that it is the *only* lead plaintiff candidate able to effectively manage this litigation and oversee counsel. The competing narratives put forth by the other movants—revealing lead plaintiff swaps and backroom deals between counsel—showcase the need for a reputable lead plaintiff to control this action. *See* ECF Nos. 238, at 9-14; 241, at 9, 16-19. New Mexico SIC has the resources, skills, and experience to best prosecute this litigation. Further, New Mexico SIC's counsel has articulated a

---

[1] Capitalized terms are defined in New Mexico SIC's moving and opposition memoranda unless otherwise indicated. *See* ECF Nos. 216, 240. All emphases are added and internal citations omitted, unless otherwise noted.

[2] Competing movants (other than Gupta) concede that New Mexico SIC has a greater financial interest. *See* ECF No. 234 (New Mexico SIC "possesses the 'largest financial interest'" and that its selection "will clearly benefit the putative class"); ECF No. 238, at 6 (New Mexico SIC has "a greater financial interest in this action than the Snap Investor Group"); ECF No. 237, at 2 ("competing movants [New Mexico SIC] claims losses larger than the Ghosh").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

1

1  plan to quickly and orderly steer this case back on course immediately after
2  appointment. *See* ECF No. 240 at 23. Therefore, New Mexico SIC respectfully
3  requests that the Court grants its motion.

## II. THE COMPETING MOVANTS HAVE FAILED TO REBUT NEW MEXICO SIC'S PRESUMPTIVE LEAD PLAINTIFF STATUS

Once the most adequate plaintiff presumption is triggered, the relevant inquiry is not whether another movant might somehow better protect the interests of the Class—and here, competing movants clearly cannot—but whether those movants have presented ***proof***, not mere speculation, that the presumptive lead plaintiff will not fairly represent the interests of the Class. *See Cavanaugh*, 306 F.3d at 732. The competing movants have not, and cannot, offer any such ***proof***.

### A. New Mexico SIC's Trading Pattern Does Not Affect Its Adequacy or Typicality

The Snap Shareholder Group ("SSG") and Gupta argue that New Mexico SIC is "subject to unique defenses" because it sold all of its shares before the end of the Class Period and therefore lacks standing for the final corrective disclosure in the Action. *See* ECF Nos. 241, at 13-15 (SSG), and 242, at 20 (Gupta).

The Court should reject competing movants' conjecture. As established in prior submissions (*see* ECF No. 240, at 16), New Mexico SIC held Snap stock on all three partial corrective disclosures during the Class Period. *See* ECF No. 92, at 2 (considering Snap's stock price declines between May 10, 2017 and August 10, 2017). While New Mexico SIC sold its shares prior to the final disclosure, that is not an impediment to serving as lead plaintiff. *See, e.g.*, *Maiman v. Talbott*, No. SACV090012AGANx, 2009 WL 10675075, at *3 (C.D. Cal. Sept. 14, 2009) (rejecting argument against lead plaintiff movant "who sold their shares before the end of the class period," because "[l]oss causation . . . can be established by partial

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

2

disclosure *during the class period* which causes the price of shares to decline") (emphasis in original).[3]

The cases cited to support competing movants' argument are out-of-circuit or otherwise non-controlling, distinguishable as to New Mexico SIC, or inapposite. For example, in *Doshi*, Judge Bertelsman disqualified a "net gainer" who also sold "more shares than it bought during the Class Period" over adequacy concerns because the bulk of shares purchased at fair market value were prior to the class period at issue. *See Doshi v. Gen. Cable*, No. 2:17-025 (WOB-CJS), 2017 WL 5178673, at *3 (E.D. Ky. Nov. 7, 2017). Here, New Mexico SIC is not a net gainer, but suffered substantial losses as a result of Defendants' fraud. In *Navistar*, the court rejected a lead plaintiff candidate because he sold *all* of his shares after the *first* and "*most innocuous* of the three disclosures," suffering "no injury" related to the "more glaring admissions alleged in the later [two] disclosures." *Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*, No. 13 C 2111, 2013 WL 3934243, at *4-5 (N.D. Ill. July 30, 2013). By contrast, New Mexico SIC held Snap stock over multiple corrective disclosures, including the most significant disclosure on May 10, 2017.[4]

Finally, even if the Court were to entertain SSG's and Gupta's theoretical argument to its desired conclusion—*i.e.*, that New Mexico SIC may lack standing

---

[3] *See also Juliar v. SunOpta, Inc.*, No. 08 Civ. 933 (PAC), 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (finding movant adequate and typical where it "sold all its shares after a partial disclosure of misconduct by the defendant but before the final disclosure"); *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *6 n.3 (S.D.N.Y. Mar. 7, 2016) ("[L]oss causation 'does not require full disclosure and can be established by partial disclosure during the class period which causes the price of shares to decline.'").

[4] Gupta's cited authorities are similarly inapposite. *See In re IMAX Sec. Litig.*, 272 F.R.D. 138, 154-55. (S.D.N.Y. 2010) (rejecting lead plaintiff candidate that divested all of its holdings after the first alleged disclosure, which the court later ruled to be non-actionable); *In re Impax Labs. Inc. Sec. Litig.*, No. C 04–04802 JW, 2008 WL 1766943, at *6-7 (N.D. Cal. Apr. 17, 2008 ) (removing lead plaintiff who sold all its shares prior to the *only* corrective disclosure established by the court).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

3

for the final disclosure—that argument fails because it is well established that a lead plaintiff need not have standing to state a claim on every single day of the class period. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005) ("[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action").[5]

New Mexico SIC respectfully submits that the divestiture of its holdings prior to the final corrective disclosure does ***not*** affect its adequacy or typicality. *See In re Leapfrog Enters., Inc. Sec. Litig.*, No. C-03-05421 RMW, 2005 WL 3801587, at *3 (C.D. Cal. Nov. 23, 2005) (holding that "the lead plaintiffs needed only to prove that they suffered ***a*** concrete injury because of defendants' wrongdoing, not ***every*** injury alleged by the class.") (emphasis in original).[6]

### B. New Mexico SIC Timely Filed Its Motion and Is Not Subject to any Statute of Limitations Defenses

Competing movants also argue that New Mexico SIC's lead plaintiff motion is untimely and subject to statute of limitations defenses under *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). These arguments lack merit.

---

[5] As previously noted (*see* ECF No. 240, at 17 n.8), and to the extent necessary, New Mexico SIC is prepared to add an additional class representative who held Snap shares through the August 10, 2017 disclosure, thereby preemptively addressing any potential concerns that may be raised during this litigation. *See Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) (concluding that "additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims"). For these reasons, Gupta's request to serve as a "Co-Lead Plaintiff" to "ensure that claims of all potential class members are preserved" (ECF No. 252, at 19 and 21) is unnecessary and should be rejected.

[6] The Snap Investor Group's argument that New Mexico SIC is subject to the "same fatal unique defenses which has disqualified Gupta" is also wrong. Gupta is atypical due to his ***disproportionately large*** post-disclosure purchase, which this Court already found "more than ***double[d]*** his holdings in Snap." *See* ECF No. 54, at 6. New Mexico SIC's 14 percent post-disclosure investment is nowhere near that level and does not threaten typicality. *See, e.g.*, *In re Comput. Scis. Corp. Sec. Litig.*, 288 F.R.D. 112 (E.D. Va. 2012) (declining to find lead plaintiff atypical at class certification stage as it had only purchased 24.8 percent of its shares after a corrective disclosure).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

4

### 1. New Mexico SIC's Motion Is Timely

The Snap Investor Group ("SIG") and Gupta contend that New Mexico SIC's motion is untimely since it did not move for lead plaintiff within the initial 60 day window pursuant to the PSLRA. *See* ECF Nos. 238, at 4–5 (SIG), and 242, at 14–15 (Gupta). This argument contravenes the plain language of the Court's order reopening the lead plaintiff process "***for any party to move***." ECF No. 208, at 4.[7] Indeed, "[i]t is disingenuous to insist that the PSLRA mandates a particular result, when the PSLRA does not address the procedure for appointment of a new lead plaintiff in the situation where a previously appointed lead plaintiff withdraws." *In re Williams Sec. Litig. WMB Subclass WCG Subclass*, No. 02-CV-72-H (M), 2004 WL 7333536, at *2 (N.D. Okla. Nov. 17, 2004), *report and recommendation adopted sub nom. In re Williams Sec. Litig.,* No. 02-CV-72-H(M), 2005 WL 8159599 (N.D. Okla. Jan. 18, 2005) (rejecting argument that only initial filers may be appointed lead plaintiff).

Courts routinely reopen lead plaintiff candidacy to any movant upon the withdrawal of the appointed lead plaintiff. *See, e.g.*, *In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2004 WL 742084, at *3 (N.D. Ill. Apr. 7, 2004) (allowing *any* party to move for lead plaintiff after withdrawal of appointed lead plaintiff); *Fort Worth Empls.' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 328 (S.D.N.Y. 2012) (inviting any movant to file after lead plaintiff withdrawal).

In addition, Gupta's and the SIG's contentions that they are entitled to priority are equally unavailing. *See* ECF Nos. 242, at 14-15 and 238, at 4-5. While they cite a handful of out-of-Circuit cases where courts have, in their discretion, given priority to first-filers (all representing a departure from the

---

[7] Not only is the plain language clear, but as a controlling judicial order—just like the order deeming Gupta's atypical—it is the "law of the case" and should not be disturbed. *See Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002); ECF No. 240, at 9 (discussing law of the case doctrine).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

5

PSLRA's criteria), the unique situation here precludes it: Gupta has already been deemed atypical and the SIG is a lawyer-constructed group. *See Endress v. Gentiva Health Servs., Inc.*, 278 F.R.D. 78, 83 (E.D.N.Y. 2011) (finding that "unique circumstances" precluded priority to first-filers). To prioritize these movants would only harm the Class.

Simply put, New Mexico SIC timely filed its motion.

### 2. China Agritech Does Not Apply

Gupta and Ghosh also put forth an overly-expansive and plainly incorrect reading of *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018) in an attempt to argue New Mexico SIC is subject to a statute of limitations defense. *See* ECF Nos. 242, at 16-17, and 237, at 9. This argument is wrong.[8]

*China Agritech* re-affirmed the Court's decision in *American Pipe* that "the timely filing of a class action tolls the applicable statute of limitations ***for all persons encompassed by the class complaint***." *China Agritech,* 138 S. Ct. at 1804 (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-54 (1974)). Therefore, the filing of this Action tolled the applicable statute of limitations with respect to all members of the putative class, including New Mexico SIC.

The specific issue presented in *China Agritech* was whether *American Pipe* "permit[ted] the maintenance of a ***follow-on*** class action"—*i.e.*, a new class action—"past [the] expiration of the statute of limitations":

> The question presented in the case now before us: Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, ***commence a class action anew*** beyond the time allowed by the applicable statute of limitations? Our answer is no.

---

[8] Significantly, Ghosh *admits* that any application of *China Agritech* as applied to New Mexico SIC "may ultimately prove unsuccessful" (and chooses to not provide this Court with any additional case law on point). ECF No. 237, at 13.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

6

*Id.* In *China Agritech*, the Supreme Court was faced with "the ***third*** class action . . . alleging materially identical violations of the Securities Exchange Act of 1934," which without the benefit of tolling, would have been untimely. *Id.* at 1801-02. Notably, class certification had been denied on the merits in the previous action (*see Smyth v. Yu Chang*, No. 13-cv-03008-RGK-PJW (C.D. Cal.), (ECF No. 112)), which was subsequently ***dismissed*** with prejudice and administratively closed (*see id.*, ECF No. 136). The holding in *China Agritech*, therefore, is limited to the ***filing of successive class actions*** in order to preserve the applicable statute of limitations. *See id.* at 1805–11; *see also Walker v. Life Ins. Co. of Sw.*, No. CV10-09198-JVS(RNBX), 2018 WL 3816716, at *5 (C.D. Cal. July 31, 2018) (*China Agritech* "does not allow a putative class member to file a ***new*** class action lawsuit after the statute of limitations").[9]

That holding has no application here. As a threshold matter, unlike in *China Agritech*, this Court did not "deny" class certification on the merits but merely postponed its decision in the wake of DiBiase's withdrawal. *See* ECF No. 54, at 4 ("The Court need not address the issue of class certification until a new Lead Plaintiff is appointed.").[10] New Mexico SIC has not sought to bring the type of "untimely successive class action[]" at issue in *China Agritech*. *China Agritech*, 138 S. Ct. at 1806; *see also Hart v. BHH, LLC*, No. 15CV4804, 2018 WL

---

[9] *See also, e.g., Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 742 (7th Cir. 2018) (same); *Lindblom v. Santander Consumer USA, Inc*, No. 1:15-CV-00990-BAM, 2018 WL 3219381, at *6 (E.D. Cal. June 29, 2018) (same); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 349 F. Supp. 3d 881 (N.D. Cal. 2018) (same); *Asberry v. Money Store*, No. 2:18-CV-01291-ODW (PLAx), 2018 WL 3807806, at *8 (C.D. Cal. Aug. 8, 2018), *reconsideration denied*, 2018 WL 6834309 (C.D. Cal. Dec. 27, 2018) (same); *Banks v. Pyramid Consulting, Inc.*, No. 3:18-CV-00078-H-JLB, 2018 WL 3570239, at *4 (S.D. Cal. July 25, 2018) (same).

[10] Furthermore, class certification at this stage in the litigation is inherently preliminary and always subject to change further in course. *See* FED. R. CIV. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgement").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

7

5729294, at *2 (S.D.N.Y. Nov. 2, 2018) (reasoning that "[t]he linchpin of the *China Agritech* decision was that plaintiffs there ***brought the action after the denial of class certification in the prior action***") (emphasis in original). Instead, New Mexico SIC—pursuant to this Court's order (ECF No. 208)—seeks to be appointed lead plaintiff in the pending class action, in which timely class claims have already been asserted. *China Agritech*'s bar on untimely successive class actions has no bearing whatsoever on New Mexico SIC's lead plaintiff motion.

Disregarding the clear holding of *China Agritech*, however, Gupta selectively quotes case law to erroneously suggest that *China Agritech* could be applicable to ***all class claims***, regardless of whether they are in the ***same*** litigation. *See* ECF No. 242, at 16-17. Not one case says so, and the opinions Gupta relies upon are either contradictory or inapposite. For example, *Practice Management* involved the "third successive class action case" filed after the statute of limitations had run. *See Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*, No. 14 C 2032, 2018 WL 3659349, at *1 (N.D. Ill. Aug. 2, 2018) ("*American Pipe* does not permit the maintenance of *a **follow-on class action*** past expiration of the statute of limitations."). Similarly, in *Wetnzer*, the Third Circuit merely held that "individuals who were named plaintiffs in an initial class action [cannot] toll their own statute of limitations" for the purposes of filing ***new*** actions. *Wetnzer v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018).

In sum, because New Mexico SIC seeks to be appointed lead plaintiff in the pending timely-filed class action, *China Agritech* does not apply.

### C. New Mexico SIC Has Standing to Bring Claims on Behalf of the Funds It Manages

Gupta attempts to mislead this Court by reading ambiguity into New Mexico SIC's structure and clear statutory authority. To be clear, New Mexico SIC is pursuing the current litigation as trustee on behalf of the funds it controls, as well

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

8

as in its capacity as an arm of the State of New Mexico, under the management and control of the New Mexico Attorney General's Office. Gupta's transparent attempt to deprive the Class of effective leadership must be rejected.

As a preliminary matter, the New Mexico State Investment Officer ("SIO"), by signing the certification, was acting in his capacity as an agent of New Mexico SIC. *See* N.M. STAT. ANN. § 6-8-4 (West) ("The [SIO] shall be appointed by the [SIC]. . . . The [SIO] shall serve the will of the [SIC]"). The SIO, by signing the certification, was also acting in his capacity as trustee over the funds managed by New Mexico SIC, as **both** the SIO and New Mexico SIC are trustees of "all funds under their control." *Id.* § 6-8-7.[11] It is long-settled that trustees have standing to bring securities class action claims on behalf of the funds they manage. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109-10 (2d Cir. 2008) ("courts historically have permitted '[t]rustees [to] bring suits to benefit their trusts'") (alteration in original) (quoting *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008)).[12]

In addition, the very same statute naming the SIO and New Mexico SIC trustees of the funds under their control, grants the SIC the authority to pursue litigation on behalf of the funds. *See* N.M. STAT. ANN. § 6-8-7(G) (West) ("The

---

[11] The fact that Gupta's counsel cites this very statute, yet then attempts to portray New Mexico SIC as an investment advisor is simply preposterous. *See* ECF No. 242, at 23-24. In addition, the case Gupta's counsel cites to cast doubt on New Mexico SIC wholly fails to add anything to their argument. *See* ECF No. 242, at 21-22. *NMSIC v. Weinstein* found that New Mexico SIC's **delegation of settlement authority** in a litigation it brought on behalf of the funds it manages in its capacity as trustee was improper, which was then ratified **by a vote** of New Mexico SIC. *See* 382 P.3d 923, 942, 945 (N.M. Ct. App. 2016).

[12] *See also, e.g.*, N.M. STAT. ANN. 46A-8-811 ("A trustee shall take reasonable steps to **enforce claims of the trust** and to defend claims against the trust"); *Phuong Ho v. NQ Mobile, Inc.*, No. 13 CIV. 8125 WHP, 2014 WL 1389636, at *3 n.3 (S.D.N.Y. Apr. 9, 2014) (collecting cases for the proposition that trustees have standing to bring claims on behalf of their trusts); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *11 (W.D. Tenn. Dec. 15, 2010) ("Sulieman, as trustee, has a **well recognized right** to sue on behalf of the trust").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

9

[SIC] may contract for legal services for litigation . . . ."). Further, Gupta's attempt to paint this as a unilateral decision outside the knowledge of the New Mexico Attorney General is patently false. *See id.* § 6-8-7(G)(2) ("the council shall submit each proposed [legal services] contract to the attorney general and the department for review of the contingency fee").

For the foregoing reasons, this Court should ignore Gupta's gamesmanship and evaluate New Mexico SIC—the only institutional movant—on the merits.

### III. GUPTA REMAINS ATYPICAL AND UNFIT TO SERVE AS LEAD PLAINTIFF

The Court has already determined ***as a matter of law*** that Gupta is atypical and subject to unique defenses, and as such, his motion should be denied without consideration. *See Pepper v. United States*, 562 U.S. 476, 506 (2011) (concluding "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").[13]

Gupta attempts to defend his typicality by arguing that he engaged in a "common investment strategy" of "averaging down" the cost of an investment, which is "consistent with the fraud-on-the-market theory." *See* ECF No. 242, at 11. This assertion, however, mischaracterizes his Snap holdings. As this Court found, Gupta's post-disclosure purchases of 150,000 shares "more than ***double[d]*** his holdings in Snap" with "over [59]% of the losses he claims in this suit stem[ming] from the post-disclosure purchases." ECF No. 54, at 6. Gupta's underlying trading pattern—a "disproportionally large percentage" of post-

---

[13] Moreover, despite multiple rounds of briefing, Gupta still remains shrouded in mystery, having provided almost no meaningful information for the Court to ascertain whether he has the capacity, fiduciary experience, or motivation to effectively monitor a complex securities class action or oversee the efforts of counsel. *See Piven, v. Sykes Enters. Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (rejecting movant where "[t]here is a dearth of information regarding [movant] in the record").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

10

disclosure purchases after the most impactful corrective disclosure—subjects him to the same unique defenses notwithstanding his investment strategy.[14]

## IV. ALL REMAINING MOTIONS SHOULD BE DENIED

In addition to inferior financial interests, both the SSG and SIG are irreconcilably un-cohesive groups with no pre-existing relationship, and therefore cannot serve as lead plaintiff. *See Kinney v. Capstone Turbine Corp.*, No. CV 15-8914 DMG (RAOx), 2016 WL 5341948, at *3-4 (C.D. Cal. Feb. 29, 2016). The five member SSG group was cobbled together for the purpose of aggregating the largest loss, and oddly excludes Donald R. Allen and Shawn B. Dandridge—the only two individual investors previously deposed as proposed class representatives in this case. *See* ECF No. 219-4, at 24 ¶ 13. *See* ECF Nos. 114-3 and 114-4 (certifications of Allen and Dandridge, respectively, indicating minor losses). This "group" on its face lacks any cohesiveness or demonstrated ability to oversee counsel, a lead plaintiff's most important function.

The infighting between the counsel of Ghosh and SIG reveals both movants as nothing more than the pawns of counsel. *See* ECF Nos. 238, at 9–11; 239-1. The evidence of counsel's failed negotiations put forth before this Court—in which Ghosh and SIG were nearly forced together by the machinations of counsel—offer a window into the type of dysfunction and lack of client independence that the PSLRA was specifically intended to discourage.

## V. SSG'S CO-LEAD REQUEST SHOULD BE DENIED

Despite *Cavanaugh*'s clear sequential process, the SSG continues to request co-lead appointment "to protect the interests of the class." ECF No. 241, at 19. While New Mexico acknowledges that significant work went into counsels'

---

[14] In addition, Gupta's "new" authority is readily distinguishable. *See Turocy v. El Pollo Loco Holdings, Inc.*, No. SA CV 15-1343-DOC (KESx), 2018 WL 3343493, at *20 (C.D. Cal. July 3, 2018) (finding that *post* class period purchases *months* after the fraud had ended were not unusual—thus wholly inapplicable to Gupta's disproportionate *class period purchases*).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

11

1  investigation of the facts and the drafting of the consolidated complaint and the
2  opposition to defendants' motion to dismiss, this is not a legitimate consideration
3  for the appointment of lead plaintiff. *See Leapfrog Enters.*, 2005 WL 3801587, at
4  *2 ("*Cavanaugh* squarely holds that such peripheral issues [*i.e.*, filing consolidated
5  amended complaint, serving document preservation subpoenas, and development
6  of intimate knowledge of case within two year period] cannot be the basis for
7  elevating a particular plaintiff to lead status").
8        In *Maine State Retirement System v. Countrywide Financial Corp.*, No. 10-
9  cv-302-MRP-MAN, slip op. (C.D. Cal. May 14, 2010) (attached hereto as Ex. A
10 to the Declaration of Kevin R. Boyle), Judge Pfaelzer rejected the same argument
11 on a lead plaintiff motion by a group of investors who had been litigating that case
12 for the previous 29 months. *Id.* at 6, 11. After finding that a competing movant,
13 who was new to the case, had the largest financial interest, Judge Pfaelzer
14 disposed of the "peripheral issues" raised by the original lead plaintiff, holding
15 "that the Court cannot engage in the sort of comparative analysis suggested by
16 [the original lead plaintiff]." *Id.* at 11.
17       After approximately 14 months of prosecution, but before depositions
18 began, the instant case is certainly no more advanced procedurally than *Maine*
19 *State Retirement System*. The SSG cannot rely on their counsel's work on the
20 case as the basis to be appointed co-lead plaintiff.
21       **CONCLUSION**
22       For all the foregoing reasons, New Mexico SIC respectfully requests that the
23 Court grant its motion, and deny all competing motions.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

12

| | |
|---|---|
| DATED: February 15, 2019 | Respectfully submitted, |
| | **PANISH SHEA & BOYLE LLP** |
| | */s/Kevin R. Boyle* |
| | KEVIN R. BOYLE, State Bar No. 192718 |
| | boyle@psblaw.com |
| | 11111 Santa Monica Boulevard, Suite 700 |
| | Los Angeles, California 90025 |
| | Telephone: (310) 477-1700 |
| | Facsimile: (310) 477-1699 |
| | *Proposed Liaison Counsel for the Class* |
| | **LABATON SUCHAROW LLP** |
| | THOMAS A. DUBBS |
| | tdubbs@labaton.com |
| | CAROL C. VILLEGAS |
| | cvillegas@labaton.com |
| | LOUIS GOTTLIEB |
| | lgottlieb@labaton.com |
| | MICHAEL P. CANTY |
| | mcanty@labaton.com |
| | FRANCIS P. MCCONVILLE |
| | fmcconville@labaton.com |
| | 140 Broadway |
| | New York, New York 10005 |
| | Telephone: (212) 907-0700 |
| | Facsimile: (212) 818-0477 |
| | *Counsel for the State of New Mexico on behalf of the New Mexico State Investment Council and Proposed Lead Counsel for the Class* |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; CASE NO. 2:17-CV-03679-SVW-AGR

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2019, I electronically filed the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF NEW MEXICO SIC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to participants in the case who are registered CM/ECF users.

_____
Maria Alegria

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax