BORIS FELDMAN, State Bar No. 128838
Email: boris.feldman@wsgr.com
IGNACIO E. SALCEDA, State Bar No. 164017
Email: isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendants Snap Inc.,*
*Evan Spiegel, Robert Murphy,*
*Andrew Vollero, and Imran Khan*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR |
| | **CLASS ACTION** |
| | STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL |
| | Honorable Stephen V. Wilson |
| This Document Relates To: All Actions | |

# 1.     PURPOSES AND LIMITATIONS

Discovery in this Action (as defined below) is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  Accordingly, Lead Plaintiffs Smilka Melgoza, on behalf of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, and Alan L. Dukes ("Lead Plaintiffs"), and additional named Plaintiffs Donald R. Allen ("Allen") and Shawn B. Dandridge ("Dandridge"), (collectively with Lead Plaintiffs, "Plaintiffs"), and Defendants Snap Inc. ("Snap"), Evan Spiegel, Robert Murphy, Andrew Vollero, and Imran Khan (collectively, "Defendants") (together with Plaintiffs, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  The Parties further acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal.  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.     GOOD CAUSE STATEMENT

Defendants believe that their (or their agents') production of Disclosure or Discovery Materials in this action is likely to involve trade secrets and other

valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Plaintiffs believe that their (or their agents') production of Disclosure or Discovery Material in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Accordingly, a protective order for such information is justified in this matter to: (1) expedite the flow of information, (2) facilitate the prompt resolution of disputes over confidentiality of discovery materials, (3) adequately protect information the parties are entitled to keep confidential, (4) ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, (5) address their handling at the end of the litigation, and (6) serve the ends of justice. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   **DEFINITIONS**

    3.1    <u>Action</u>: *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-

SVW-AGR.

3.2    Challenging Party: a Party or Non-Party who challenges the designation as "CONFIDENTIAL" of information or items under this Order.

3.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.4    Counsel: (1) attorneys who have been retained to represent or advise a Party to this Action, including support staff; and/or (2) attorneys who are employees of a Party to this Action.

3.5    Designating Party: a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

3.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.9    Party: any party to this Action, including all of its officers, directors, employees, retained Experts (and their support staffs), and Counsel.  For the avoidance of doubt, no putative class member other than a named plaintiff, the Lead Plaintiff, or class representative in the above-captioned litigation constitutes a Party

to this Action, and no putative class member other than a named plaintiff, the Lead Plaintiff, or class representative may be given access to Protected Material.

3.10 <u>Producing Party</u>: a Party or Non-Party who produces Disclosure or Discovery Material in this Action.

3.11 <u>Professional Vendors</u>: persons or entities who provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.13 <u>Receiving Party</u>: a Party who receives Disclosure or Discovery Material from a Producing Party.

**4. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order, however, do not cover any information: (a) known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no contractual or legal obligation of confidentiality to the Designating Party; and (b) that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

5. Any use of Protected Material at trial shall be governed by the orders of

the trial judge. This Order does not govern the use of Protected Material at trial.

**6.    DURATION**

7.    Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**8.    DESIGNATING PROTECTED MATERIAL**

8.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>

8.2       Each Party or Non-Party who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

8.3       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on the Receiving Party) may expose the Designating Party to sanctions.

8.4     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

8.5     Manner and Timing of Designations

8.6     Except as otherwise provided in this Order (*see, e.g.*, Section 6.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

8.7     Designation in conformity with this Order requires:

a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material in a manner that will not interfere with the legibility of the document. In the case of electronic documents produced in native format, the Producing Party must produce a one-page tagged image file format or TIFF image affixing the word "CONFIDENTIAL" and, if the Producing Party so desires, including the word "CONFIDENTIAL" in the file name.

b)     A Party or Non-Party who makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made

available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

          c)    For testimony given in depositions, the Designating Party may designate testimony as "CONFIDENTIAL" on the record, before the close of the deposition. In addition, any Party (or any Non-Party that sponsors, offers, or gives deposition testimony) has up to thirty (30) days after the receipt of the final written transcript to serve a Notice of Designation to all parties identifying specific portions of the testimony as to which "CONFIDENTIAL" protection is sought. The entire transcript of any deposition will be treated as if designated "CONFIDENTIAL" until this thirty (30) day period has elapsed. Only those portions of the testimony that are properly designated for protection within thirty (30) days shall be covered by the provisions of this Order. If a Notice of Designation is timely served pursuant to this provision, the court reporter shall mark the designated portions of such deposition transcript(s) with the legend "CONFIDENTIAL." The use of a

document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

        d)    For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

8.8    <u>Inadvertent Failures to Designate</u>

8.9    An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive or forfeit the right to so designate, subject to the Receiving Party's right to challenge claims of inadvertence. If a Producing Party inadvertently fails to designate a Disclosure or Discovery Material as "CONFIDENTIAL" that Producing Party may subsequently do so in writing promptly upon discovery of the inadvertent failure to designate, and that material shall be deemed "CONFIDENTIAL" from the date of such designation. Upon correction of a designation, any Receiving Party shall use commercially reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall also use commercially reasonable efforts to ensure that any derivative work generated by or on behalf of the Receiving Party, including analyses, memoranda, or notes that were generated based upon such material before redesignation, shall immediately be treated in conformity with any such redesignation.

**9.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

9.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

9.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

9.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  While a challenge is pending, unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to treat the material in question as Protected Material under this Order until the Court rules on the challenge.

## 10.    ACCESS TO AND USE OF PROTECTED MATERIAL

10.1    Basic Principles

10.2__    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

10.3    Disclosure of "CONFIDENTIAL" Information or Items

10.4          Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)    the Parties' Counsel in this Action, as well as employees of said Counsel;

b) the Parties in the Action, as well as the officers, directors, and employees (including in-house counsel) of the Parties;

c) the counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

d) Experts (as defined in this Order) of who are assisting Counsel for a Party, provided that they have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A and provided that no Discovery Material designated as "CONFIDENTIAL" may be disclosed to any expert or consultant who is currently or was employed or retained on or after September 1, 2017 by Facebook (including Instagram and WhatsApp), Apple, Google (including YouTube), Twitter, Kakao, Naver (including LINE and Snow), and Tencent, except by written agreement of the parties or by order of the Court and any appellate court, and their personnel;

e) court reporters and videographers and their staff;

f) professional jury or trial consultants (and their staff), mock jurors, and Professional Vendors who are assisting Counsel for a Party, provided that they have signed Exhibit A;

g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h) witnesses, noticed or subpoenaed deponents, and their counsel provided that Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any witness or deponent (excluding Parties or current employees of a Party) unless such witness or deponent first signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise ordered by the Court. Those witnesses or deponents who are shown Discovery Material designated as "CONFIDENTIAL" shall not be allowed to retain copies; and

i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

j) Prior to the use of any Protected Material designed "CONFIDENTIAL" at a hearing to be held in open court, Counsel who desires to use such Protected Material shall take reasonable steps to afford Counsel for the Designating Party a reasonable opportunity to object to the disclosure in open court of such Protected Material.

## 11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a person receiving documents protected by this Order (the "Subpoenaed Person") is served with a subpoena, document demand, or other similar legal process, or a court order issued in another proceeding (including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body) that seeks or compels disclosure of any information or items designated in this Action as Protected Material by a Designating Party other than the Subpoenaed Person, that Subpoenaed Person must: (a) promptly notify in writing the Designating Party and provide a copy of the subpoena, document demand, or

court order; (b) promptly notify in writing the party who caused the subpoena, document demand, or order to issue in the other proceeding that some or all of the material covered by the subpoena, document demand, or order is subject to this Order, providing a copy of this Order; and (c) refrain from producing any material that has been designated "CONFIDENTIAL" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the Designating Party that such party does not object to production of the designated material in question or (y) resolution of any objection asserted by the Designating Party either by agreement or by order of a court with jurisdiction over the objection of the Designating Party. Notwithstanding the foregoing, unless the Designating Party submits a timely objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person prior to the production date required pursuant to the subpoena, the Subpoenaed Person shall be permitted to produce documents responsive to the subpoena on the subpoena response date.

The Designating Party shall bear its own burden and expense of seeking protection in that court of its confidential material. Compliance by the Subpoenaed Person with any order directing production pursuant to the subpoena of any material designated as Confidential shall not constitute a violation of this Order, provided that the notice required by this Paragraph has been satisfied, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**12. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**13.** The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Even if a Non-Party does not designate

information it is producing as Protected Material, a Party may so designate the information as "CONFIDENTIAL" if such designation would be proper under the terms of this Order had that information been produced by that Party. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**14.** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**15. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**16.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

In the event that a Producing Party believes in good faith that Discovery Materials subject to a valid claim of attorney-client privilege or work product protection has been produced inadvertently, the Producing Party shall notify the Receiving Party in writing within five (5) business days after so learning or discovering that such production has been made and the basis for claiming such disclosure was inadvertent.   Within seven (7) days of the written notice, the Producing Party also must provide a detailed privilege log that sets forth the information required under Rule 26 and the Local Rules, including a description of the nature of the privilege, to enable the Receiving Party to assess the Producing Party's claim of privilege.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Disclosure or Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The disclosure or production of documents protected by the attorney-client privilege, work-product protection, or other privileges or protections, whether inadvertent or otherwise, shall not be a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of

Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Nothing is intended to or shall serve to limit the right of a party to challenge the privilege or protection asserted on any document.

Where it is reasonably apparent to a Receiving Party that the documents or information was inadvertently sent or produced, and the Receiving Party knows or reasonably should know that the documents or information is privileged or subject to the work product doctrine, the Receiving Party shall: (a) refrain from examining the documents or information any more than is necessary to determine that they are privileged or subject to the work product doctrine, (b) promptly notify the Producing Party, and (c) and otherwise treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

If, during a deposition, the Producing Party asserts for the first time that the information contained in a marked exhibit was inadvertently produced and is privileged or protected work product and the Receiving Party disputes the assertion, the Parties shall cooperate in good faith to reasonably resolve the dispute.  If the dispute cannot be resolved by agreement of the parties, it may be presented to the Court.

**17.    MISCELLANEOUS**

17.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

17.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5.2.2(b)(i) is denied by the Court, then the Receiving Party may file the information the public record pursuant to Local Rule 79-5.2.2(b)(ii) unless otherwise instructed by the Court.  Applications for leave to file a document under seal shall be considered timely if filed on or by the date on which such documents would otherwise be due.

17.4   Party's Own Use.  This Order has no effect upon, and shall not apply to, the Parties' use of their own documents for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Material that has been generated or obtained lawfully by that Party independently of these proceedings.

17.5   Control of Documents.  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material, including storing and maintaining Protected Material at a location and in a reasonably secure manner so that access is limited to the persons authorized under this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after final disposition of these proceedings.

17.6   All Protected Material to be used only for this Action.  All Protected Material must be used by the Receiving Party solely for the purpose of this Action. Protected Material produced to a Party or Parties, or their Counsel, shall not be used by any Party, or their Counsel, in any other litigation, or for any purpose other than the prosecution or defense of this Action.

**18.   FINAL DISPOSITION**

19.   Within 60 days after the final disposition of this Action, as defined in Section 5, each Receiving Party must use commercially reasonable efforts to return

all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. If requested by a Producing Party in writing within 90 days of final disposition of this Action, each Receiving Party must submit a written confirmation to that Producing Party stating that the Receiving Party has complied with this paragraph by the later of the 60-day deadline set forth above or 7 days after receiving the Producing Party's written request. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 above. Additionally, outside counsel may use work product from this Action in subsequent litigation, provided that counsel does not use or disclose another Party's Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 20, 2019

**WILSON SONSINI GOODRICH & ROSATI, PC**

By: /s/ Ignacio E. Salceda

Ignacio E. Salceda

BORIS FELDMAN (Bar #128838)
boris.feldman@wsgr.com
IGNACIO E. SALCEDA (Bar #164017)
isalceda@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendants Snap Inc.,
Evan Spiegel, Robert Murphy, Andrew
Vollero, and Imran Khan*


**KESSLER TOPAZ
MELTZER & CHECK, LLP**


By: /s/ Jennifer L. Joost


Jennifer L. Joost

SHARAN NIRMUL (*Pro Hac Vice*)
snirmul@ktmc.com
NATHAN HASIUK (*Pro Hac Vice*)
nhasiuk@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

JENNIFER L. JOOST (Bar #296164)
jjoost@ktmc.com
STACEY M. KAPLAN (Bar #241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Attorneys for Lead Plaintiffs Smilka
Melgoza, as trustee of the Smilka
Melgoza Trust U/A DTD 04/08/2014,
Rediet Tilahun, Tony Ray Nelson,
Rickey E. Butler, and Alan L. Dukes,
additional named Plaintiffs Donald R.
Allen and Shawn B. Dandridge, and
Lead Counsel for the Putative Class*

Dated: May 20, 2019

## ATTESTATION OF FILING

Pursuant to Local Rule 5-4.3.4 regarding signatures, I, Ignacio E. Salceda, hereby attest that the other signatories listed above, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  May 20, 2019            By:   /s/ Ignacio E. Salceda
                                         Ignacio E. Salceda

                                WILSON SONSINI GOODRICH & ROSATI, P.C.
                                650 Page Mill Road
                                Palo Alto, CA 94304
                                Telephone: (650) 493-9300
                                Facsimile: (650) 493-6811

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: May 23, 2019

_Alicia G. Rosenberg_
_____

Honorable Alicia G. Rosenberg
United States Magistrate Judge

**20.EXHIBIT A**

21.*In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR

22.ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

23.

24.  I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in this case.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and submit to the jurisdiction of the United States District Court for the Central District of California for enforcement of such terms.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

25.

26.

27.  Date:_____

28.   City and State where sworn and signed:_____

_____

29.

30.  Printed name:_____

31.

32.  Signature:_____