# EXHIBIT 1

**EXECUTION COPY**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR |
| | **CLASS ACTION** |
| This Document Relates To: All Actions. | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| | Courtroom:  10A, 10th Floor |
| | Judge:      Hon. Stephen V. Wilson |

This Stipulation and Agreement of Settlement dated March 20, 2020 ("Stipulation") is entered into between and among: (1) Court-appointed Class Representatives Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, Alan L. Dukes, Donald R. Allen, and Shawn B. Dandridge (collectively, the "Class Representatives" or "Federal Plaintiffs"), on behalf of themselves and the Court-certified Class (defined at ¶ 1(h) below);[1] and (2) Snap Inc. ("Snap" or the "Company"), Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young (the "Snap Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC (the "Underwriter Defendants" and, collectively with the Snap Defendants, the "Defendants" and, together with the Class Representatives, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action" or "Federal Case"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined at ¶ 1(oo) below) against Defendants. As set forth herein, this Settlement (a/k/a the "Federal Settlement") shall not become effective until both the Federal Settlement and the State Settlement (defined below) have received final approval from their respective courts, and both settlements have become Final (defined below).

WHEREAS:

A.     On May 16, 2017, the initial complaint was filed in this Court against Snap and certain of Snap's officers and directors. ECF No. 1.

B.     On September 18, 2017, the Court appointed a lead plaintiff ("Initial Lead Plaintiff") pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

§ 78u-4, as amended ("PSLRA") and appointed Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as lead counsel and Rosman & Germain LLP as liaison counsel. ECF No. 54. On November 1, 2017, the Initial Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Amended Complaint"). ECF No. 67. The Amended Complaint added additional defendants, including certain Snap directors (Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young; hereinafter, the "Director Defendants") and the principal underwriters of Snap's IPO (i.e., the Underwriter Defendants).

C. Defendants moved to dismiss the Amended Complaint on December 1, 2017 (ECF Nos. 73, 75), and the Parties fully briefed Defendants' motions. By Order dated June 7, 2018, the Court denied the motions to dismiss in full ("June 2018 MTD Ruling"). ECF No. 92. On June 18, 2018, all Defendants except for the Underwriter Defendants moved to certify for interlocutory appeal, under 28 U.S.C. § 1292(b), the June 2018 MTD Ruling ("Motion for Interlocutory Appeal"). ECF No. 94. On June 21, 2018, the Underwriter Defendants answered the Amended Complaint (ECF No. 95), and on June 28, 2018, the Underwriter Defendants filed a notice of joinder in the Motion for Interlocutory Appeal (ECF No. 101). On June 29, 2018, the Snap Defendants answered the Amended Complaint. ECF No. 102.

D. The Parties fully briefed the Motion for Interlocutory Appeal. On August 8, 2018, the Court denied the Motion for Interlocutory Appeal. ECF No. 108. Thereafter, discovery in the Action commenced.

E. On August 30, 2018, the Initial Lead Plaintiff, by and through Kessler Topaz, filed a motion for class certification, including appointment as class representative. ECF No. 114. This motion was fully briefed.

F. On September 12 and 18, 2018, the Parties filed stipulations to voluntarily dismiss without prejudice from the Action the Director Defendants and the Underwriter Defendants. ECF Nos. 116–17.

**EXECUTION COPY**

G.      On September 28, 2018, the Initial Lead Plaintiff informed the Court that he intended to withdraw as lead plaintiff, ECF No. 118, and sought to substitute other individuals as lead plaintiffs. Defendants opposed the substitution and the motion to certify the class, and instead asked the Federal Court to reopen the lead plaintiff appointment process.

H.      By Order entered on January 10, 2019, the Court reopened the lead plaintiff appointment process. ECF No. 208. By the same Order, the Court denied the then-pending motion for class certification without prejudice. Following the submission of multiple motions for lead plaintiff appointment and related briefing, the Court, on April 1, 2019, appointed Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, and Alan L. Dukes as lead plaintiffs ("Lead Plaintiffs"), and reappointed Kessler Topaz as lead counsel. ECF No. 262.

I.      Pursuant to joint stipulation, Lead Plaintiffs and additional named plaintiffs Donald R. Allen and Shawn B. Dandridge filed the Second Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("SAC") on May 29, 2019. ECF No. 272. The SAC reflected, among other things, the addition of Lead Plaintiffs and the voluntary dismissal without prejudice of the Director Defendants and the Underwriter Defendants named in the Amended Complaint. Defendants did not move to dismiss the SAC and the Parties stipulated that the prior answer to the Amended Complaint, ECF No. 102, would be the answer to the SAC. ECF No. 271.

J.      The SAC, like the Amended Complaint, asserted claims arising under Sections 11 and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l(a)(2), and 77o) ("Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) ("Exchange Act"), and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Also like the Amended Complaint, the SAC named Snap, Evan Spiegel, Robert Murphy, Andrew Vollero, and Imran Khan as defendants ("SAC Defendants").

K.    On June 7, 2019, Lead Plaintiffs filed a renewed motion for class certification ("Class Certification Motion"). ECF No. 275. On June 24, 2019 and July 8, 2019, two motions for leave to intervene to oppose, in part, the Class Certification Motion were filed by the State Plaintiffs. ECF Nos. 284–85.[2] These motions were fully briefed. On July 12, 2019, the SAC Defendants filed their opposition to the Class Certification Motion (ECF No. 292), and on July 26, 2019, Lead Plaintiffs filed a reply in further support of their motion (ECF No. 304). On October 10, 2019, the Court requested from both Lead Plaintiffs and the SAC Defendants, as well as the State Plaintiffs, additional briefing narrowly focused on issues related to class certification. ECF No. 324. On October 21, 2019, Lead Plaintiffs, State Plaintiffs, and the SAC Defendants filed their respective responses. ECF Nos. 327–29.

L.    On September 18, 2019, the State Plaintiffs and the Snap Defendants participated in a formal mediation before former United States District Court Judge Layn R. Phillips ("Judge Phillips"). That mediation was unsuccessful.

M.    While Lead Plaintiffs' Class Certification Motion was pending, on October 15, 2019, the Class Representatives, the State Plaintiffs, and the Snap Defendants participated in a formal mediation before Judge Phillips. That mediation was also unsuccessful.

N.    On November 20, 2019, the Court granted the Class Certification Motion ("Class Certification Order"). ECF No. 341. The Class Certification Order certified a Class consisting of all persons and entities who purchased or otherwise acquired Snap Class A common stock between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby. Thereafter, Class Representatives filed an unopposed motion to approve the form

---

[2]  The state court actions, coordinated before the Superior Court of Los Angeles County as *Snap, Inc. Securities Cases*, No. JCCP 4960, (the "State Cases") are being settled concurrently with this Action.

and manner of notice to the Class ("Class Notice Motion"). ECF No. 342. The Court granted the Class Notice Motion on December 23, 2019. ECF No. 355.[3]

O.      On December 3, 2019, the SAC Defendants filed a petition with the Ninth Circuit Court of Appeals for permission to appeal certain portions of the Class Certification Order relating to the Securities Act claims at issue ("Ninth Circuit Petition"). The Ninth Circuit Petition did not seek permission to appeal any of the Class Certification Order's rulings as to the Exchange Act claims.

P.      On December 19, 2019, the SAC Defendants filed motions for summary judgment. ECF Nos. 349–50.

Q.      Expert discovery was completed in December 2019. The Parties previously completed fact discovery in October 2019.

R.      While the SAC Defendants' Ninth Circuit Petition and summary judgment motions were pending, and with a trial in the Action scheduled to commence on March 24, 2020, the Class Representatives, the State Plaintiffs, and the Snap Defendants participated in another formal mediation before Judge Phillips on January 15, 2020. Following a full-day mediation session and subsequent discussions over the next two days, the Parties, on January 17, 2020, accepted a mediator's recommendation to resolve the Action, along with the State Cases, for a total of $187.5 million in cash. That amount was subsequently allocated between the Federal Case and the State Cases through negotiations between the Class Representatives and the State Plaintiffs, assisted by the mediator. That same day, Class Representatives and the SAC Defendants notified the Court of their agreement in principle to settle the Action and filed a joint stipulation to vacate all deadlines to allow the Parties to document their agreement and submit a motion for preliminary approval of the Settlement. ECF No. 363. The Parties memorialized their agreement in principle to settle

---

[3] Pursuant to the Court's Order, Class Notice was to begin no later than January 17, 2020; however, due to the Parties' agreement in principle to resolve the Action, the Court vacated all deadlines, including with respect to Class Notice, to allow the Parties to prepare final settlement documentation and submit a motion for preliminary approval of the Settlement. ECF No. 364.

both this Action and the State Cases in a term sheet executed on January 24, 2020 ("Term Sheet").

S.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties to settle the Action and is executed pursuant to the Term Sheet.

T.    Based upon their investigation, prosecution, and mediation of the case, Class Representatives and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representatives and the other Class Members, and in their best interests. Based on Class Representatives' direct oversight of the prosecution of this matter and with the advice of Class Counsel, Class Representatives have agreed to settle and release the Released Plaintiffs' Claims (defined below) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the substantial financial benefit that Class Representatives and the other Class Members will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

U.    Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Exchange Act, Rule 10b-5 promulgated thereunder, or the Securities Act. Specifically, Defendants have denied, and continue to deny, each and all of the claims alleged by Class Representatives, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or the State Cases. Defendants also have denied, and continue to deny, the allegations that Class Representatives or the Class have suffered any damages, or that Class Representatives or the Class were otherwise harmed by the conduct alleged in the Action or the State Cases. Additionally, Defendants maintain that they have meritorious defenses to all claims alleged. Defendants have asserted, and continue to assert, that the Registration Statement on Form S-1 initially filed with the U.S. Securities and Exchange Commission on February 2, 2017, and as amended, subsequent filings with the U.S. Securities and Exchange Commission following the initial

**EXECUTION COPY**

filings of the Registration Statement and through the Class Period, and Defendants' statements to investors, potential investors, and market participants contained no material misstatements or omissions. Defendants have asserted, and continue to assert, that at all times they acted in good faith and in a manner that was diligent and reasonably believed to be in accordance with all applicable rules, regulations, and laws.

V.    As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damages whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. In addition, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or concession by Defendants regarding the appropriateness of certifying the Class in the Action. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further litigation and have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, the Settlement and the terms of this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representatives of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representatives (individually and on behalf of all Class Members) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" or "Federal Case" means *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Class Member who or which submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 5 to Exhibit A, which a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund, provided, however, that such form has received the approval of both the Federal Court and the State Court.

(f)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(g)      "Claims Administrator" means JND Legal Administration ("JND"), the firm retained by Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members in the Action and to administer the Settlement.

(h)      "Class" or "Federal Class" means the class certified by the Court in its order of November 20, 2019, ECF No. 341, and includes all persons and entities who purchased or otherwise acquired Snap Class A common stock ("Snap Common Stock")

STIPULATION AND AGREEMENT OF SETTLEMENT

**EXECUTION COPY**

between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby.[4] Excluded from the Class are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.[5] Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

(i)     "Class Counsel" means the law firm Kessler Topaz Meltzer & Check, LLP.

(j)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)     "Class Member" or "Federal Class Member" means each person and entity who or which is a member of the Class.[6]

(l)     "Class Period" or "Federal Class Period" means the period of time between March 2, 2017 and August 10, 2017, inclusive.

(m)     "Class Representatives" or "Federal Plaintiffs" means Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, Alan L. Dukes, Donald R. Allen, and Shawn B. Dandridge.

(n)     "Court" or "Federal Court" means the United States District Court for the Central District of California, Western Division.

(o)     "Defendants" means the Snap Defendants and the Underwriter Defendants.

---

[4]   Included within the Class are all persons and entities who purchased shares of Snap Common Stock pursuant or traceable to the Company's Initial Public Offering ("IPO") on or about March 2, 2017 and/or on the open market.

[5]   "Controlling interest" shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

[6]   For the avoidance of doubt, State Plaintiffs are Class Members.

EXECUTION COPY

(p)     "Defendants' Claims" means all claims and causes of action of every nature and description, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the Plaintiffs' Claims against Defendants.

(q)     "Defendants' Counsel" means the law firms of Wilson Sonsini Goodrich & Rosati, P.C.; Paul, Weiss, Rifkind, Wharton & Garrison LLP; and O'Melveny & Myers, LLP.

(r)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(s)     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(t)     "Escrow Agent" means The Huntington National Bank.

(u)     "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)     "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other court order means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form

of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; or (ii) the plan of allocation for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(w)    "Judgment" means the order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)    "Liaison Counsel" means Rosman & Germain LLP.

(y)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representatives directly related to their representation of the Class), for which Class Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) Taxes; (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(aa)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement of Federal Case; (II) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearing, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the Settlement Website and mailed or emailed to Class Members upon request.

(bb)    "Notice Ads" means the media ads, substantially in the forms attached hereto as Exhibit 4 to Exhibit A, to be served on appropriate social media platforms jointly selected by the Parties.

(cc)    "Notice and Administration Costs" means the reasonable costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in

1   connection with: (i) providing notices to the Class; and (ii) administering the Settlement,

2   including but not limited to the Claims process, as well as the costs, fees, and expenses

3   incurred in connection with the Escrow Account.

4   (dd)   "Parties" means Defendants and Class Representatives, on behalf of

5   themselves and the Class.

6   (ee)   "Plaintiffs' Claims" means all claims, demands, rights, and causes of

7   action, or liabilities of every nature and description, whether arising under federal, state,

8   local, common, statutory, administrative, or foreign law, or any other law, rule, or

9   regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen,

10   whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or

11   unmatured, whether direct, representative, class, or individual in nature that (a) Class

12   Representatives or any other Class Member: (i) asserted in the State Cases and/or the

13   Federal Case or (ii) could have asserted in any court or forum that arise out of or are based

14   upon any of the allegations, transactions, facts, matters or occurrences, representations, or

15   omissions set forth in the State Cases and/or the Federal Case; and (b) relate in any way to

16   the purchase or other acquisition of Snap Common Stock during the Class Period.

17   (ff)   "Plaintiffs' Counsel" means Class Counsel, Liaison Counsel, and all

18   other legal counsel who, at the direction and under the supervision of Class Counsel,

19   performed services on behalf of Class Representatives and the Class in the Action.

20   (gg)   "Plan of Allocation" means the proposed plan of allocation set forth in

21   the Notice to be utilized for determining the allocation of the Net Settlement Fund.

22   (hh)   "Postcard Notice" means the postcard notice, substantially in the form

23   attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class

24   Members, provided, however, that such notice has received the approval of both the

25   Federal Court and the State Court.

26   (ii)   "Preliminary Approval" means that the Court has entered the

27   Preliminary Approval Order and that the Notice, Postcard Notice, Summary Notice, Notice

28

Ads, and Claim Form have been approved by the Federal Court and the Postcard Notice, Summary Notice, and Claim Form have been approved by the State Court.

(jj)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that the Notice, Postcard Notice, Summary Notice, and Notice Ads be provided to the Class.

(kk)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, as amended.

(ll)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(mm) "Released Defendants' Claims" means Defendants' Claims, whether they are known claims or Unknown Claims (as defined below). Released Defendants' Claims shall not include any claims relating to the enforcement of the Federal Settlement or the State Settlement.

(nn)   "Released Defendants' Parties" means (i) each Defendant and all underwriters of Snap's IPO (including those not among the Underwriter Defendants[7]); (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family; and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors,

---

[7]  Those additional underwriters are BTIG, LLC, C.L. King & Associates, Inc., Citigroup Global Markets Inc., Connaught (UK) Limited, Cowen and Company, LLC, Evercore Group, LLC, Jefferies LLC, JMP Securities LLC, LionTree Advisors LLC, Luma Securities LLC, Mischler Financial Group, Inc., Oppenheimer & Co. Inc., RBC Capital Markets, LLC, Samuel A. Ramirez & Co., Inc., Stifel Financial Corp., SunTrust Robinson Humphrey, Inc., The Williams Capital Group, L.P., UBS Securities LLC, and William Blair & Company, LLC.

professional advisors, investment bankers, representatives, insurers and reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

(oo)   "Released Plaintiffs' Claims" means Plaintiffs' Claims, whether they are known claims or Unknown Claims (as defined below). Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Federal Settlement or the State Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(pp)   "Released Plaintiffs' Parties" means (i) Federal Plaintiffs, State Plaintiffs, and the members of the Federal and State Classes, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

(qq)   "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Plaintiffs' Parties.

(rr)   "Releases" means the releases set forth in ¶¶ 4–5 of this Stipulation.

(ss)   "SAC" means the Second Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws filed in the Action on May 29, 2019.

(tt)   "Settlement" or "Federal Settlement" means the settlement between Class Representatives and Defendants on the terms and conditions set forth in this Stipulation.

(uu)   "Settlement Amount" or "Federal Settlement Amount" means $154,687,500.00 in cash to be paid pursuant to ¶ 8 of this Stipulation.

(vv)   "Settlement Fund" or "Federal Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx)   "Settlement Website" means the website created specifically for the Federal and State Settlements on which the Notices for the Federal and State Settlements and Claim Form, as well as other information related to the Action and the Settlement as well as the State Cases and the State Settlement, will be posted.

(yy)   "Snap" or the "Company" means Snap Inc., a Delaware corporation.

(zz)   "Snap Defendants" means Snap Inc., Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young.

(aaa) "State Cases" means *Snap, Inc. Securities Cases*, Judicial Counsel Coordination Proceeding No. 4960 (Superior Ct. Los Angeles Cnty.), and all actions within that caption.

(bbb) "State Court" means the Superior Court of the State of California for the County of Los Angeles.

(ccc) "State Plaintiffs" means Joseph Iuso, Chenghsin D. Hsieh, and Wei C. Hsieh.

(ddd) "State Settlement" means the settlement of the State Cases.

(eee) "State Settlement Fund" means $32,812,500.00 in cash allocated to the State Settlement to be paid by Snap or caused to be paid by the insurance carriers of the Snap Defendants, plus any and all interest earned thereon.

(fff) "Summary Notice" means the Summary Notice of (I) Pendency of Class Actions and Proposed Settlement of Federal Case and State Cases; (II) Motions for Awards of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearings, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set

forth in the Preliminary Approval Order, provided, however, that such notice has received the approval of both the Federal Court and the State Court.

(ggg) "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(hhh) "Underwriter Defendants" means Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC.

(iii) "Unknown Claims" means any and all Plaintiffs' Claims of every nature and description against the Released Defendants' Parties that any Class Representative or Class Member does not know or suspect to exist in his, her, or its favor at the time of their release of Plaintiffs' Claims, and any and all Defendants' Claims of every nature and description against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release of the Defendants' Claims, and including, without limitation, those that, if known by such Class Representative, Class Member or Defendant, might have affected his, her, or its decision(s) with respect to the Settlement or the releases, including his, her, or its decision(s) to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives, and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment, or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Class Representatives, any other Class Member, and Defendants may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Plaintiffs' Claims or Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives, any other Class Member, and Defendants shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Plaintiffs' Claims or Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

2.      Promptly upon execution of this Stipulation, Class Representatives will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Class Representatives shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; (ii) the Releases provided for herein; and (iii) the payment of the amount set forth in ¶ 7 below.

4.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternative Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

5.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternative Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Released Plaintiffs' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

6.      Notwithstanding ¶¶ 4–5 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7.     In consideration of the full settlement of the claims asserted against Defendants in this Action and in the State Cases, Snap has agreed to pay or cause the Snap Defendants' insurers to pay directly into the Escrow Account the balance of their policies toward, a total amount of $187,500,000.00 in cash. No other Defendant shall pay, or be liable to pay, any part of this amount.

8.     As agreed between the Class Representatives and State Plaintiffs, of the total consideration, Snap will pay or cause its insurers to pay the Federal Settlement Amount (i.e., $154,687,500.00) into the Escrow Account controlled by Class Counsel within thirty (30) calendar days after the later of: (a) Preliminary Approval; or (b) Snap's Counsel's receipt of customary written instructions to pay the Federal Settlement Amount by check or wire into the Escrow Account and a IRS Form W-9 reflecting the taxpayer identification for the Federal Settlement Fund.

## USE OF THE SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) Taxes; (b) Notice and Administration Costs (in accordance with ¶¶ 14–15 below); (c) Litigation Expenses awarded by the Court in an amount not to exceed $3.25 million; (d) attorneys' fees awarded by the Court in an amount not to exceed 25% of the Settlement Fund; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19–29 below. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) to be recommended by Class Counsel and Defendants' Counsel, subject to the Court's approval.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be

distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States government or fully insured by the United States government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j)(2), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be

consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Released Defendants' Parties shall have no liability or responsibility whatsoever for the payment of Taxes.

13.   The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, any other of the Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.   All costs and expenses of providing notice to the Class and administering the Settlement (except for the costs associated with providing notice as required under the Class Action Fairness Act "CAFA" (*see* ¶ 39 below)) shall be paid solely from the Settlement Fund. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable, subject to the following cap agreed to by all parties to the Federal and State Cases: there will be a $600,000.00 cap on administrative fees, exclusive of costs, and this cap will apply only up to 250,000 notices and 47,000 claims; if the number of notices and claims exceeds 250,000 and 47,000, respectively, administrative fees above $600,000.00 will be reviewed for reasonableness and, if determined to be reasonable by the parties to the Federal and State Cases, will be paid from the Settlement Fund without further approval from the Court. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims

**EXECUTION COPY**

1   Administrator in connection with providing notice, administering the Settlement (including
2   processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that
3   the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and
4   Administration Costs paid or incurred, including any related fees, shall not be returned or
5   repaid to the Snap Defendants, any of the other Released Defendants' Parties, or any other
6   person or entity who or which paid any portion of the Settlement Amount.

7   15.   The Class Representatives and the State Plaintiffs have agreed that the costs
8   and expenses incurred for notices pertaining to both the Federal and State Settlements
9   (e.g., the Postcard Notice, Summary Notice, and Notice Ads), the processing of Claims,
10   and any other costs and expenses that are shared between the Federal and State Settlements,
11   will be paid eighty two and one half percent (82.5%) from the Federal Settlement Fund and
12   seventeen and one half percent (17.5%) from the State Settlement Fund.

13   **ATTORNEYS' FEES AND LITIGATION EXPENSES**

14   16.   Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an
15   award of attorneys' fees to be paid solely from (and out of) the Federal Settlement Fund.
16   Class Counsel also will apply to the Court for Litigation Expenses, which may include a
17   request for reimbursement of Class Representatives' costs and expenses directly related to
18   their representation of the Class, to be paid solely from (and out of) the Federal Settlement
19   Fund. Class Counsel's application for an award of attorneys' fees and/or Litigation
20   Expenses is not the subject of any agreement between Defendants and Class
21   Representatives other than what is set forth in this Stipulation.

22   17.   Any attorneys' fees and Litigation Expenses that are awarded by the Court
23   shall be paid to Class Counsel immediately upon award, notwithstanding the existence of
24   any timely filed objections thereto, or potential for appeal therefrom, or collateral attack
25   on the Settlement or any part thereof, subject to Class Counsel's obligation to make
26   appropriate refunds or repayments to the Federal Settlement Fund, plus accrued interest at
27   the same net rate as is earned by the Federal Settlement Fund, if the Settlement is
28   terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further

proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of the Settlement and is not a condition of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Moreover, any issues, problems, objections, or appeals with respect to the request or award of attorney' fees and expenses in either this Action or in the State Cases will not affect the validity or finality of either the Federal Settlement or the State Settlement (or the releases contained therein). Neither Class Representatives nor Class Counsel may cancel or terminate the Settlement based on this Court's, the State Court's, or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not operate to terminate either the Federal Settlement or the State Settlement or affect or delay the finality or binding nature of either the Federal Settlement or the State Settlement, or their respective Judgments.

18.    Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. The Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to Plaintiffs' Counsel's attorneys' fees or Litigation Expenses, including the allocation thereof. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Class Representatives shall seek appointment of JND as the Claims Administrator. JND was previously approved by the Court as the administrator in connection with the dissemination of Class Notice. ECF No. 355. The Claims Administrator shall administer the Settlement (as well as the State Settlement, subject to approval by the State Court), including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of Defendants, nor any of the other Released Defendants' Parties shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representatives, any other Class Members or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail, and/or email, the Postcard Notice to those Class Members as may be identified through reasonable effort, including those previously identified by the Snap Defendants and the Underwriter Defendants in connection with Class Notice. Class Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A (or such other plan of allocation as the Court approves). Claims received for the Settlement will also be

processed in accordance with the plan of allocation for the State Settlement, as approved by the State Court.

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Moreover, it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Any issues, problems, objections, or appeals with respect to the plan of allocation for either the Federal Settlement or the State Settlement will not affect the validity or finality of either the Federal Settlement or the State Settlement (or the releases contained therein). Moreover, Class Representatives and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's, the State Court's, or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action or the State Cases and, any order modifying or rejecting the proposed plan of allocation for the Federal Settlement or the State Settlement will not operate to terminate the Settlement or affect the finality or binding nature of the Federal Settlement or the State Settlement. Defendants and the other Released Defendants' Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other of the Released Defendants' Parties, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, or the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred, enjoined, and estopped from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any of the other Released Defendants' Parties, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim, nor shall any Released Defendants' Parties have any responsibility for, interest in, or liability for any decision. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.     Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account (in accordance with ¶¶ 14–15 above); and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently

**EXECUTION COPY**

barred, enjoined, and estopped from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Released Plaintiffs' Claims.

28. No person or entity shall have any claim against Class Representatives, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representatives and Defendants, and their respective counsel, Class Representatives' damages consultant, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

29. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

30. If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

31. The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B hereto that shall, upon the Effective Date, permanently bar, extinguish, and discharge to the fullest extent permitted by law any and all claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability

**EXECUTION COPY**

to Class Representatives or any Class Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein, provided however, that nothing in the Bar Order shall release or alter the contractual rights, if any, under the terms of any written agreement among the Snap Defendants and the underwriters of Snap's IPO. Further the Bar Order shall not preclude the underwriters of Snap's IPO from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs. The Bar Order shall be consistent with, and apply to the full extent of, the PSLRA.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below);

(d)    Class Representatives have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment and the Alternative Judgment has become Final; and

(f)    the State Court has approved the State Settlement and the State Settlement has become Final.

33.   Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants or any of the other Released Defendants' Parties in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.   If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representatives exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; (iv) the State Court disapproves the State Settlement or the State Settlement is terminated for any reason; or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)   the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)   Class Representatives and Defendants shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet;

(c)   the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14–15, 17, 37, and 54, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)   Within fifteen (15) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be returned by the Escrow Agent to the persons or entities who contributed to the payment of the Settlement Amount as instructed by Snap's Counsel. In the event that the funds received by Class Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the fifteen (15) business days specified in this paragraph, those funds shall be refunded by

the Escrow Agent to Snap (or such other persons or entities as Snap' Counsel (with written confirmation from its insurers) may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

35.     It is further stipulated and agreed that Class Representatives, on the one hand, and Snap, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; (f) the State Court's final refusal to grant final approval, or enter judgment with respect to the State Settlement; or (g) the date upon which the State Court's approval or judgment with respect to the State Settlement is modified or reversed in any material respect by the California Court of Appeal, the California Supreme Court, or the United States Supreme Court. In the event of such a termination, the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court, the State Court, or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment, or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Snap shall have the option, in its sole and absolute discretion, to terminate the Settlement in the event that Class Members who have timely and validly requested exclusion from the Class meet the conditions set forth in the Parties' confidential supplemental agreement (the "Supplemental

Agreement"), in accordance with the terms of that agreement. Any Class Member seeking to exclude himself, herself, or itself from the Class must timely submit records of all of his, her, or its transactions in Snap Common Stock during the Class Period sufficient to calculate the number of shares of Snap Common Stock purchased during the Class Period and the amount of his, her, or its losses as calculated under the Plan of Allocation. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Class Representatives and Snap concerning its interpretation or application.

## **NO ADMISSION OF WRONGDOING**

37.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)   shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the SAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)   shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it (i) to effectuate the protections from liability granted hereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

38.   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.   In accordance with CAFA, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

40.   Snap warrants, as to the payments made or to be made in connection with this Settlement, that at the time of entering into this Settlement and at the time of such payment

it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof. This representation is made by Snap and not by its counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Class Representatives, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment, or Alternative Judgment, if applicable, entered in favor of Defendants and the other Released Defendants' Parties pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 34(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34 above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representatives and any other Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims. No Party shall assert or pursue any action, claim, or rights that any Party or their respective counsel violated Rule 11 of the Federal Rules of Civil Procedure with respect to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect a settlement that

was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Class Representatives and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Class Representatives and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all Class Members shall be barred, enjoined, and estopped from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

47.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel, including determining any disputes as to any awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation,

including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

48.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Class Representatives and Defendants concerning the Settlement and this Stipulation and its exhibits. As facilitated by Judge Phillips, Class Representatives, State Plaintiffs, and Defendants also agreed on a procedure with respect to joint notice and administration of the Federal and State Settlements, as referenced in ¶ 14 above. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

50.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

52.    The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

54.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by

**EXECUTION COPY**

1  counsel for one of the Parties, it being recognized that it is the result of arm's-length

2  negotiations between the Parties and all Parties have contributed substantially and

3  materially to the preparation of this Stipulation.

4       55.    All counsel and any other person executing this Stipulation and any of the

5  exhibits hereto, or any related Settlement documents, warrant and represent that they have

6  the full authority to do so and that they have the authority to take appropriate action

7  required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

8       56.    Class Counsel and Defendants' Counsel agree to cooperate fully with one

9  another in seeking Court approval of the Preliminary Approval Order and the Settlement,

10  as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute

11  all such other documentation as may be reasonably required to obtain final approval by the

12  Court of the Settlement.

13       57.    If any Party is required to give notice to another party under this Stipulation,

14  such notice shall be in writing and shall be deemed to have been duly given upon receipt

15  of hand delivery or email transmission, with confirmation of receipt. Notice shall be

16  provided as follows:

17         If to Class Representatives or     Kessler Topaz Meltzer & Check, LLP
       Class Counsel:             Attn: Sharan Nirmul, Esq.

18                                   280 King of Prussia Road

19                                   Radnor, PA 19087
                                 Telephone: (610) 667-7706

20                                   Facsimile: (610) 667-7056
                                 Email: snirmul@ktmc.com

21

22         If to the Snap Defendants:     Wilson Sonsini Goodrich & Rosati

23                                   Attn: Ignacio E. Salceda, Esq.
                                 650 Page Mill Road

24                                   Palo Alto, CA 94304

25                                   Telephone: (650) 493-9300
                                 Facsimile: (650) 565-5100

26                                   Email: isalceda@wsgr.com

27

28

Ex. 1 Pg. 38

**EXECUTION COPY**

1
2
3
4
5

| | |
|---|---|
| If to the Underwriter Defendants: | O'Melveny & Myers, LLP<br>Attn: Matthew W. Close, Esq.<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407<br>Email: mclose@omm.com |

6    58.    Except as otherwise provided herein, each Party shall bear its own costs.

7    59.    All agreements made and orders entered during the course of this Action

8  relating to the confidentiality of information, including the Stipulated Protective Order

9  Governing the Production, Exchange, and Filing of Confidential Material dated May 23,

10  2019, ECF No. 270, shall survive this Settlement.

11    60.    No opinion or advice concerning the tax consequences of the proposed

12  Settlement to individual Class Members is being given or will be given by the Parties or

13  their counsel; nor is any representation or warranty in this regard made by virtue of this

14  Stipulation. Each Class Member's tax obligations, and the determination thereof, are the

15  sole responsibility of the Class Member, and it is understood that the tax consequences may

16  vary depending on the particular circumstances of each individual Class Member.

17    **IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be

18  executed, by their duly authorized attorneys, as of March 20, 2020.

19

20  Dated: March 20, 2020

21

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

22

23

*Sharan Nirmul*

24  SHARAN NIRMUL (*Pro Hac Vice*)
snirmul@ktmc.com

25  NATHAN HASIUK (*Pro Hac Vice*)
nhasiuk@ktmc.com

26  JONATHAN F. NEUMANN (*Pro Hac Vice*)
jneumann@ktmc.com

27  280 King of Prussia Road
Radnor, PA 19087

28  Telephone: (610) 667-7706
Facsimile: (267) 948-2512

**EXECUTION COPY**

1

- and -

2

JENNIFER L. JOOST (Bar No. 296164)
jjoost@ktmc.com

3

STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com

4

One Sansome Street, Suite 1850
San Francisco, CA 94104

5

Telephone: (415) 400-3000

6

Facsimile: (415) 400-3001

7

*Attorneys for Class Representatives Smilka*

8

*Melgoza, as trustee of the Smilka Melgoza Trust*
*U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray*

9

*Nelson, Rickey E. Butler, Alan L. Dukes, Donald*
*R. Allen, and Shawn B. Dandridge, and Class*

10

*Counsel for the Class*

11

**ROSMAN & GERMAIN LLP**

12

DANIEL L. GERMAIN (Bar No. 143334)
Germain@lalawyer.com

13

16311 Ventura Boulevard, Suite 1200
Encino, CA 91436

14

Telephone: (818) 788 0877

15

Facsimile: (818) 788-0885

16

*Liaison Counsel for the Class*

17

**LARSON O'BRIEN LLP**

18

STEPHEN G. LARSON (Bar No. 145225)
slarson@larsonobrienlaw.com

19

PAUL A. RIGALI (Bar No. 262948)
prigali@larsonobrienlaw.com

20

555 South Flower Street, Suite 4400
Los Angeles, CA 90071

21

Telephone: (213) 436-4888

22

Facsimile: (213) 623-2000

23

*Local Counsel for Class Representatives*

24

**THE SCHALL LAW FIRM**

25

BRIAN SCHALL (Bar No. 290685)
brian@schallfirm.com

26

1880 Century Park East, Suite 404
Los Angeles, CA 90067

27

Telephone: (310) 301-3335

28

Facsimile: (310) 388-0192

STIPULATION AND AGREEMENT OF SETTLEMENT
Ex. 1 Pg. 40

EXECUTION COPY

1
2
3

*Additional Counsel for Class Representatives Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, and Rediet Tilahun*

4   Dated: March **20**, 2020

5

**WILSON SONSINI**
**GOODRICH & ROSATI, P.C.**

6
7
8

BORIS FELDMAN (Bar No. 128838)
boris.feldman@wsgr.com

9   IGNACIO E. SALCEDA (Bar No. 164017)
isalceda@wsgr.com

10  DORU GAVRIL (Bar No. 282309)
dgavril@wsgr.com

11  650 Page Mill Road

12  Palo Alto, CA 94304
Telephone: (650) 493-9300

13  Facsimile: (650) 493-6811

14  *Counsel for the Snap Defendants*

15

16  Dated: March ___, 2020          **O'MELVENY & MYERS, LLP**

17
18
19

MATTHEW W. CLOSE

20  mclose@omm.com

21  400 South Hope Street, 18th Floor
Los Angeles, CA 90071

22  Telephone: (213) 430-6000
Facsimile: (213) 430-6407

23  *Counsel for the Underwriter Defendants*

24
25
26
27
28

**Ex. 1 Pg. 41**

EXECUTION COPY

1

*Additional Counsel for Class Representatives*
*Smilka Melgoza, as trustee of the Smilka Melgoza*
*Trust U/A DTD 04/08/2014, and Rediet Tilahun*

2

3

4    Dated: March ___, 2020          **WILSON SONSINI**
                                      **GOODRICH & ROSATI, P.C.**

5

6

7
                                     _____
8                                    BORIS FELDMAN (Bar No. 128838)
                                     boris.feldman@wsgr.com
9                                    IGNACIO E. SALCEDA (Bar No. 164017)
                                     isalceda@wsgr.com
10                                   DORU GAVRIL (Bar No. 282309)
                                     dgavril@wsgr.com
11                                   650 Page Mill Road
                                     Palo Alto, CA 94304
12                                   Telephone: (650) 493-9300
                                     Facsimile: (650) 493-6811
13

14                                   *Counsel for the Snap Defendants*

15

16    Dated: March 20, 2020          **O'MELVENY & MYERS, LLP**

17

18                                   _____
19                                   MATTHEW W. CLOSE
20                                   mclose@omm.com
                                     400 South Hope Street, 18th Floor
21                                   Los Angeles, CA 90071
                                     Telephone: (213) 430-6000
22                                   Facsimile: (213) 430-6407

23                                   *Counsel for the Underwriter Defendants*

24

25

26

27

28

39                  Case No. 2:17-cv-03679-SVW-AGR
STIPULATION AND AGREEMENT OF SETTLEMENT

**Ex. 1 Pg. 42**

# EXHIBIT A

**EXHIBIT A**

1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

12  | IN RE SNAP INC. SECURITIES | Case No. 2:17-cv-03679-SVW-AGR |
    | LITIGATION | |

13  | | **CLASS ACTION** |

14  | | |

15  | This Document Relates To: All Actions. | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

16

17

18  | | Courtroom:     10A, 10th Floor |
    | | Judge:          Hon. Stephen V. Wilson |

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

WHEREAS, a securities class action is pending in this Court entitled *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR (the "Action");

WHEREAS, by Order dated November 20, 2019, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired Snap Inc. ("Snap") Class A common stock ("Snap Common Stock") between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby (the "Class");[1]

WHEREAS, Court-appointed Class Representatives Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, Alan L. Dukes, Donald R. Allen, and Shawn B. Dandridge (collectively, the "Class Representatives" or "Federal Plaintiffs"), on behalf of themselves and the other members of the Court-certified Class, and defendants Snap, Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young (the "Snap Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC (the "Underwriter Defendants" and, collectively with the Snap Defendants, the "Defendants" and, together with the Class Representatives, the "Parties") have determined to settle and dismiss with prejudice all claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 20, 2020 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement

---

[1]      Included within the Class are all persons and entities who purchased shares of Snap Common Stock pursuant or traceable to Snap's Initial Public Offering on or about March 2, 2017 and/or on the open market. Excluded from the Class are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

**EXHIBIT A**

1  in accordance with the Stipulation and authorizing notice to Class Members as more fully
2  described herein;

3      WHEREAS, the Court has read and considered: (a) Class Representatives' motion
4  for preliminary approval of the Settlement and authorization to disseminate notice to the
5  Class, and the papers filed and arguments made in connection therewith; and (b) the
6  Stipulation and the exhibits attached thereto; and

7      WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall
8  have the same meanings as they have in the Stipulation;

9      NOW THEREFORE, IT IS HEREBY ORDERED:

10      1.    **Preliminary Approval of the Settlement**—The Court hereby preliminarily
11  approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule
12  23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally
13  approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the
14  Class, subject to further consideration at the Settlement Hearing to be conducted as
15  described below.

16      2.    **Settlement Hearing**—The Court will hold a hearing ("Settlement Hearing")
17  on _____, 2020 at __:__ _.m. in Courtroom 10A-10th Floor of the First Street
18  Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, for the following purposes: (a) to
19  determine whether the proposed Settlement on the terms and conditions provided for in the
20  Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by
21  the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit
22  B to the Stipulation should be entered dismissing the Action with prejudice against
23  Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of
24  the Settlement is fair and reasonable and should be approved; (d) to determine whether the
25  motion by Class Counsel for an award of attorneys' fees and Litigation Expenses should be
26  approved; and (e) to consider any other matters that may properly be brought before the
27  Court in connection with the Settlement. Notice of the Settlement and the Settlement
28  Hearing shall be given to Class Members as set forth in ¶ 4 of this Order.

**EXHIBIT A**

3.      The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice**—Class Counsel is hereby authorized to retain JND Legal Administration ("Claims Administrator"), the administrator previously approved by the Court to administer the dissemination of notice in connection with certification of the Class ("Class Notice"),[2] to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a)      commencing not later than twenty-one (21) calendar days after Preliminary Approval[3] ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail, or emailed, to potential Class Members who were previously identified in connection with Class Notice, including those persons and entities listed in the records provided by Snap and the Underwriter Defendants, and any other potential Class Members who otherwise may be identified through further reasonable effort, and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 5, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's Nominee database;

(b)      contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website

---

[2]      In light of the Parties' agreement in principle to resolve the Action, Class Notice was not disseminated, as the Court vacated all deadlines (including with respect to Class Notice) to allow the Parties to prepare final settlement documentation.

[3]      As defined in the Stipulation, Preliminary Approval means that the Court has entered this Order and that the Notice, Postcard Notice, Summary Notice, Notice Ads, and Claim Form have been approved by the Court and the Postcard Notice, Summary Notice, and Claim Form have been approved by the State Court.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE                    **Ex. 1 Pg. 47**

developed for the Settlement (the "Settlement Website"), from which copies of the Notice and Claim Form can be downloaded;

      (c)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator will conduct a social media campaign via appropriate social media platforms jointly selected by the Parties utilizing the media ads ("Notice Ads"), substantially in the forms attached hereto as Exhibit 4, for a duration of at least sixty (60) calendar days;

      (d)    not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published on one occasion in both *Investor's Business Daily* and *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

      (e)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

      5.    **Approval of Form and Content of Notice**—The Court (a) approves, as to form and content, the Postcard Notice, the Notice, the Summary Notice, the Notice Ads, and the Claim Form, attached hereto as Exhibits 1, 2, 3, 4, and 5, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form on the Settlement Website, the transmission of the Notice Ads via appropriate social media platforms jointly selected by the Parties, and the publication of the Summary Notice in the manner and forms set forth in ¶ 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, of Class Members' right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of Class Members' right to exclude themselves from the Class, and of Class Members' right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to

4      Case No. 2:17-cv-03679-SVW-AGR
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE    **Ex. 1 Pg. 48**

**EXHIBIT A**

receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, the Notice, and the Summary Notice before they are mailed (and/or emailed), posted, and published, respectively.

6.     **Nominee Procedures**—Nominees who purchased or otherwise acquired Snap Common Stock during the Class Period for the beneficial interest of any person or entity other than themselves shall either: (a) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses (and email addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.     **CAFA Notice**—As provided in ¶ 39 of the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.      **Participation in the Settlement**—Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in paper form, substantially in the form attached hereto as Exhibit 5, in accordance with the instructions contained therein, or in electronic form, in accordance with the instructions for the submission of such Claims. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the

Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 8 above.

11.    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with the Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (b) below as necessary.

(a)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (b) below; and

(b)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (a) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

12.    As set forth in the Claim Form substantially in the form attached hereto as Exhibit 5, Claimants need only submit one Claim Form for both the Federal Settlement and

**EXHIBIT A**

the State Settlement; Claim Forms submitted in connection with the Settlement will also be processed in connection with the related State Settlement. If a Claimant meets the requirements for payment pursuant to the State Settlement, that Claimant will also be eligible to receive a distribution from the net proceeds of the State Settlement, in accordance with the terms of the State Settlement.

13.     **Exclusion From the Class**—Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than sixty (60) calendar days after the Notice Date, to: *In re Snap Inc. Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91314, Seattle, WA 98111, and (b) each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Federal Class in *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR"; (iii) state the number of shares of Snap Common Stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (i.e., between March 2, 2017 and August 10, 2017, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE                         **Ex. 1 Pg. 52**

waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Hearing**—Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to both Class Counsel and Defendants' Counsel, at the addresses set forth in ¶ 17 below, a notice of appearance such that it is received no later than sixty (60) calendar days after the Notice Date, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

17. Any Class Member who does not request exclusion from the Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than sixty (60) calendar days after the Notice Date.

**EXHIBIT A**

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Kessler Topaz Meltzer & Check, LLP Sharan Nirmul, Esq. 280 King of Prussia Road Radnor, PA 19087 | Wilson Sonsini Goodrich & Rosati, P.C. Ignacio E. Salceda, Esq. 650 Page Mill Road Palo Alto, CA 94304-1050 |
| | O'Melveny & Myers, LLP Matthew W. Close, Esq. 400 South Hope Street, 18th Floor Los Angeles, CA 90071 |

18.    Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Snap Common Stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object

to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction**—Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representatives, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties.

21. **Notice and Administration Costs**—All reasonable Notice and Administration Costs shall be paid from the Settlement Fund in accordance with the terms of the Stipulation without further order of the Court.

22. **Settlement Fund**—The contents of the Settlement Fund held by the Escrow Agent, The Huntington National Bank, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes**—Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement**—If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no

**EXHIBIT A**

further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representatives, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Term Sheet, as provided in the Stipulation.

25. **Use of This Order**—Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet or the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the SAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal, or

**EXHIBIT A**

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

26. **<u>Supporting Papers</u>**—Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than forty-six (46) calendar days after the Notice Date; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing. With respect to Class Counsel's application for an award of attorneys' fees and Litigation Expenses, it is in Class Counsel's sole discretion to submit or not to submit information pertaining to the lodestar and expenses of other Plaintiffs' Counsel in the Action.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2020.

_____
The Honorable Stephen V. Wilson
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

# EXHIBIT A-1

**THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENTS.**
*Please visit www.SnapSecuritiesLitigation.com for more information.*

The parties in the actions (i) *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR (C.D. Cal. or "Federal Court") and (ii) *Snap, Inc. Securities Cases*, No. JCCP 4960 (Cal. Super. Ct., L.A. Cty. or "State Court") (together, the "Actions") have reached proposed settlements (the "Settlements") of claims against Snap Inc. ("Snap"), certain Snap executives and directors, and the underwriters for Snap's Initial Public Offering ("IPO") (collectively, "Defendants"). If approved, the Settlements will resolve lawsuits in which plaintiffs alleged that certain Defendants made materially false and misleading statements and omissions about Snap's business. Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may have **purchased or otherwise acquired Snap Class A common stock ("Snap Common Stock") between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby**. Please review the detailed Notices described below for additional information about the Settlements.

Pursuant to the Settlements, Snap will pay or cause to be paid $154,687,500 in cash in the Federal Court action ("Federal Settlement") and $32,812,500 in cash in the State Court action ("State Settlement"). These amounts, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the settlement of the Actions and the release of all claims asserted in the Actions and related claims. **For additional information and related settlement procedures, please review the detailed Notices for both the Federal and State Settlements available at www.SnapSecuritiesLitigation.com.** If you are a Class Member, your *pro rata* share of the settlement proceeds will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Snap Common Stock. If all Class Members elect to participate in the Settlements, the estimated average recovery per eligible share of Snap Common Stock will be approximately $0.55 from the Federal Settlement and $0.51 from the State Settlement before deduction of Court-approved fees and expenses. Your share of the settlement proceeds will be determined by the Plans of Allocation set forth in the Notices, or other plans ordered by the Courts.

**To qualify for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the website, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2020.** If you do not want to be legally bound by any releases, judgments, or orders in the respective Action(s), **you must exclude yourself** from the Federal and/or State Class(es) **by _____, 2020**. If you exclude yourself, you may be able to sue Defendants about the claims being resolved in the respective Action(s), but you cannot get money from the Settlement(s). If you want to object to any aspect of the Settlements, you must file and serve an objection **by _____, 2020**. The detailed Notices provide instructions on how to submit a Claim Form, exclude yourself from the Class(es), or object, and you must comply with all of the instructions in the Notices.

The Federal Court will hold a hearing on _____, 2020 at __:__ _.m. and the State Court will hold a separate hearing on _____, 2020 at __:__ _.m. to consider, among other things, whether to approve the respective Settlements. In advance of the hearings, the lawyers representing the Classes will move for awards of attorneys' fees and expenses (equating to a cost of approximately $0.15 per eligible share from the Federal Settlement and $0.18 per eligible share from the State Settlement). You may attend the hearings and ask to be heard by the Courts, but you do not have to. The Settlements will not be effective until both the Federal and State Settlements receive final approval from their respective Courts, and both become final. **For more information, call 1-855-958-0630, email info@SnapSecuritiesLitigation.com, or visit www.SnapSecuritiesLitigation.com.**

Ex. 1 Pg. 59

Snap Securities Litigation
Claims Administrator
P.O. Box 98111
Seattle, WA 98111

***COURT-ORDERED LEGAL NOTICE***
*In re Snap Inc. Securities Litigation*
No. 2:17-cv-03679-SVW-AGR (C.D. Cal.)

*Snap, Inc. Securities Cases*
No. JCCP 4960 (Cal. Super. Ct, L.A. Cty.)

**Your legal rights may be affected by these securities class actions. You may be eligible for a cash payment from the settlements. Please read this notice carefully.**

**For more information, please visit www.SnapSecuritiesLitigation.com; email info@SnapSecuritiesLitigation.com; or call 1-855-958-0630**

# EXHIBIT A-2

<div align="right">**EXHIBIT A-2**</div>

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR <br><br> **CLASS ACTION** |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT OF FEDERAL CASE; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action," "Federal Action," or "Federal Case") pending in the United States District Court for the Central District of California ("Court") if, between March 2, 2017 and August 10, 2017, inclusive ("Class Period"), you purchased or otherwise acquired Snap Inc. ("Snap") Class A common stock ("Snap Common Stock"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Class Representatives, Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, Alan L. Dukes, Donald R. Allen, and Shawn B. Dandridge (collectively, "Class Representatives" or "Federal Plaintiffs"), on behalf of themselves and the Court-certified Class (as defined in ¶ 30 below), have reached a proposed settlement of the Action with

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 20, 2020 ("Stipulation"), which is available at www.SnapSecuritiesLitigation.com.

<div align="right">**Ex. 1 Pg. 62**</div>

Defendants for a payment of $154,687,500 in cash that, if approved, will resolve all claims in the Action ("Settlement" or "Federal Settlement").[2] The terms and provisions of the Settlement are contained in the Stipulation.

**Please Note**: The actions coordinated before the Superior Court of Los Angeles County as *Snap, Inc. Securities Cases*, No. JCCP 4960 ("State Cases" or "State Action") are being settled concurrently with this Action for a payment of $32,812,500 in cash ("State Settlement"). Members of the Class may also be eligible to receive proceeds from the State Settlement. *See* ¶¶ 49, 60 below. Information regarding the State Settlement can be found at www.SnapSecuritiesLitigation.com. **The Federal Settlement described in this Notice will not become effective until the State Settlement also has received final approval from the State Court, and both settlements have become Final.**

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Class Counsel (*see* ¶ 79 below).**

**Additional information about the Settlement is available on the website www.SnapSecuritiesLitigation.com.**

1.    **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by Snap investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions about Snap's business. A more detailed description of the Action is set forth in ¶¶ 11-29

---

[2]    Defendants are: (i) Snap, Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young (collectively, the "Snap Defendants"); and (ii) Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC (collectively, the "Underwriter Defendants" and, together with the Snap Defendants, "Defendants").

2

below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 30 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Class Representatives, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a payment of $154,687,500 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon ("Settlement Fund" or "Federal Settlement Fund") less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Class Representatives' damages consultant's estimate of the number of shares of Snap Common Stock purchased or otherwise acquired during the Class Period that may have been affected by the conduct alleged in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share of Snap Common Stock is approximately $0.55. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Snap Common Stock; (ii) whether they purchased shares of Snap Common Stock in Snap's Initial Public Offering ("IPO") on or about March 2, 2017 (which would make them potentially eligible to receive additional proceeds from the State Settlement), or on the open market; (iii) whether they sold their shares of Snap Common Stock and, if so, when; (iv) the total number and value of valid Claims submitted to participate in the Settlement; (v) the amount of Notice and Administration Costs; and (vi) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Snap Common Stock that would be recoverable if Class Representatives were to prevail in the Action. Among other

things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought**: Class Counsel has not received any payment of attorneys' fees for its representation of the Class in the Action, and has advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if it was successful in recovering money for the Class, it would receive fees and be reimbursed for its expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel, Kessler Topaz Meltzer & Check, LLP, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Class Counsel will apply for Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $3.25 million, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $275,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Snap Common Stock, if the Court approves Class Counsel's fee and expense application, is approximately $0.15 per share. **Please note that this amount is only an estimate**.

6. **Identification of Attorneys' Representatives**: Class Representatives and the Class are represented by Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator at: *Snap Securities Litigation*, c/o JND Legal Administration, P.O. Box 91314, Seattle, WA 98111; 1-855-958-0630; info@SnapSecuritiesLitigation.com; or by visiting the website www.SnapSecuritiesLitigation.com.

7. **Reasons for the Settlement**: Class Representatives' principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays and costs inherent in further litigation. Here, had the Settlement not been reached, the Parties were on a path to proceed to a jury trial on March 24, 2020. The benefit of the Settlement must be considered against the risks that the trial could have been postponed, pre-trial motion practice could have reduced or eliminated possible recovery by the Class, or a smaller recovery – or no recovery at

all – could be achieved after trial, or after the likely and lengthy appeals that would have followed a trial, including individual reliance challenges that necessarily would have followed any trial victory by the Class. Defendants deny all allegations of wrongdoing or liability whatsoever, and have agreed to enter into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 41 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 42 below), so it is in your interest to submit a Claim Form. **If you submit a Claim, your Claim will be processed in accordance with the plans of allocation for _both_ the Federal Settlement and the State Settlement.** *See* **¶ 60 below.** |

5

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | Get no payment. If you exclude yourself from the Class, you will not be eligible to receive any payment from the Federal Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the only way for Class Members to remove themselves from the Class. **If you are considering excluding yourself from the Class, please note that there is a risk that Defendants will claim or a Court may determine that certain claims asserted against Defendants are no longer timely and are time-barred.** <br><br> <u>Please Note</u>: Excluding yourself from the Class in the Federal Action does not automatically exclude you from the class in the State Action. If you would like to exclude yourself from the State Class, you must do so in accordance with the instructions set forth in the notice for the State Settlement available at www.SnapSecuritiesLitigation.com. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. In order to object, you must be a member of the Class and you may not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2020 AT __:__ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2020, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |

6

| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____, 2020 at __:__ _.m. – is subject to change without further notice to the Class. It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the website <u>www.SnapSecuritiesLitigation.com</u> or with Class Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
|---|

What Is The Purpose Of This Notice?                                   Page __
What Is This Action About?                                            Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?                 Page __
What Are Class Representatives' Reasons For The Settlement?           Page __
What Might Happen If There Were No Settlement?                        Page __
How Are Class Members Affected By The Action
    And The Settlement?                           Page __
How Do I Participate In The Settlement?  What Do I Need To Do?        Page __
How Much Will My Payment Be?                                          Page __
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid?                 Page __
What If I Do Not Want To Be A Member Of The Class?
    How Do I Exclude Myself?                      Page __
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak
    At The Hearing If I Don't Like The Settlement?   Page __
What If I Bought Shares Of Snap Common Stock On
    Someone Else's Behalf?                        Page __

7

Can I See The Court File?  Whom Should I Contact If I Have Questions?                                                      Page __

Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants                                             Appendix A

| **WHAT IS THE PURPOSE OF THIS NOTICE?** |
| --- |

8.      The Court has directed the issuance of this Notice to inform potential Class Members about the proposed Settlement and their options in connection therewith before the Court rules on the proposed Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Class Representatives and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform potential Class Members of the existence of this case, that it is a class action, how you (if you are a Class Member) might be affected, and how to exclude yourself from the Class if you wish to do so. This Notice also informs potential Class Members of the terms of the proposed Settlement, and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing"). *See* ¶ 70 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

| **WHAT IS THIS ACTION ABOUT?** |
| --- |

11.      This is a securities class action against Defendants for alleged violations of the federal securities laws during the Class Period. Class Representatives alleged that Defendants made certain materially false and

8

misleading statements, or omitted to disclose certain information they were required to disclose regarding: (i) Snap's characterizations and explanations for the slowing growth in daily active users ("DAUs") it experienced in the months leading up to Snap's IPO, and (ii) Snap's characterizations about the quality of its DAUs, particularly as to whether Snap used "growth hacking" techniques to boost its DAU growth. Defendants deny the allegations of wrongdoing asserted in the Action, and deny any liability whatsoever to any member of the Class. Specifically, Defendants deny each and all of the claims alleged by Class Representatives, including any liability arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Defendants also deny the claim that the Class suffered damages, or was otherwise harmed by the conduct alleged in the Action. Additionally, Defendants maintain that they have meritorious defenses to all claims alleged. Defendants have asserted, and continue to assert, that Snap's IPO Registration Statement, subsequent filings with the U.S. Securities and Exchange Commission during the Class Period, and Defendants' statements to investors, potential investors, and market participants contained no material misstatements or omissions. Defendants have asserted, and continue to assert, that at all times they acted in good faith and in a manner that was diligent and reasonably believed to be in accordance with all applicable rules, regulations, and laws.

12.     The Action commenced on May 16, 2017, with the filing of a putative securities class action complaint in the Court against Snap and certain of Snap's officers and directors, asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) ("Exchange Act"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77(o) ("Securities Act").

13.     Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued setting forth the deadline by which putative Class Members could move the Court to be appointed to act as lead plaintiffs. By Order dated September 18, 2017, the Court appointed a lead plaintiff ("Initial Lead Plaintiff") and appointed Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as lead counsel and Rosman & Germain LLP as liaison counsel. On November 1, 2017, the Initial Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Amended Complaint"). The Amended Complaint added additional defendants, including certain Snap directors ("Director Defendants") and the principal underwriters of Snap's IPO (i.e., the Underwriter Defendants).

9

14.     Defendants moved to dismiss the Amended Complaint on December 1, 2017, and the parties fully briefed Defendants' motions. By Order dated June 7, 2018, the Court denied the motions to dismiss in full ("June 2018 MTD Ruling"). On June 18, 2018, all defendants except for the Underwriter Defendants moved to certify for interlocutory appeal, under 28 U.S.C. § 1292(b), the June 2018 MTD Ruling ("Motion for Interlocutory Appeal"). On June 21, 2018, the Underwriter Defendants answered the Amended Complaint, and on June 28, 2018, the Underwriter Defendants filed a notice of joinder in the Motion for Interlocutory Appeal. On June 29, 2018, the Snap Defendants answered the Amended Complaint.

15.     The parties fully briefed the Motion for Interlocutory Appeal. On August 8, 2018, the Court denied the Motion for Interlocutory Appeal.

16.     During this same time, discovery in the Action commenced. From June 2018 through December 2019, the Parties engaged in extensive fact and expert discovery, including: (i) the production of 1,972,314 pages of documents by Defendants and third parties and 5,786 pages of documents by Class Representatives; (ii) 32 fact and expert depositions; (iii) the exchange of opening and rebuttal reports for a total of five merits experts; and (iv) litigation of approximately five discovery-related motions. The Parties also served and responded to interrogatories, requests for admission, exchanged numerous letters, and held numerous conferences concerning discovery issues.

17.     On August 30, 2018, the Initial Lead Plaintiff, by and through Kessler Topaz, filed a motion for class certification, including appointment as class representative. This motion was fully briefed.

18.     On September 12 and 18, 2018, the parties filed stipulations to voluntarily dismiss without prejudice from the Action the Director Defendants and the Underwriter Defendants.

19.     On September 28, 2018, the Initial Lead Plaintiff informed the Court that he intended to withdraw as lead plaintiff and sought to substitute other individuals as lead plaintiffs. Defendants opposed the substitution and the motion to certify the Class, and instead asked the Court to reopen the lead plaintiff appointment process.

20.     By Order entered on January 10, 2019, the Court denied without prejudice the motion to certify the Class and reopened the lead plaintiff appointment process. Following the submission of multiple motions for lead plaintiff appointment

**Ex. 1 Pg. 71**

and related briefing, the Court, on April 1, 2019, appointed Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, and Alan L. Dukes as lead plaintiffs ("Lead Plaintiffs"), and reappointed Kessler Topaz as lead counsel.

21.    Pursuant to a joint stipulation, Lead Plaintiffs and additional named plaintiffs Donald R. Allen and Shawn B. Dandridge (together, the current Federal Plaintiffs) filed the Second Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("SAC") on May 29, 2019. The SAC reflected, among other things, the addition of Federal Plaintiffs and the voluntary dismissal without prejudice of the Director Defendants and the Underwriter Defendants named in the Amended Complaint. The SAC, like the Amended Complaint, asserted claims arising under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l(a)(2), and 77o), Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Also like the Amended Complaint, the SAC named Snap, Evan Spiegel, Robert Murphy, Andrew Vollero, and Imran Khan as defendants (the "SAC Defendants"). The SAC Defendants did not move to dismiss the SAC and the Parties deemed the prior Answer to the Amended Complaint the answer to the SAC.

22.    On June 7, 2019, Federal Plaintiffs filed a renewed motion for class certification ("Class Certification Motion"). On June 24, 2019 and July 8, 2019, two motions for leave to intervene to oppose, in part, the Class Certification Motion were filed by plaintiffs in the State Action ("State Plaintiffs"). These motions were fully briefed. On July 12, 2019, the SAC Defendants filed their opposition to the Class Certification Motion, and on July 26, 2019, Lead Plaintiffs filed a reply in further support of their motion. On October 10, 2019, the Court requested from both Lead Plaintiffs and the SAC Defendants, as well as the State Plaintiffs, additional briefing narrowly focused on class certification. On October 21, 2019, Federal Plaintiffs, State Plaintiffs, and the SAC Defendants filed their respective responses.

23.    On September 18, 2019, the State Plaintiffs and the Snap Defendants participated in a formal mediation before former United States District Court Judge Layn R. Phillips ("Judge Phillips"). That mediation was unsuccessful. Thereafter, while Federal Plaintiffs' Class Certification Motion was pending, the Federal Plaintiffs, the State Plaintiffs, and the Snap Defendants participated in a formal mediation before Judge Phillips. That mediation was also unsuccessful.

24.     On November 20, 2019, the Court granted the Class Certification Motion ("Class Certification Order"). The Class Certification Order certified the Class consisting of all persons and entities who purchased or otherwise acquired Snap Common Stock between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby. Thereafter, the Federal Plaintiffs filed an unopposed motion to approve the form and manner of notice to the Class ("Class Notice Motion"). The Court granted the Class Notice Motion on December 23, 2019.[3]

25.     On December 3, 2019, the SAC Defendants filed a petition with the Ninth Circuit Court of Appeals for permission to appeal certain portions of the Class Certification Order related to the Securities Act claims at issue. The petition did not seek permission to appeal any of the Class Certification Order's findings as to the Exchange Act claims.

26.     On December 19, 2019, the SAC Defendants filed motions for summary judgment, asserting that there was no triable issue of material fact and that the SAC Defendants were entitled to judgment as a matter of law.

27.     While the SAC Defendants' Ninth Circuit Petition and summary judgment motions were pending, and with a trial in the Action scheduled to commence on March 24, 2020, the Federal Plaintiffs, the State Plaintiffs, and the Snap Defendants participated in another formal mediation with Judge Phillips on January 15, 2020. Following a full-day mediation session and subsequent discussions, the Parties, on January 17, 2020, accepted a mediator's recommendation to resolve the Action, along with the State Action, for a total of $187.5 million in cash. This amount was allocated between the Federal Action and the State Action through negotiations with the mediator. The Parties memorialized their agreement in principle to settle both this Action and the State Action in a term sheet executed on January 24, 2020.

28.     On March 20, 2020, the Parties entered into the Stipulation, which sets forth the specific terms and conditions of the Settlement. The Stipulation can be viewed at www.SnapSecuritiesLitigation.com.

---

[3]     Pursuant to the Court's Order, Class Notice was to begin no later than January 17, 2020; however due to the Parties' agreement in principle to resolve the Action, the Court vacated all deadlines, including with respect to Class Notice, to allow the Parties to prepare final settlement documentation.

29.     On _____ __, 2020, the Court preliminarily approved the Settlement, authorized notice to be provided to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

<div style="border:1px solid black">

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE CLASS?**

</div>

30.     If you are a member of the Class you are subject to the Settlement, unless you timely request to be excluded from the Class. The Class certified by the Court on November 20, 2019 consists of:

> **All persons and entities who purchased or otherwise acquired Snap Common Stock between March 2, 2017 and August 10, 2017, inclusive, and were damaged.[4]**

Excluded from the Class are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.[5] Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page __ below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2020. YOU CAN OBTAIN A**

---

[4]     Included within the Class are all persons and entities who purchased shares of Snap Common Stock pursuant or traceable to Snap's IPO on or about March 2, 2017 and/or on the open market.

[5]     Controlling interest shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

CLAIM FORM AT **WWW.SNAPSECURITIESLITIGATION.COM** OR BY CALLING 1-855-958-0630.

**PLEASE NOTE:**  BY SUBMITTING A CLAIM FORM, YOU WILL BE POTENTIALLY ELIGIBLE TO RECEIVE A PAYMENT FROM BOTH THIS SETTLEMENT AND THE STATE SETTLEMENT. By submitting a Claim Form, your claim will be processed in accordance with the plans of allocation for both settlements. The proposed Plan of Allocation for this Settlement is set forth in Appendix A hereto. You can review the proposed plan of allocation for the State Settlement at www.SnapSecuitiesLitigation.com.

| WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT? |
|---|

31.    The Settlement is the result of hard-fought litigation and extensive, arm's-length negotiations by the Parties and was reached just two months before a trial of the Action was set to commence. Class Representatives believe that the claims asserted against Defendants have merit; however, they recognized the substantial risks they faced in successfully trying these claims against the SAC Defendants and obtaining a favorable verdict for the Class at trial and through the likely appeals that would follow.

32.    In particular, Class Representatives recognized that Defendants had significant defenses to their claims. Throughout the Action, Defendants asserted that the statements at issue were not false at the time they were made. Moreover, Defendants argued that they did, in fact, disclose the material information that Class Representatives alleged Defendants concealed from the market. Regarding scienter, Defendants contended that they did not act with the required knowledge or reckless disregard, that they acted diligently and in good faith at all times, and that Class Representatives would be unable to establish that Defendants did not legitimately believe the truth of their statements. Class Representatives also faced challenges with respect to establishing that the decline in the price of Snap Common Stock was attributable to the alleged false statements sustained by the Court, and thus the actual damages a jury might award. Specifically, and among other arguments, Defendants argued that the price declines in Snap Common Stock on the alleged corrective disclosure dates were unrelated to the purported misrepresentations or omissions alleged by Class Representatives, as well as that the "truth" regarding Defendants' alleged misrepresentations or omissions was revealed prior to the end of the Class Period. In addition, in their petition to the Ninth Circuit for interlocutory review of

the Court's Class Certification Order, the SAC Defendants argued, among other things, that the Federal Plaintiffs' Section 11 claims were time-barred and that the Federal Plaintiffs' Section 11 damages methodology was invalid. Had the jury accepted any of these arguments or viewed the facts in favor of the SAC Defendants in whole or in part, or if the Ninth Circuit in subsequent proceedings accepted these arguments or theories, Class Representatives' ability to obtain a recovery for the Class could have been reduced or eliminated. Further, even if completely or partly successful at trial, Class Representatives would still have to prevail on the appeals that would likely follow. Thus, there were significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery.

33.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representatives and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $154,687,500 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after trial, and appeals, possibly years in the future.

34.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

35.    If there were no Settlement and Class Representatives failed to establish any essential legal or factual element of their claims against the SAC Defendants at trial, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if the SAC Defendants were successful in proving any of their defenses at trial, or succeeded on appeal, the Class could recover substantially less than the amount provided by the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

36.     As a Class Member, you are represented by Class Representatives and Class Counsel, unless you exercise your right to enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

37.     If you are a Class Member and do not wish to remain a Class Member, you must exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," on page __ below.

38.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Class Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

39.     If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 41 below) against the Released Defendants' Parties (as defined in ¶ 42 below), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

40.     "Plaintiffs' Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether arising under federal,

16

state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Class Representatives or any other Class Member: (i) asserted in the State Cases and/or the Federal Case or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the State Cases and/or the Federal Case; and (b) relate in any way to the purchase or other acquisition of Snap Common Stock during the Class Period.

41. "Released Plaintiffs' Claims" means Plaintiffs' Claims (as defined in ¶ 40 above), whether they are known claims or Unknown Claims (as defined below). Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Federal Settlement or the State Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

42. "Released Defendants' Parties" means (i) each Defendant and all underwriters of Snap's IPO (including those not among the Underwriter Defendants[6]); (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family; and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

---

[6]    Those additional underwriters are BTIG, LLC, C.L. King & Associates, Inc., Citigroup Global Markets Inc., Connaught (UK) Limited, Cowen and Company, LLC, Evercore Group, LLC, Jefferies LLC, JMP Securities LLC, LionTree Advisors LLC, Luma Securities LLC, Mischler Financial Group, Inc., Oppenheimer & Co. Inc., RBC Capital Markets, LLC, Samuel A. Ramirez & Co., Inc., Stifel Financial Corp., SunTrust Robinson Humphrey, Inc., The Williams Capital Group, L.P., UBS Securities LLC, and William Blair & Company, LLC.

43.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 45 below) against the Released Plaintiffs' Parties (as defined in ¶ 46 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

44.     "Defendants' Claims" means all claims and causes of action of every nature and description, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the Plaintiffs' Claims against Defendants.

45.     "Released Defendants' Claims" means Defendants' Claims (as defined in ¶ 44 above), whether they are known claims or Unknown Claims (as defined below). Released Defendants' Claims shall not include any claims relating to the enforcement of the Federal Settlement or the State Settlement.

46.     "Released Plaintiffs' Parties" means (i) Federal Plaintiffs, State Plaintiffs, and the members of the Federal and State Classes, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

47.     "Unknown Claims" means any and all Plaintiffs' Claims of every nature and description against the Released Defendants' Parties that any Class Representative or Class Member does not know or suspect to exist in his, her, or its favor at the time of their release of Plaintiffs' Claims, and any and all Defendants' Claims of every nature and description against the Released Plaintiffs' Parties that

18

any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release of the Defendants' Claims, and including, without limitation, those that, if known by such Class Representative, Class Member or Defendant, might have affected his, her, or its decision(s) with respect to the Settlement or the releases, including his, her, or its decision(s) to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives, and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment, or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Class Representatives, any other Class Member, and Defendants, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Plaintiffs' Claims or Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives, any other Class Member, and Defendants shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Plaintiffs' Claims or Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

19

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

48.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.SnapSecuritiesLitigation.com, no later than _____, 2020*. You can obtain a copy of the Claim Form on the website for the Settlement, www.SnapSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-958-0630, or by emailing the Claims Administrator at info@SnapSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Snap Common Stock, as they may be needed to document your Claim.** If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

49.     **Please Note: There is one Claim Form for both this Settlement and the State Settlement. Accordingly, if you submit a Claim Form, your claim will be processed in connection with both settlements. Please do not submit two Claim Forms.**

## HOW MUCH WILL MY PAYMENT BE?

50.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

51.     Pursuant to the Settlement, Snap shall pay or cause to be paid $154,687,500 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount, plus any interest earned thereon, is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

52.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. **In addition, this Settlement**

**will not become effective until the State Settlement also has received final
approval from the State Court, and the State Settlement has also become Final.**

53.     Neither Defendants nor any other person or entity that paid any portion
of the Settlement Amount on their behalf are entitled to get back any portion of the
Settlement Fund once the Court's order or judgment approving the Settlement
becomes Final and the Effective Date has occurred. Defendants and the other
Released Defendants' Parties shall not have any liability, obligation, or
responsibility for the administration of the Settlement, the disbursement of the Net
Settlement Fund, or the Plan of Allocation.

54.     Unless the Court otherwise orders, any Class Member who fails to
submit a Claim Form postmarked (if mailed), or online, on or before
_____, 2020 shall be fully and forever barred from receiving payments
pursuant to the Settlement, but will in all other respects remain a Class Member and
be subject to the provisions of the Stipulation, including the terms of any Judgment
entered and the Releases given. This means that each Class Member releases the
Released Plaintiffs' Claims (as defined in ¶ 41 above) against the Released
Defendants' Parties (as defined in ¶ 42 above) and will be enjoined and prohibited
from prosecuting any of the Released Plaintiffs' Claims against any of the Released
Defendants' Parties whether or not such Class Member submits a Claim Form.

55.     Participants in and beneficiaries of any employee retirement and/or
benefit plan ("Employee Plan") should NOT include any information relating to
shares of Snap Common Stock purchased/acquired through an Employee Plan in any
Claim Form they submit in this Action. They should include ONLY those eligible
shares of Snap Common Stock purchased/acquired during the Class Period outside
of an Employee Plan. Claims based on any Employee Plan(s)'
purchases/acquisitions of eligible Snap Common Stock during the Class Period may
be made by the Employee Plan(s)' trustees.

56.     The Court has reserved jurisdiction to allow, disallow, or adjust on
equitable grounds the Claim of any Class Member.

57.     Each Claimant shall be deemed to have submitted to the jurisdiction of
the Court with respect to his, her, or its Claim Form.

58.     Only Class Members or persons authorized to submit a Claim on their
behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons
and entities who are excluded from the Class by definition or who exclude

themselves from the Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Claim Form.

59.   **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representatives. At the Settlement Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

60.   As noted above, if you submit a Claim Form, your claim will be processed in connection with both this Settlement and the State Settlement. If, in addition to meeting the requirements for payment pursuant to the Plan of Allocation set forth in Appendix A hereto (or other Court-approved plan of allocation), you also meet the requirements for payment pursuant to the State Settlement, you will be eligible to receive proceeds from both settlements.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

61.   Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees and Litigation Expenses. Class Counsel's motion for attorneys' fees will not exceed 25% of the Settlement Fund and its motion for Litigation Expenses will not exceed $3.25 million in expenses incurred in connection with the prosecution and resolution of this Action, plus interest. Class Counsel's motion for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $275,000, will be filed by _____, 2020, and the Court will consider Class Counsel's motion at the Settlement Hearing. A copy of Class Counsel's motion for fees and Litigation Expenses will be available for review at www.SnapSecuritiesLitigation.com once it is filed. Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Class Representatives, will be paid from the Settlement Fund prior to allocation and payment to Authorized Claimants. ***Class Members are not personally liable for any such attorneys' fees or expenses***.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

62.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Snap Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91314, Seattle, WA 98111. The request for exclusion must be **received no later than _____ __, 2020.** You will not be able to exclude yourself from the Class after that date.

63.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Federal Class in *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR"; (iii) state the number of shares of Snap Common Stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (i.e., the period of time between March 2, 2017 and August 10, 2017, inclusive), as well as the dates, number of shares of Snap Common Stock, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

64.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 63 and is received within the time stated above, or is otherwise accepted by the Court.

65.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff Claim against any of the Released Defendants' Parties. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting certain of the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

66.     If you ask to be excluded from the Class, you will not be eligible to receive any payment from the Net Settlement Fund.

23

67. Snap has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Class Representatives and Defendants.

68. **Excluding yourself from the Class in this Action does not automatically exclude you from the class in the State Action. If you would like to exclude yourself from the State Class, you must do so in accordance with the instructions set forth in the notice for the State Settlement available at www.SnapSecuritiesLitigation.com.**

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

69. **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. It is also within the Court's discretion whether to hold the hearing in person or telephonically. If you plan on attending the hearing, please check the website, www.SnapSecuritiesLitigation.com, or contact Class Counsel to confirm that the date and/or time of the hearing has not changed.

70. The Settlement Hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Stephen V. Wilson at the First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

71. Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Central

District of California at the address set forth below, as well as serve copies on Class Counsel and Defendants' Counsel at the addresses set forth below **on or before _____, 2020**.

| Clerk's Office | Class Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court Central District of California First Street Courthouse 350 W. 1st Street Los Angeles, CA 90012 | Sharan Nirmul, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | **Counsel for Snap Defendants** Ignacio E. Salceda, Esq. Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304 **Counsel for Underwriter Defendants** Matthew W. Close, Esq. O'Melveny & Myers, LLP 400 South Hope Street 18th Floor Los Angeles, CA 90071 |

72.    Any objection, filings, and other submissions by the objecting Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) include documents sufficient to prove membership in the Class, *including* the number of shares of Snap Common Stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

73.    **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

74.    You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

75.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 71 above so that it is *received* **on or before** _____, **2020**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

76.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 71 above so that the notice is *received* **on or before** _____, **2020**.

77.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF SNAP COMMON STOCK ON SOMEONE ELSE'S BEHALF?

78.    If you purchased or otherwise acquired Snap Common Stock between March 2, 2017 and August 10, 2017, inclusive, for the beneficial interest of a person

or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator at: *Snap Securities Litigation*, c/o JND Legal Administration, P.O. Box 91314, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Copies of this Notice and the Claim Form may be obtained from the website, www.SnapSecuritiesLitigation.com, or from Class Counsel's website, www.ktmc.com, by calling the Claims Administrator toll free at 1-855-958-0630, or by emailing the Claims Administrator at info@SnapSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

79.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.SnapSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website, www.SnapSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Snap Securities Litigation*

**Ex. 1 Pg. 88**

c/o JND Legal Administration
P.O. Box 91314
Seattle, WA 98111
1-855-958-0630

info@SnapSecuritiesLitigation.com
www.SnapSecuritiesLitigation.com

and/or

Sharan Nirmul, Esq.
Kessler Topaz Meltzer
& Check, LLP
280 King of Prussia Road
Radnor, PA  19087
1-610-667-7706
info@ktmc.com
www.ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S
OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL
REGARDING THIS NOTICE.**

Dated: _____, 2020                     By Order of the Court
                                              United States District Court
                                              Central District of California

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Class Representatives after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.SnapSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who purportedly suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Second Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws filed in the Action on May 29, 2019. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. These calculations have not in any way been agreed to or conceded by Defendants.

In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Snap Common Stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Class Representatives' damages expert considered price changes in Snap Common Stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market or industry forces. The estimated artificial inflation in Snap Common Stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, Snap Common Stock must have been purchased or otherwise acquired during the Class Period (i.e., between March 2, 2017 through August 10, 2017, inclusive) and *held through at least one of the alleged corrective disclosures* that removed alleged artificial inflation related to that information. Class Representatives' damages expert has identified five dates on which alleged corrective disclosures removed alleged artificial inflation from the price of Snap Common Stock: May 11, 2017; June 7, 2017; June 8, 2017; July 11, 2017; and August 11, 2017.

**PLEASE NOTE:** All purchases of Snap Common Stock during the Class Period are potentially eligible for compensation based on claims asserted under Section 10(b) of the Exchange Act. In addition, purchases of Snap Common Stock pursuant to Snap's IPO on or about March 2, 2017 are potentially eligible for *additional* compensation because additional claims were asserted on behalf of the purchasers of those shares against certain Defendants under Sections 11 and 15 of the Securities Act. **Accordingly, for Claimants who purchased Snap Common Stock pursuant to Snap's IPO, a potential loss will be calculated for such shares both: (i) pursuant to the Plan of Allocation set forth below based on claims asserted under the Exchange Act; <u>as well as</u> (ii) pursuant to the plan of allocation being proposed for the State Settlement ("State Settlement Plan of Allocation") based on a statutory measure of damages for claims asserted under the Securities Act. The State Settlement Plan of Allocation is contained in the notice for the State Settlement available on the website <u>www.SnapSecuritiesLitigation.com</u>. If a Claimant has a loss pursuant to the State Settlement Plan of Allocation, the Claimant will be eligible for compensation from the State Settlement in additional to compensation from this Settlement (i.e., the Federal Settlement).**

## CALCULATION OF SECTION 10(b) RECOGNIZED LOSS AMOUNTS

1. For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Snap Common Stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶6 below.

2. A "Recognized Loss Amount" will be calculated as set forth below for each share of Snap Common Stock purchased or otherwise acquired from March 2, 2017 through August 10, 2017, inclusive, that is listed in the Claim Form and for

which adequate documentation is provided. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.     For each share of Snap Common Stock purchased or otherwise acquired from March 2, 2017 through August 10, 2017, inclusive, and sold after the opening of trading on May 11, 2017 through the close of trading or November 8, 2017,[7] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the per-share sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of an Out of Pocket Loss results in a negative number, that number shall be set to zero.

4.     A Claimant's Recognized Loss Amount per share of Snap Common Stock purchased or otherwise acquired during the Class Period will be calculated as follows:

A.     For each share of Snap Common Stock purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on May 11, 2017, the Recognized Loss Amount is $0.

B.     For each share of Snap Common Stock purchased or otherwise acquired during the Class Period and subsequently sold after the opening of trading on May 11, 2017 and prior to the close of trading on August 10, 2017, the Recognized Loss Amount shall be ***the lesser of***:

---

[7]     November 8, 2017 represents the last day of the 90-day period subsequent to the end of the Class Period, i.e., subsequent to August 10, 2017 (the "90-Day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Snap Common Stock and the average price of Snap Common Stock during the 90-Day Look-Back Period if the share was held through November 8, 2017, the end of this period. Losses on Snap Common Stock purchased/acquired during the period from March 2, 2017 through August 10, 2017 and sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for the Snap Common Stock and the average price of Snap Common Stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale (the "90-Day Look-Back Value"), as set forth in **Table 2** below.

31

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

(ii) the Out of Pocket Loss.

C. For each share of Snap Common Stock purchased or otherwise acquired during the Class Period and subsequently sold after the close of trading on August 10, 2017 and prior to the close of trading on November 8, 2017 (i.e., the last day of the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

(ii) the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

(iii) the Out of Pocket Loss.

D. For each share of Snap Common Stock purchased or otherwise acquired during the Class Period and still held as of the close of trading on November 8, 2017 (i.e., the last day of the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

(i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii) the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* $14.64 (i.e., the average closing price of Snap Common Stock during the 90-Day Look-Back Period from August 11, 2017 through November 8, 2017, inclusive, as shown on the last line in **Table 2** below).

## ADDITIONAL PROVISIONS

5.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶10 below) is $10.00 or greater.

6.    **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of Snap Common Stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

7.    **Purchase/Sale Dates:** Purchases/acquisitions and sales of Snap Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Snap Common Stock during the Class Period, shall not be deemed a purchase, acquisition or sale of these shares of Snap Common Stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Snap Common Stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Snap Common Stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Snap Common Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Snap Common Stock. The date of a "short sale" is deemed to be the date of sale of Snap Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Snap Common Stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9.    **Common Stock Purchased/Sold Through the Exercise of Options:** Snap Common Stock (i.e., Snap Class A common stock) is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Snap Common Stock are not securities eligible to participate in the Settlement. With

33

respect to Snap Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Snap Common Stock shall be the exercise date of the option and the purchase/sale price shall be the closing price of Snap Common Stock on the date of the exercise of the option. Any Recognized Loss Amount arising from purchases of Snap Common Stock acquired during the Class Period through the exercise of an option on Snap Common Stock[8] shall be computed as provided for other purchases of Snap Common Stock in the Plan of Allocation.

10.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: **(1)** the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims of all Authorized Claimants (calculated pursuant to this Plan of Allocation), multiplied by the total amount in the Net Settlement Fund, ***plus*** **(2)** if applicable, the Authorized Claimant's loss calculated pursuant to the State Settlement Plan of Allocation divided by the total losses of all Authorized Claimants calculated pursuant to the State Settlement Plan of Allocation, multiplied by the total amount in the net settlement fund for the State Settlement. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

11.     **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the

---

[8]     This includes (1) purchases of Snap Common Stock as the result of the exercise of a call option, and (2) purchases of Snap Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

12.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiffs' Parties or Released Defendants' Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

| TABLE 1 Estimated Alleged Artificial Inflation in Snap Common Stock | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| 3/2/2017 | 5/10/2017 | $10.08 |
| 5/11/2017 | 6/6/2017 | $5.18 |
| 6/7/2017 | 6/7/2017 | $4.33 |
| 6/8/2017 | 7/10/2017 | $3.56 |
| 7/11/2017 | 8/10/2017 | $2.01 |
| 8/11/2017 | Thereafter | $0.00 |

| TABLE 2 Snap Common Stock 90-Day Look-Back Value by Sale/Disposition Date | |
|---|---|
| **Sale Date** | **90-Day Look-Back Value** |
| 8/11/2017 | $11.83 |
| 8/14/2017 | $12.22 |
| 8/15/2017 | $12.39 |
| 8/16/2017 | $12.57 |
| 8/17/2017 | $12.73 |
| 8/18/2017 | $12.94 |
| 8/21/2017 | $13.03 |
| 8/22/2017 | $13.22 |
| 8/23/2017 | $13.43 |
| 8/24/2017 | $13.54 |
| 8/25/2017 | $13.65 |
| 8/28/2017 | $13.78 |
| 8/29/2017 | $13.87 |
| 8/30/2017 | $13.95 |
| 8/31/2017 | $13.99 |
| 9/1/2017 | $14.01 |
| 9/5/2017 | $14.03 |
| 9/6/2017 | $14.06 |
| 9/7/2017 | $14.12 |
| 9/8/2017 | $14.18 |
| 9/11/2017 | $14.23 |
| 9/12/2017 | $14.27 |
| 9/13/2017 | $14.30 |
| 9/14/2017 | $14.33 |
| 9/15/2017 | $14.37 |

36

| | |
|---|---|
| 9/18/2017 | $14.39 |
| 9/19/2017 | $14.40 |
| 9/20/2017 | $14.39 |
| 9/21/2017 | $14.37 |
| 9/22/2017 | $14.35 |
| 9/25/2017 | $14.31 |
| 9/26/2017 | $14.30 |
| 9/27/2017 | $14.29 |
| 9/28/2017 | $14.30 |
| 9/29/2017 | $14.30 |
| 10/2/2017 | $14.32 |
| 10/3/2017 | $14.33 |
| 10/4/2017 | $14.33 |
| 10/5/2017 | $14.34 |
| 10/6/2017 | $14.35 |
| 10/9/2017 | $14.36 |
| 10/10/2017 | $14.36 |
| 10/11/2017 | $14.40 |
| 10/12/2017 | $14.44 |
| 10/13/2017 | $14.49 |
| 10/16/2017 | $14.52 |
| 10/17/2017 | $14.56 |
| 10/18/2017 | $14.58 |
| 10/19/2017 | $14.60 |
| 10/20/2017 | $14.62 |
| 10/23/2017 | $14.62 |
| 10/24/2017 | $14.62 |
| 10/25/2017 | $14.61 |

| 10/26/2017 | $14.61 |
|------------|--------|
| 10/27/2017 | $14.62 |
| 10/30/2017 | $14.64 |
| 10/31/2017 | $14.66 |
| 11/1/2017 | $14.65 |
| 11/2/2017 | $14.65 |
| 11/3/2017 | $14.66 |
| 11/6/2017 | $14.66 |
| 11/7/2017 | $14.67 |
| 11/8/2017 | $14.64 |

# EXHIBIT A-3

### *In re Snap Inc. Securities Litigation*
### Case No. 2:17-cv-03679-SVW-AGR (C.D. Cal.)

### *Snap, Inc. Securities Cases*
### No. JCCP 4960 (Cal. Super. Ct., Los Angeles Cty.)

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTIONS AND PROPOSED SETTLEMENT OF FEDERAL CASE AND STATE CASES; (II) MOTIONS FOR AWARDS OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT HEARINGS

**TO:** **(i) All persons and entities who purchased or otherwise acquired Snap Inc. Class A common stock ("Snap Common Stock") between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby (the "Federal Class"); and (ii) All persons who purchased or otherwise acquired Snap Common Stock between March 2, 2017 and July 29, 2017, inclusive, and were damaged thereby (the "State Class" and together with the Federal Class, the "Classes").[1]** Certain persons and entities are excluded from the Classes as set forth in detail in the settlement agreements for the Federal and State Actions and the Notices described below.

### PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY PENDING CLASS ACTION LAWSUITS.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and an Order of the United States District Court for the Central District of California, that a lawsuit captioned *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR (C.D. Cal.) ("Federal Action") has been certified as a class action.

**YOU ARE FURTHER NOTIFIED**, pursuant to California Rules of Court 3.766 and 3.771, and an Order of the Superior Court of the State of California, Los Angeles County, that a related lawsuit captioned *Snap, Inc. Securities Cases*, No. JCCP 4960 (Cal. Super Ct., L.A. Cty.) ("State Action") has been proposed for class certification (for settlement purposes only).

---

[1] Included within the Classes are all persons and entities who purchased shares of Snap Common Stock pursuant or traceable to Snap's Initial Public Offering on or about March 2, 2017 and/or on the open market.

**Ex. 1 Pg. 101**

The parties to the Federal Action and the State Action (together, the "Actions") have reached proposed settlements ("Settlements") in the amount of $154,687,500 in cash in the Federal Action (the "Federal Settlement") and $32,812,500 in cash in the State Action (the "State Settlement"). If approved, the Settlements will resolve all claims in the Actions. Hearings will be held in the Federal Action on _____, 2020 at __:__ _.m., before the Honorable Stephen V. Wilson at the United States District Court, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California (the "Federal Court"), and in the State Action on _____, 2020 at __:__ _.m., before the Honorable Elihu M. Berle at the Superior Court of the State of California, Spring Street Courthouse, Department 6, 312 North Spring Street, Los Angeles, California (the "State Court") to determine whether: (i) the Federal and State Settlements, respectively, should be approved as fair, reasonable, and adequate; (ii) the Federal and State Actions, respectively, should be dismissed with prejudice against Defendants, and the releases specified and described in the settlement agreements (and in the Notices described below) should be entered; (iii) the proposed Plans of Allocation for the Federal and State Settlements, respectively, should be approved as fair and reasonable; and (iv) counsel's applications for awards of attorneys' fees and expenses should be approved. The State Court will also be asked to determine whether the State Class should be certified for purposes of effectuating the State Settlement.

**The Settlements will not become effective until both the Federal and State Settlements receive final approval from their respective Courts, and both have become final. If approved, the Settlements will resolve all claims in the Federal and State Actions.**

**If you are a member of one or both Classes, your rights will be affected by the pending Federal and State Actions and the Settlements, and you may be entitled to share in the settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice of (I) Pendency of Class Action and Proposed Settlement of Federal Case; (II) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearing ("Federal Notice") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("State Notice" and, together with the Federal Notice, the "Notices"). You may obtain copies of both Notices, along with the Claim Form, on the website for the Settlements, www.SnapSecuritiesLitigation.com. You may also obtain copies of the detailed Notices and Claim Form by contacting the Claims Administrator at *Snap Securities Litigation*, c/o JND Legal Administration, P.O. Box 91314, Seattle, WA 98111; 1-855-958-0630; info@SnapSecuritiesLitigation.com.

2

If you are a member of one or both Classes, in order to be eligible to receive a payment under the proposed Settlements, you must submit a Claim Form ***postmarked (if mailed), or online at www.SnapSecuritiesLitigation.com, no later than _____, 2020***, in accordance with the instructions set forth in the Claim Form. If you are a member of one or both Classes and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlements but you will nevertheless be bound by any releases, judgments, or orders entered by the Courts for the Federal Action and/or the State Action, respectively.

If you are a member of the Federal Class, the State Class, or both Classes and wish to exclude yourself from one or both Classes, you must submit a request for exclusion such that it is ***received no later than _____, 2020***, in accordance with the instructions set forth in the detailed Notices. If you properly exclude yourself from one or both Classes, you will not be bound by any releases, judgments, or orders entered by the Courts for the Federal Action and/or the State Action, respectively, and you will not be eligible to share in the net proceeds of the Settlements. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlements. Please note, however, if you decide to exclude yourself, you may be time-barred from asserting certain of the claims covered by the Federal and/or State Actions by a statute of repose.

Any objections to the proposed Federal and State Settlements, the proposed Plans of Allocation (as contained in the Notices), and/or counsels' motions for attorneys' fees and expenses, must be filed with the respective Court and delivered to the respective counsel such that they are ***received no later than _____, 2020***, in accordance with the instructions set forth in the detailed Notices.

**PLEASE DO NOT CONTACT THE FEDERAL OR STATE COURTS, THE CLERKS' OFFICES, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Federal and State Settlements, or your eligibility to participate in the Settlements should be directed to the counsel set forth below or the Claims Administrator.

Requests for the detailed Notices and Claim Form should be made to the Claims Administrator:

**Ex. 1 Pg. 103**

*Snap Securities Litigation*
c/o JND Legal Administration
P.O. Box 91314
Seattle, WA 98111
1-855-958-0630

info@SnapSecuritiesLitigation.com
www.SnapSecuritiesLitigation.com

Inquiries, other than requests for the detailed Notices and Claim Form, may be made to counsel as follows:

| **Inquiries for the Federal Settlement should be directed to:** | **Inquiries for the State Settlement should be directed to:** |
| --- | --- |
| Sharan Nirmul, Esq. | James I. Jaconette, Esq. |
| Kessler Topaz Meltzer & Check, LLP | Robbins Geller Rudman & Dowd LLP |
| 280 King of Prussia Road | 655 West Broadway, Suite 1900 |
| Radnor, PA 19087 | San Diego, CA 92101 |
| 1-610-667-7706 | 1-619-231-1058 |
| info@ktmc.com | jamesj@rgrdlaw.com |

DATED: _____ __, 2020     BY ORDER OF THE COURT
United States District Court
Central District of California

DATED: _____ __, 2020     BY ORDER OF THE COURT
Superior Court of the State of California
Los Angeles County

4

**Ex. 1 Pg. 104**

# EXHIBIT A-4







**Ex. 1 Pg. 107**

LEGAL NOTICE

**All persons who purchased or acquired Snap Inc.
Class A Common Stock may be affected by a class
action settlement. Learn More >>>**

JND

# EXHIBIT A-5

*Snap Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91314**
**Seattle, WA 98111**

**Toll-Free Number:  1-855-958-0630**
**Email:  info@SnapSecuritiesLitigation.com**
**Website:  www.SnapSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

In order to be potentially eligible to receive a share of the net settlement proceeds in connection with (i) the proposed settlement of the action entitled *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR (C.D. Cal.) (the "Federal Settlement"); and (ii) the proposed settlement of the actions entitled *Snap, Inc. Securities Cases*, No. JCCP 4960 (Cal. Super. Ct., Los Angeles Cty.) (the "State Settlement" and, together with the Federal Settlement, the "Settlements"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.SnapSecuritiesLitigation.com, **postmarked (or received) no later than _____, 2020**. **Please submit only ONE Claim Form. Your Claim Form will be processed in connection with both Settlements.**

Failure to submit your Claim Form by the date specified above will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlements.

**Do not mail or deliver your Claim Form to the Court, the Parties to the actions, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.SnapSecuritiesLitigation.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT INFORMATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN SNAP INC. CLASS A COMMON STOCK ("SNAP COMMON STOCK")** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

**Ex. 1 Pg. 110**

## PART I – GENERAL INSTRUCTIONS

It is important that you completely read and understand both: (i) the Notice of (I) Pendency of Class Action and Proposed Settlement of Federal Case; (II) Motion for Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearing (the "Federal Settlement Notice"); and (ii) the Notice of Pendency and Proposed Settlement of Class Action (the "State Settlement Notice" and, together with the Federal Settlement Notice, the "Notices"), including the proposed plans of allocation set forth in each (*i.e.*, the "Federal Settlement Plan of Allocation" and the "State Settlement Plan of Allocation," respectively). Both Notices are available for review and download on the website www.SnapSecuritiesLitigation.com. Each Notice describes the respective proposed settlement, how class members are affected by the settlement, and the manner in which the net settlement proceeds for the respective settlement will be distributed if the settlement and proposed plan of allocation receive final court approval. **The Notices also advise recipients that the Settlements will not become effective until both the Federal and State Settlements receive final approval from their respective courts, and both have become final.** By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notices, including the terms of the releases described therein and provided for herein.

1.      This Claim Form is directed to **all persons and entities who purchased or otherwise acquired Snap Common Stock between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby** (the "Federal Class"). The class for the State Settlement consists of all persons and entities who purchased or otherwise acquired Snap Common Stock between March 2, 2017 and July 29, 2017, inclusive, and were damaged thereby (the "State Class" and, together with the Federal Class, the "Classes"). Included within the Classes are all persons and entities who purchased shares of Snap Common Stock pursuant to Snap's Initial Public Offering ("IPO") on or about March 2, 2017, and/or on the open market. Certain persons and entities are excluded from the Classes by definition as forth in ¶ 30 of the Federal Settlement Notice and ¶ __ of the State Settlement Notice.

2.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlements described in the Notices. IF YOU ARE <u>NOT</u> A MEMBER OF THE CLASSES, OR IF YOU SUBMITTED REQUESTS FOR EXCLUSION FROM THE CLASSES, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN EITHER SETTLEMENT.** THUS, IF YOU EXCLUDED YOUSELF FROM THE CLASSES, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.  **Please Note: If you are a member of both Classes, and request exclusion <u>only</u> from the Federal Class, you are only eligible to receive payment from the State Settlement and your Claim Form will only be processed in accordance with the State Settlement Plan of Allocation. Likewise, if you are a**

Page 2

member of both Classes, and request exclusion *only* from the State Class, you are only eligible to receive payment from the Federal Settlement and your Claim Form will only be processed in accordance with the Federal Settlement Plan of Allocation.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlements. The distribution of the net settlement proceeds will be governed by the Plans of Allocation for the Settlements as set forth in the Notices, if they are approved by the Courts, or by such other plans of allocation as the Courts approve.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Snap Common Stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Snap Common Stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

5.      **Please note**: Only Snap Common Stock purchased or otherwise acquired between March 2, 2017 and August 10, 2017, inclusive, is potentially eligible under the Settlements. However, with respect to the Federal Settlement Plan of Allocation, pursuant to the "90-Day Look-Back Period" (described in the Federal Settlement Plan of Allocation set forth in the Federal Settlement Notice), your sales of Snap Common Stock during the period from August 11, 2017 through and including the close of trading on November 8, 2017 will be used for purposes of calculating loss amounts for the Federal Settlement. Therefore, in order for the Claims Administrator to be able to balance your Claim, the requested purchase information during the 90-Day Look-Back Period must also be provided. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Snap Common Stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Snap Common Stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.     All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Snap Common Stock during the relevant time period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Snap Common Stock during the relevant time period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.     **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of the Snap Common Stock (or other person or entity on whose behalf they are acting with respect to); and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     If the Courts approve the Settlements, payments to eligible Authorized Claimants pursuant to the Plans of Allocation (or such other plans of allocation as the Courts may approve) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

11.     **PLEASE NOTE**: As set forth in the Plans of Allocation, each Authorized Claimant

shall receive his, her, or its *pro rata* share of the net settlement proceeds. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: (1) the Authorized Claimant's Recognized Claim (calculated pursuant to the Federal Settlement Plan of Allocation) divided by the total Recognized Claims of all Authorized Claimants (calculated pursuant to the Federal Settlement Plan of Allocation), multiplied by the total amount in the net settlement fund for the Federal Settlement, ***plus*** (2) the Authorized Claimant's loss, if any, calculated pursuant to the State Settlement Plan of Allocation divided by the total losses of all Authorized Claimants calculated pursuant to the State Settlement Plan of Allocation, multiplied by the total amount in the net settlement fund for the State Settlement. If the prorated Distribution Amount to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or copies of the Notices, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@SnapSecuritiesLitigation.com, or by toll-free phone at 1-855-958-0630, or you can visit the website maintained by the Claims Administrator, www.SnapSecuritiesLitigation.com, where copies of the Claim Form and Notices are available for downloading.

13.    **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website www.SnapSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@SnapSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@SnapSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT PLEASE NOTE:

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-958-0630.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                              Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Page 6

**Ex. 1 Pg. 115**

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box)
- ☐  Individual (includes joint owner accounts)
- ☐  Pension Plan
- ☐  Trust
- ☐  Corporation
- ☐  Estate
- ☐  IRA/401K
- ☐  Other _____ (please specify)

---

[1]      If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN SNAP COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Snap Class A common stock (i.e., Snap Common Stock) between March 2, 2017 and August 10, 2017, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 6, above. Do not include information regarding securities other than Snap Common Stock.

| **1. PURCHASES/ACQUISITIONS FROM MARCH 2, 2017 THROUGH AUGUST 10, 2017, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Snap Common Stock from after the opening of trading on March 2, 2017 through and including the close of trading on August 10, 2017.  (Must be documented.) | | | | | |
|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, taxes, and commissions) | Check the box if these shares were purchased pursuant or traceable to Snap's IPO on or about March 2, 2017 (Must include documentation) | Confirm Proof of Purchases/ Acquisitions Enclosed |
| /    / | | $ | $ | ○ | ○ |
| /    / | | $ | $ | ○ | ○ |
| /    / | | $ | $ | ○ | ○ |
| /    / | | $ | $ | ○ | ○ |
| /    / | | $ | $ | ○ | ○ |
| **2. PURCHASES/ACQUISITIONS FROM AUGUST 11, 2017 THROUGH NOVEMBER 8, 2017, INCLUSIVE** – State the total number of shares of Snap Common Stock purchased/ acquired (including free receipts) from after the opening of trading on August 11, 2017 through and including the close of trading on November 8, 2017.  (Must be documented.)  If none, write "zero" or "0."[2] _____ | | | | | |

---

[2]    **Please note**:  Information requested with respect to your purchases/acquisitions of Snap

| 3.  SALES FROM MARCH 2, 2017 THROUGH NOVEMBER 8, 2017, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of Snap Common Stock from after the opening of trading on March 2, 2017 through and including the close of trading on November 8, 2017. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding fees, taxes, and commissions) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 5.  HOLDINGS AS OF NOVEMBER 8, 2017 – State the total number of shares of Snap Common Stock held as of the close of trading on November 8, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

☐

---

Common Stock from after the opening of trading on August 11, 2017 through and including the close of trading on November 8, 2017 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating losses for the Federal Settlement.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASES AND CERTIFICATION BELOW AND
SIGN ON PAGE __ OF THIS CLAIM FORM.**

**SETTLEMENT RELEASE:** I (we) hereby acknowledge that, pursuant to the terms more fully set forth in the Stipulation and Agreement of Settlement dated March 20, 2020 in the Federal Case ("Federal Stipulation") and the Stipulation and Agreement of Settlement dated March __, 2020 in the State Cases ("State Stipulation"), without further action by anyone, upon the Effective Dates of the Federal and State Settlements, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgments shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties (to the extent I have not validly excluded myself from one or both Settlements).

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notices, the Federal and State Stipulations, and this Claim Form, including the releases provided for in the Federal and State Settlements and the terms of their respective Plans of Allocation;

2.      that the claimant(s) is a (are) member(s) of the Federal Class and/or the State Class, as defined in the respective Notices, and is (are) not excluded by definition from one or both of the Classes as set forth in the Notices;

3.      that the claimant(s) has (have) **not** submitted a request for exclusion from both Classes;

4.      that I (we) own(ed) the Snap Common Stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Snap Common Stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

Page 10

6.     that the claimant(s) submit(s) to the jurisdiction of the Courts with respect to claimant's (claimants') Claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as counsel, the Claims Administrator, or the Court(s) may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court(s) of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the actions; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                           Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                      Date

_____

Print joint claimant name here

Page 11

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                       Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 9 on page ___ of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-855-958-0630.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@SnapSecuritiesLitigation.com, or by toll-free phone at 1-855-958-0630 or you may visit www.SnapSecuritiesLitigation.com. DO NOT call the Courts, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE VIA THE WEBSITE WWW.SNAPSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2020.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Snap Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91314**
**Seattle, WA 98111**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2020, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

**Ex. 1 Pg. 122**

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

| 12  IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR |

IN RE SNAP INC. SECURITIES LITIGATION

Case No. 2:17-cv-03679-SVW-AGR

**CLASS ACTION**

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

This Document Relates To: All Actions.

Courtroom:    10A, 10th Floor
Judge:           Hon. Stephen V. Wilson

**EXHIBIT B**

WHEREAS, a securities class action is pending in this Court entitled *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR (the "Action");

WHEREAS, by Order dated November 20, 2019, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired Snap Inc. ("Snap") Class A common stock ("Snap Common Stock") between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby (the "Class");[1]

WHEREAS, Court-appointed Class Representatives Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, Alan L. Dukes, Donald R. Allen, and Shawn B. Dandridge (collectively, the "Class Representatives" or "Federal Plaintiffs"), on behalf of themselves and the other members of the Court-certified Class, and defendants Snap, Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young (the "Snap Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC (the "Underwriter Defendants" and, collectively with the Snap Defendants, the "Defendants" and, together with the Class Representatives, the "Parties") have entered into the Stipulation and Agreement of Settlement dated March 20, 2020 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

---

[1]   Included within the Class are all persons and entities who purchased shares of Snap Common Stock pursuant or traceable to Snap's Initial Public Offering ("IPO") on or about March 2, 2017 and/or on the open market. Excluded from the Class are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. [Also excluded from the Class are any persons and entities listed on Exhibit 1 hereto who or which are excluded from the Class pursuant to request.]

WHEREAS, by Order dated _____ __, 2020 (the "Preliminary Approval Order"), this Court:  (a) found, pursuant to Rule 23(e)(1)(B)(i), that it would be likely to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) directed that notice of the proposed Settlement be provided to Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2020 ("Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Jurisdiction**—The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents**—This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on March 20, 2020; and (b) the Postcard Notice, the Notice, the Summary Notice, and the Notice Ads, all of which were filed with the Court on _____ __, 2020.

3.      **Notice**—The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, the transmission of the Notice Ads via appropriate social media platforms jointly selected by the Parties, and the publication of the

Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, (v) their right to exclude themselves from the Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

4. **CAFA**—The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5. [**Objections**—The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

6. **Final Settlement Approval and Dismissal of Claims**—Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's

length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Class Representatives and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect**—The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representatives, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.    **Releases**—The Releases set forth in ¶¶ 3 through 6 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendants' Parties, and shall forever

1   be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs'

2   Claims against any of the Released Defendants' Parties.

3       (b)     Without further action by anyone, and subject to ¶ 10 below, upon the

4   Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective

5   heirs, executors, administrators, predecessors, successors, and assigns in their capacities as

6   such, shall be deemed to have, and by operation of law and of the Judgment shall have,

7   fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

8   and discharged each and every Released Defendants' Claim against the Released Plaintiffs'

9   Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of

10  the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

11      10.     Notwithstanding ¶¶ 9(a)–(b) above, nothing in this Judgment shall bar any

12  action by any of the Parties to enforce or effectuate the terms of the Stipulation or this

13  Judgment.

14      11.     **Bar Order**—Upon the Effective Date of the Settlement, the Court hereby

15  permanently bars, extinguishes, and discharges to the fullest extent permitted by law any

16  and all claims for contribution or indemnification (or any other claim or claim-over,

17  however denominated on whatsoever theory, for which the injury claimed is that person's

18  or entity's alleged liability to Class Representatives or any Class Member) among and

19  against the Released Defendants' Parties arising out of the Action and the claims that were

20  asserted or could have been asserted therein, *provided however*, that nothing in this Bar

21  Order shall release or alter the contractual rights, if any, under the terms of any written

22  agreement among the Snap Defendants and the underwriters of Snap's IPO. Further, this

23  Bar Order shall not preclude the underwriters of Snap's IPO from seeking to enforce any

24  right of indemnification or contribution with respect to the payment of the Settlement

25  Amount or defense costs.

26      12.     **Judgment Reduction**—Any final verdict or judgment obtained by or on

27  behalf of the Class or a Class Member against any person or entity subject to the Bar Order

28  (set forth in ¶ 11 above) based upon, arising out of, relating to, or in connection with in any

way in part or in whole any Released Plaintiffs' Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

13.  **Rule 11 Findings**—The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.  **No Admissions**—Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)   shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)   shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that

damages recoverable under the SAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

       (c)   shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

     15.   **Retention of Jurisdiction**—Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund, including determining any disputes as to any awards of attorneys' fees and Litigation Expenses; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

     16.   Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

     17.   **Modification of the Agreement of Settlement**—Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and

**EXHIBIT B**

(b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representatives and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18.   **Termination of Settlement**—If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representatives, the other Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Term Sheet, as provided in the Stipulation.

19.   **Entry of Final Judgment**—There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2020.


_____
The Honorable Stephen V. Wilson
United States District Judge

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

**Ex. 1 Pg. 133**

# EXHIBIT 1

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT