JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| IN RE SNAP INC. SECURITIES LITIGATION<br><br>This Document Relates To: All Actions. | Case No. 2:17-cv-03679-SVW-AGR<br><br>**CLASS ACTION**<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**<br><br>Courtroom:    10A, 10th Floor<br><br>Judge:         Hon. Stephen V. Wilson |
|---|---|

WHEREAS, a securities class action is pending in this Court entitled *In re Snap Inc. Securities Litigation*, Case No. 2:17-cv-03679-SVW-AGR (the "Action");

WHEREAS, by Order dated November 20, 2019, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired Snap Inc. ("Snap") Class A common stock ("Snap Common Stock") between March 2, 2017 and August 10, 2017, inclusive, and were damaged thereby (the "Class");[1]

WHEREAS, Court-appointed Class Representatives Smilka Melgoza, as trustee of the Smilka Melgoza Trust U/A DTD 04/08/2014, Rediet Tilahun, Tony Ray Nelson, Rickey E. Butler, Alan L. Dukes, Donald R. Allen, and Shawn B. Dandridge (collectively, the "Class Representatives" or "Federal Plaintiffs"), on behalf of themselves and the other members of the Court-certified Class, and defendants Snap, Evan Spiegel, Robert Murphy, Andrew Vollero, Imran Khan, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, and Christopher Young (the "Snap Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, and Allen & Company LLC (the "Underwriter Defendants" and, collectively with the Snap Defendants, the "Defendants" and, together with the Class Representatives, the "Parties") have entered into the Stipulation and Agreement of Settlement dated March 20, 2020 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

---

[1] Included within the Class are all persons and entities who purchased shares of Snap Common Stock pursuant or traceable to Snap's Initial Public Offering ("IPO") on or about March 2, 2017 and/or on the open market. Excluded from the Class are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons listed on Exhibit 1 hereto who are excluded from the Class pursuant to request.

WHEREAS, by Order dated April 27, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B)(i), that it would be likely to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) directed that notice of the proposed Settlement be provided to Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court has considered, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction**—The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents**—This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 20, 2020; and (b) the Postcard Notice, the Notice, the Summary Notice, and the Notice Ads, all of which were filed with the Court on January 11, 2020.

3. **Notice**—The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, the transmission of the Notice Ads via appropriate social media platforms jointly selected by the Parties, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted

notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, (v) their right to exclude themselves from the Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

4. **CAFA**—The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5. **Objections**—The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

6. **Final Settlement Approval and Dismissal of Claims**—Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing

the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Class Representatives and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect**—The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representatives, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases**—The Releases set forth in ¶¶ 3 through 6 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

(b) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Released Plaintiffs' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

10. Notwithstanding ¶¶ 9(a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Bar Order**—Upon the Effective Date of the Settlement, the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Class Representatives or any Class Member) among and against the Released Defendants' Parties arising out of the Action and the claims that were asserted or could have been asserted therein, *provided however*, that nothing in this Bar Order shall release or alter the contractual rights, if any, under the terms of any written agreement among the Snap Defendants and the underwriters of Snap's IPO. Further, this Bar Order shall not preclude the underwriters of Snap's IPO from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.

12. **Judgment Reduction**—Any final verdict or judgment obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order (set forth in ¶ 11 above) based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Plaintiffs' Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for

common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

13. **Rule 11 Findings**—The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions**—Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the SAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way

referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement**—Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representatives and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

17. **Termination of Settlement**—If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representatives, the other Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Term Sheet, as provided in the Stipulation.

18. **Entry of Final Judgment**—There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ___9th___ day of _____March_____, 2021.

_____
The Honorable Stephen V. Wilson
United States District Judge

# EXHIBIT 1

## List of Persons Excluded from the Class Pursuant to Request

1. Josh Mancell
   Ham Lake, MN

2. Chee Pang
   Auckland, New Zealand

3. Anibal Marrero
   Coral Gables, FL

4. Jonathan Sato
   Campbell, CA

5. Mohammad Abdulhadi

6. Charles Moser

7. Chia-Lin Cheng
   Santa Clara, CA

8. Thomas C. Jasinski
   Novelty, OH

9. Neil Clements