# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| IN RE SNAP INC. SECURITIES LITIGATION<br><br>This Document Relates To: All Actions. | Case No. 2:17-cv-03679-SVW-AGR<br><br>**CLASS ACTION**<br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Courtroom: 10A, 10th Floor<br>Judge: Hon. Stephen V. Wilson |
|---|---|

This matter is before the Court on Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it; and it appearing that notice substantially in the form approved by the Court, which advised of Class Counsel's request for an award of attorneys' fees and Litigation Expenses, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 20, 2020 (ECF No. 368-3) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1, 78u-4), as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund and $2,290,350.53 in reimbursement of Plaintiffs' Counsel's Litigation

Expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and Litigation Expenses from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $154,687,500 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought is based on retainer agreements entered into between Class Representatives and Class Counsel at the outset of Class Representatives' involvement in the Action; and the requested fee has been reviewed and approved as reasonable by Class Representatives, who actively supervised the prosecution and resolution of the Action;

(c) More than 824,000 copies of the Postcard Notice and more than 4,600 copies of the Notice were mailed to potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, and reimbursement of Litigation Expenses in an amount not to exceed $3.25 million, plus interest, which amount may include a request for reimbursement to Class Representatives in an aggregate amount not to exceed $275,000;

(d) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing from the SAC Defendants after trial;

  (g) Plaintiffs' Counsel devoted over 50,000 hours, with a collective lodestar value of $22,438,458.15, to achieve the Settlement;

  (h) The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

  (i) Not a single Class Member has objected to the requested award of attorneys' fees or Litigation Expenses.

6. Court-appointed Class Representatives are hereby awarded the following amounts from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Class: (i) $36,750.00 to Smilka Melgoza, on behalf of the Smilka Melgoza Trust U/A DTD 04/08/2014; (ii) $22,800.00 to Rediet Tilahun; (iii) $5,000.00 to Tony Ray Nelson; $22,765.00 to Rickey E. Butler; $7,500.00 to Alan L. Dukes; $2,500.00 to Donald R. Allen; and $2,500.00 to Shawn B. Dandridge.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and Litigation Expenses application shall in no way disturb or affect the finality of the Judgment.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ___9th___ day of ___March___, 2021.

*[signature: Stephen V. Wilson]*

The Honorable Stephen V. Wilson
United States District Judge